## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARIANN DUDECK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge: |
| -vs- | ) | |
| | ) | |
| **MARRIOTT INTERNATIONAL, INC.,** | ) | |
| individually and, **MARRIOTT** | ) | |
| **INTERNATIONAL, INC.,** d/b/a | ) | |
| **CHICAGO MARRIOTT O'HARE,** | ) | Magistrate: |
| **CHICAGO MARRIOTT O'HARE,** | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

FILED: March 21, 2008
08cv1697        JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

### NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. §1441, et seq.,* Defendant, Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, by and through one of its attorneys, PAUL GAMBOA of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County Law Division, Case No. 07 L 008836, to the United States District Court, Northern District of Illinois, Eastern Division, and states the following:

1.    On or about August 22, 2007, Plaintiff initiated the above captioned lawsuit by the filing of a Complaint entitled *Mariann Dudeck v. Marriott International, Inc., Individually and Marriott International, Inc., doing business as Chicago Marriott O'Hare; Chicago Marriott O'Hare, individually.,* Docket No. 07 L 008836.  A copy of the initial Complaint is attached hereto, labeled "Exhibit A," and incorporated herein by reference.

2.     On or about August 22, 2007, a Summons was caused to be issued to the Defendant, which Summons was eventually served upon each Defendant. A copy of the Summons is attached hereto, labeled "Exhibit B." and incorporated herein by reference.

3.     Marriott International, Inc. filed its Appearance in the Circuit Court of Cook County on October 1, 2007. A copy of said Appearance and Jury Demand is attached hereto, labeled "Exhibit C," and incorporated herein by reference.

4.     On October 1, 2007, Defendant in the Law Division action served a Request to Admit Facts upon the Plaintiff to try to establish the diversity of the parties and the amount in controversy, since Defendant had no information pertaining to the nature or extent of the Plaintiff's injury. A copy of Defendant's Request to Admit Facts is attached hereto, labeled "Exhibit D," and incorporated herein by reference.

5.     On October 7, 2007, Defendant filed a Demand for Bill of Particulars in Lieu of its Answer. A copy of said Answer is attached hereto, labeled "Exhibit E," and incorporated herein by reference.

6.     On November 1, 2007, Plaintiff filed her responses to Defendant's Request to Admit Facts, admitting that at all relevant times she was a citizen of Illinois and has never been a citizen of the States of Delaware or Maryland. A copy of the Plaintiff's Responses to Defendant's Request to Admit Facts is attached hereto, labeled "Exhibit F," and incorporated herein by reference. The Plaintiff objected to the Request to Admit aimed at establishing the amount in controversy, refusing to provide a response. *See* Exhibit F, no. 4.

7.     On November 9, 2007, Plaintiff moved to deny the Defendant's Demand for Bill of Particulars. A copy of said motion is attached hereto, labeled "Exhibit G," and incorporated herein by reference.

8. On said date, Judge Diane Larsen entered an order granting the aforementioned motion in part, and denying it in part, insofar as the Plaintiff was to specify the location of the Plaintiff's injury within 28 days. A copy of said order is attached hereto, labeled "Exhibit H," and incorporated herein by reference.

9. On December 3, 2007, Defendant moved the court to strike the Defendant's objection to the request to admit aimed at establishing the amount in controversy and to deem said fact admitted, or, in the alternative, to strike Plaintiff's objection and to compel Plaintiff to answer said request. A copy of Defendant's Motion to Strike and Deem Facts Admitted is attached hereto, labeled "Exhibit I," and incorporated herein by reference.

10. On said date, Judge Diane Larsen entered an order setting a briefing schedule with respect to aforementioned motion. A copy of said order is attached hereto, labeled "Exhibit J," and incorporated herein by reference.

11. On December 4, 2007, the Plaintiff filed its Response to the Plaintiff's Demand for Bill of Particulars in accordance with Judge Larsen's November 9, 2007 order. A copy of Plaintiff's Response to Defendant's Demand for Bill of Particulars is attached hereto, labeled "Exhibit K," and incorporated herein by reference.

12. On December 21, 2007, Plaintiff filed a Request to Admit Facts, which in part sought an admission that Plaintiff's claim met or exceeded the jurisdictional minimum of $75,000.00. A copy of Plaintiff's Request to Admit Facts is attached hereto, labeled "Exhibit L," and incorporated herein by reference.

13. On December 31, 2007, Plaintiff filed her Response to Defendant's Motion to Strike and to Deem Facts Admitted. A copy of Plaintiff's Response brief is attached hereto, labeled "Exhibit M," and incorporated herein by reference.

14.    On January 16, 2008, Defendant filed its Reply to Plaintiff's Motion to Strike and Deem Facts Admitted. A copy of Defendant's Reply brief is attached hereto, labeled "Exhibit N," and incorporated herein by reference.

15.    On January 17, 2008, Plaintiff served Defendant with her responses to interrogatories. A copy of the Plaintiff's Responses to Defendant's Interrogatories is attached hereto, labeled "Exhibit O," and incorporated herein by reference. The Plaintiff made a bald objection to the interrogatory aimed at establishing the amount in controversy, refusing to provide a response. *See* Exhibit O, no. 23.

16.    On January 25, 2008, Defendant presented a Routine Motion for an Extension of Time within which to respond to Plaintiff's Request to Admit Facts, as it had not received said requests via first class mail, and had only learned of said document during a conversation with Plaintiff's counsel on January 15, 2008. A copy of Defendant's Routine Motion for an Extension of Time is attached hereto, labeled "Exhibit P," and incorporated herein by reference.

17.    On said date, Judge Diane Larsen entered an order granting the Defendant an additional 14 days to respond to the Plaintiff's Request to Admit Facts. A copy of said order is attached hereto, labeled "Exhibit Q," and incorporated herein by reference.

18.    On January 28, 2008, after hearing on Defendant's Motion to Strike the Plaintiff's objection to the request to admit facts aimed at discovering the amount in controversy, Judge Diane Larsen entered an order denying said motion and holding that the aforementioned request to admit fact was improper as drafted. A copy of said order is attached hereto, labeled "Exhibit R," and incorporated herein by reference.

19.     On February 1, 2008, Defendant filed its Answer to the Plaintiff's Complaint at Law. A copy of the Defendant's Answer to Plaintiff's Complaint at Law is attached hereto, labeled "Exhibit S," and incorporated herein by reference.

20.     On said date, the Defendant also filed a Second Request to Admit Fact, which sought an admission from the Plaintiff that she would, in no event, seek damages in excess of $75,000.00, exclusive of interests and costs. A copy of Defendant's Second Request to Admit Facts is attached hereto, labeled "Exhibit T," and incorporated herein by reference.

21.     Also on said date, Defendant filed its responses to Plaintiff's Request to Admit Facts. A copy of Defendant's Responses to Plaintiff's Request to Admit Facts is attached hereto, labeled "Exhibit U," and incorporated herein by reference. Included therein is a denial by the Defendant that the value of the Plaintiff's claim for damages meets or exceeds $75,000.00. *See* Exhibit U, no. 5.

22.     On February 29, 2008, the parties attended a case management conference before Judge Larsen, wherein it was ordered that written discovery was to be completed by April 15, 2008 and that the cause would be continued to that date for another hearing on the status of discovery. A copy of said order is attached hereto, labeled "Exhibit V," and incorporated herein by reference.

23.     On March 5, 2008, in response to Defendant's request that Plaintiff clarify her objection with respect to its interrogatory aimed at discovering the amount in controversy, Defendant received correspondence from Plaintiff indicating that she would not stipulate that the amount in controversy will in no event exceed $75,000.00, exclusive of interest or costs. A copy of said correspondence, dated February 22, 2008 is attached hereto, labeled "Exhibit W," and incorporated herein by reference.

24.    On March 6, 2008, Defendant received Plaintiff's responses to Defendant's Second Request to Admit Facts, which indicated that it was signed by the Plaintiff on February 26, 2008.  A copy of Plaintiff's Responses to Defendant's Second Request to Admit Facts is attached hereto, labeled "Exhibit X," and incorporated herein by reference.

25.    On said date, Defendant also received Plaintiff's Answer to Defendant's First Affirmative Defense.  A copy of Plaintiff's Answer to Defendant's First Affirmative Defense is attached hereto, labeled "Exhibit Y," and incorporated herein by reference.

26.    The first document upon which Defendant had any basis to determine that the amount in controversy exceeded $75,000.00, exclusive of interests and costs, was obtained by the Defendant on March 5, 2008.

27.    The United States District Court has jurisdiction over the above-described action pursuant to 28 U.S.C. §1332 and §1441 for the following reasons:

(a)    Plaintiff, Mariann Dudeck, has, at all relevant times, been a citizen of the State of Illinois;

(b)    Defendant, Marriott International, Inc. was, at the time of the commencement of the action in the Circuit Court of Cook County and at all relevant times, a corporation incorporated under and pursuant to the laws of the State of Delaware with its headquarters and principal place of business located in Maryland.  Marriott Hotel Services, Inc. is, therefore, a citizen for diversity of citizenship purposes of the States of Delaware and Maryland;

(c)    According to the allegations contained in the Complaint filed by the Plaintiff herein, the amount of damages sought in this action is in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, which is $50,000.00.  Based upon Plaintiff's correspondence and her Response to the Defendant's Second Request to Admit Facts, Defendant has developed a good faith belief that the amount in controversy exceeds $75,000.00 exclusive of interest and costs;

(d)     This Notice of Removal has been filed with the Clerk of the United States District Court for the Northern District, Eastern Division within thirty (30) days after the receipt by the Defendant of a copy of a document from which Defendant was first able to ascertain that the case is one which is removable to Federal Court;

(e)     This action is, therefore, properly removable pursuant to 28 U.S.C. §1441(a).

28.     Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook in the State of Illinois.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.,** respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.,

By:     /s/ Paul Gamboa
        Paul Gamboa, one of the Attorneys for
        Marriott International, Inc.

Paul Gamboa (ARDC #6282923)
JOHNSON & BELL, LTD.,
33 West Monroe Street
Suite #2700
Chicago, Illinois 60603
Telephone:  (312) 0770
Attorney No. 06347

08cv1697     JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

STATE OF ILLINOIS )
                  ) SS     ATTORNEY NO. 43629
COUNTY OF C O O K)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                          )
            Plaintiff,                   )
                                         )     No.
vs.                                      )
                                         )
MARRIOTT INTERNATIONAL, INC.,            )
individually and; MARRIOTT INTERNATIONAL, )     2007L008836
INC. d/b/a CHICAGO MARRIOTT O'HARE;      )     CALENDAR/ROOM B
CHICAGO MARRIOTT O'HARE, individually,   )     TIME 00:00
            Defendants.                  )     PI Other

### COMPLAINT

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who complain of the Defendants, MARRIOTT INTERNATIONAL, INC, individually; MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE; CHICAGO MARRIOTT O'HARE, individually, as follows:

1.    That on or about May 23, 2006 and for some time prior and subsequent thereto, the Defendant, MARRIOTT INTERNATIONAL, INC., individually, was a tenant pursuant to a lease, owned, operated, managed, maintained, controlled and/or possessed a building wherein a business commonly known as "Chicago Marriott O'Hare" was open to the public and a parking lot and the real estate and premises upon which that building and parking lot is located in what was commonly known as 8535 W. Higgins Road in the City of Chicago, County of Cook and State of Illinois.

2.    On the aforesaid date the Plaintiff, MARIANN DUDECK, was lawfully upon the parking lot referred to in Paragraph Number One.

3.    At the time and place aforesaid, the Plaintiff, MARIANN DUDECK, was caused bodily injury when she was walking upon the parking lot along and/or parallel to the curb when the Plaintiff's foot twisted upon buckled asphalt which was located in that area.

4.    It was the duty of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE to exercise ordinary care in the possession, ownership, management, operation, maintenance and control of the aforesaid premises for the safety of those persons lawfully thereon.

5.    That at the time and place aforesaid the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, breached its aforementioned duty in one or more of the following ways:

1



EXHIBIT

A

a) Carelessly and negligently managed, maintained, controlled and operated said premises so that as a direct and proximate result thereof Plaintiff was injured;

b) Failed to make adequate and proper inspection of said premises to determine the dangerous condition thereof;

c) Carelessly and negligently allowed buckled cement to exist in the parking lot creating a dangerous condition;

d) Allowed the continued existence of the buckled asphalt which constituted a trip hazard in the parking lot;

e) Failed to paint, accent, alert or warn the public, including the Plaintiff, of the aforesaid buckled asphalt although Defendant knew or should have known that said failure was likely to result in injury to persons walking upon the parking lot with the buckled asphalt and sustaining injury including the Plaintiff;

f) Otherwise negligently managed, maintained, operated and controlled said premises.

6.    That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, the Plaintiff, MARIANN DUDECK, was injured, both internally and externally, and suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body, and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment; and her said injuries required hospitalization, all of which said injuries are permanent; and she has been kept from attending to her ordinary affairs and duties; and she has lost large gains, and has become obligated for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, MARIANN DUDECK, prays judgment against the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), as will fairly and adequately compensate her for injuries and damages together with her costs in bringing this suit.

DANIEL E GOODMAN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E GOODMAN
1030 W. HIGGINS ROAD, SUITE #365
PARK RIDGE, IL 60068
847/ 292-6000

2

08cv1697          JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___LAW___ DIVISION

(Name all parties)

MARIANN DUDECK,

v.

MARRIOTT INTERNATIONAL, INC.

}

2007L008836
CALENDAR/ROOM B
TIME 00:00
PI Other

No. _____

PLEASE SERVE:
Marriott International, Inc., individually
and db/a Chicago Marriot O'Hare
C/O: Prentice Hall Corp.
33 N. LaSalle St.
Chicago, IL 60602

SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie 5600 Old Orchard Rd. Skokie, IL 60077 | ☐ District 3 - Rolling Meadows 2121 Euclid Rolling Meadows, IL 60008 | ☐ District 4 - Maywood 1500 Maybrook Ave. Maywood, IL 60153 |
| ☐ District 5 - Bridgeview 10220 S. 76th Ave. Bridgeview, IL 60455 | ☐ District 6 - Markham 16501 S. Kedzie Pkwy. Markham, IL 60426 | ☐ Child Support 28 North Clark St., Room 200 Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

AUG 22 2007

WITNESS, _____

Atty. No.: 43629
Name: Law Office of Daniel E Goodman
Atty. for: Plaintiff
Address: 1030 W. Higgins Rd., #365
City/State/Zip: Park Ridge, IL 60068
Telephone: (847) 292-6000

DOROTHY
CLERK OF COURT
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

_____
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK ... OF COOK COUNTY, ILLINOIS

**EXHIBIT**
B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | | |
|---|---|---|
| **MARIANN DUDECK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) | |
| individually and, **MARRIOTT** | ) | |
| **INTERNATIONAL, INC.,** d/b/a | ) | 08cv1697     JH |
| **CHICAGO MARRIOTT O'HARE,** | ) | JUDGE ST. EVE |
| **CHICAGO MARRIOTT O'HARE,** | ) | MAGISTRATE JUDGE COX |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendant, **MARRIOTT INTERNATIONAL, INC.**

       Defendant demands trial by jury.

_Robert M Burke_
Robert M. Burke, attorney for
Defendant, Marriott International, Inc.

Name: JOHNSON & BELL, LTD.
Attorney for: Defendant
Address: 33 West Monroe St., Suite 2700
City:  Chicago, Illinois 60603
Telephone: (312) 372-0770
Firm I.D.:  06347

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_Robert M Burke_
Attorney for Marriott International, Inc.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY


EXHIBIT
_C_

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| **MARIANN DUDECK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** ) | |
| individually and, **MARRIOTT** ) | `08cv1697    JH` |
| **INTERNATIONAL, INC.,** d/b/a ) | `JUDGE ST. EVE` |
| **CHICAGO MARRIOTT O'HARE,** ) | `MAGISTRATE JUDGE COX` |
| **CHICAGO MARRIOTT O'HARE,** ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

<u>**REQUEST TO ADMIT FACTS**</u>

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through its attorneys, JOHNSON & BELL, LTD., and request that Plaintiff, **MARIANN DUDECK**, admit or deny the truthfulness of the following facts within twenty-eight (28) days:

1.     On May 23, 2006, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response**:

2.     On August 22, 2007, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response**:

3.     At no time since May 23, 2006, has the Plaintiff, Mariann Dudeck, been a citizen of the States of Delaware or Maryland.

**Response**:

4.     Plaintiff, Mariann Dudeck, agrees and stipulates that any damages which may be awarded to her relative to the incident alleged in



Plaintiff's Complaint will in no event ever exceed $75,000.00, exclusive of interests and costs.

**Response**:

                                        Respectfully submitted,

                                        JOHNSON & BELL, LTD.

                                By:_____
                                        Robert M. Burke, one of the
                                        Attorneys for Marriott
                                        International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| **MARIANN DUDECK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No.: 07 L 008836 |
| ) | 08cv1697      JH |
| **MARRIOTT INTERNATIONAL, INC.,** ) | JUDGE ST. EVE |
| individually and, **MARRIOTT** ) | MAGISTRATE JUDGE COX |
| **INTERNATIONAL, INC.,** d/b/a ) | |
| **CHICAGO MARRIOTT O'HARE,** ) | |
| **CHICAGO MARRIOTT O'HARE,** ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

<u>**DEMAND FOR BILL OF PARTICULARS (IN LIEU OF ANSWER)**</u>

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and for its Demand for a Bill of Particulars, pursuant to ILCS 5/2-607, states the following:

1.     Plaintiff has filed a Complaint in the above captioned lawsuit alleging that she sustained certain personal injuries at the premises located 8535 West Higgins Road in the City of Chicago, County of Cook and the State of Illinois on May 23, 2006, and Plaintiff alleges that she was injured as a result of the negligent conduct of Defendant.

2.     While Plaintiff alleges that she was lawfully upon the parking lot at the aforesaid premises when she allegedly fell and sustained injuries, Plaintiff has failed to allege any facts whatsoever to explain her conclusory statement that she was "lawfully upon the parking lot".

3.     While Plaintiff has alleged, in conclusory fashion, that it was the Defendant's duty to exercise ordinary care in the possession, ownership,



**EXHIBIT**

E

management, operation, maintenance and control of the premises, Plaintiff has not alleged any factual basis to establish why a duty of ordinary care is owed under the circumstances.

4.    Based upon the Plaintiff's Complaint herein, Defendant submits the following request for particular information:

A.    State with particularity each and every factual basis to establish that Plaintiff, Mariann Dudeck, was "lawfully upon the parking lot" referred to in paragraph (1) of Plaintiff's Complaint.

B.    State with particularity the nature and purpose of Plaintiff's being upon the premises referenced in Plaintiff's Complaint at the time of the occurrence, i.e., whether Plaintiff was on the premises for purposes of doing business at the Chicago Downtown Marriott and whether she ever received permission or an invitation by an employee or agent of the Chicago O'Hare Marriott Hotel to be upon the premises at the time of the occurrence alleged in Plaintiff's Complaint.

**WHEREFORE,** Defendant, **MARRIOTT INTERNATIONAL, INC.,** prays that Plaintiff answer Defendant's demand for Bill of Particulars within twenty-eight (28) days.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:  _Robert M Burke_

Robert M. Burke, one of the
Attorneys for Marriott
International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347

STATE OF ILLINOIS )
                  ) SS
COUNTY OF C O O K )

ATTORNEY NO. 43629

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | | |
|---|---|---|
| MARIANN DUDECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 07 L 008836 |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | 08cv1697      JH |
| individually and; MARRIOTT INTERNATIONAL, | ) | JUDGE ST. EVE |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) | MAGISTRATE JUDGE COX |
| CHICAGO MARRIOTT O'HARE, individually. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:   ROBERT M. BURKE
      JOHNSON & BELL, LTD.
      33 W. MONROE ST., SUITE 2700
      CHICAGO, IL 60603

PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County:  **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS** dated at Park Ridge, Illinois, this ___ day of November, 2007.

THE LAW OFFICE OF DANIEL E. GOODMAN

DANIEL E. GOODMAN

### CERTIFICATE OF SERVICE

I, Eric Messersmith, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this ___ day of November, 2007.

Subscribed and Sworn to before me
this ___ day of November, 2007.

Eric Messersmith

_____
NOTARY PUBLIC

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**

**EXHIBIT**
F

STATE OF ILLINOIS )
                  ) SS                       ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,               )
                                )
           Plaintiff,       )
vs.                           )     No.    07 L 008836
                                )
MARRIOTT INTERNATIONAL, INC., )
individually and; MARRIOTT INTERNATIONAL, )
INC. d/b/a CHICAGO MARRIOTT O'HARE; )
CHICAGO MARRIOTT O'HARE, individually. )
                                )
           Defendants.    )

## <u>PLAINTIFF'S REPSONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS</u>

NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICE OF DANIEL E GOODMAN, and in response to Defendant's Request to Admit Facts, states as follows:

    1.    On May 23, 2006, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

    **Response:**    Admitted.

    2.    On August 22, 2007, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

    **Response:**    Admitted.

    3.    At no time since May 12, 2006, has the Plaintiff, Mariann Dudeck, been a citizen of the States of Delaware or Maryland.

    **Response:**    Admitted.

    4,    Plaintiff, Mariann Dudeck, agrees and stipulates that any damages which

may be awarded to her relative to the incident alleged in the complaint will in no event ever exceed $75,000, exclusive of interests and costs.

**Response:**    Objection.  Paragraph number 4 of the Defendant's request does not relate to a "fact" but rather to an opinion and the Plaintiff, therefore, cannot admit or deny this request to admit.

Respectfully submitted,

THE LAW OFFICE OF DANIEL E. GOODMAN

By: _____

Daniel E. Goodman
Attorney for Mariann Dudeck

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

STATE OF ILLINOIS      )
                                  ) SS
COUNTY OF COOK     )

## VERIFICATION

I, MARIANN DUDECK, being first duly sworn on oath, depose and state that I am the Plaintiff and that I have read the foregoing Requests to Admit, that I have full knowledge of the facts alleged in the above Responses, and that the same are true in substance and in fact.

MARIANN DUDECK

DATED: 10/31/2007

Subscribed and sworn to before me this 31 day of October 2007.

OFFICIAL SEAL
MICHAELA MENIW
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/01/08

NOTARY PUBLIC

STATE OF ILLINOIS      )
                        ) SS                      ATTORNEY NO. 43629
COUNTY OF C O O K    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,             )
                                )
           Plaintiff,        )
vs.                          )    No.   07 L 008836
                                )
MARRIOTT INTERNATIONAL, INC.,   )
individually and; MARRIOTT INTERNATIONAL,  )
INC. d/b/a CHICAGO MARRIOTT O'HARE;  )
CHICAGO MARRIOTT O'HARE, individually.  )
                                )
          Defendants.    )

08cv1697     JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

FILED 2007 NOV -1 PM 3:49

### NOTICE OF MOTION

TO:    Robert M. Burke
        Johnson & Bell, Ltd.
        33 W. Monroe St., Suite 2700
        Chicago, Illinois 60603

On _NOVEMBER 9_ , 2007, at _9:30_ a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Presiding or any judge sitting in his/her stead, in the courtroom usually occupied by him/her in Room ~~1501~~ 2203, Richard J. Daley Center, Chicago, Illinois and shall then and there present the attached MOTION TO DENY DEFENDANT'S DEMAND FOR BILL OF PARTICULARS.

**Name: THE LAW OFFICE OF DANIEL E. GOODMAN**    **Attorney for: Plaintiffs**
**Address: 1030 W. Higgins Road, Suite 365**    **City: Park Ridge, Illinois 60068**
**Telephone: (847) 292-6000**    **Atty. No: 43629**

### PROOF OF SERVICE

I, Eric Messersmith, on oath state I served or will serve this notice by mailing a copy to each person to whom it is directed at the address listed above and depositing the same, VIA MAIL on this _1_ day of **November, 2007,** with proper postage prepaid.

                                      Eric Messersmith

Subscribed and sworn to before me
this _1_ day of November, 2007.

OFFICIAL SEAL
DANIEL E GOODMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 06/22/09

NOTARY PUBLIC

**EXHIBIT**

6

STATE OF ILLINOIS )
                ) SS                   ATTORNEY NO. 43629
COUNTY OF C O O K)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,              )
                                )
            Plaintiff,         )
vs.                             )     No.    07 L 008836
                                  )
MARRIOTT INTERNATIONAL, INC.,   )
individually and; MARRIOTT INTERNATIONAL, )
INC. d/b/a CHICAGO MARRIOTT O'HARE;   )
CHICAGO MARRIOTT O'HARE, individually.  )
                                  )
            Defendants.      )

### PLAINTIFF'S MOTION TO DENY DEFENDANT'S
### DEMAND FOR BILL OF PARTICULARS

       NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICE OF DANIEL E GOODMAN, who respectfully move that this Honorable Court deny the Defendant's Demand for Bill of Particulars pursuant to 735 ILCS 5/2-607(d) and in support hereof, Plaintiff states as follows:

       1.      On August 22, 2007, Plaintiff filed her Complaint against the Defendant, MARRIOTT INTERNATIONAL, INC., alleging carelessness and negligence in relation to conditions that existed on Defendant's premises, which were the direct and proximate cause of Plaintiff's injuries. (See Exhibit 1).

       2.      On October 1, 2007, Defendant filed its Demand for Bill of Particulars pursuant to 735 ILCS 5/2-607 requesting that Plaintiff state "with particularity each and every factual basis to establish that Plaintiff...was 'lawfully upon the parking lot' referred in paragraph (1) of Plaintiff's Complaint" and to state "with particularity the nature and purpose of Plaintiff's being upon the premises..." (See Exhibit 2).

       3.      A bill of particulars is proper when the defendant feels that the complaint does not adequately advise him of the claim against which he must defend. <u>Fanning v.</u>

Lemay, 78 Ill.App.2d 166, 172 (1966), *reversed in part,* 38 Ill.2d 209 (1967).

     5.     However, a complaint must contain only a plain and concise statement of the pleader's cause of action.  Van Dekerkhov v. City of Herrin, 51 Ill.2d 374, 379 (1972).  The test of its sufficiency is whether it informs the defendant of a valid claim under a general class of cases.  Id.

     6.     Here, Plaintiff alleged sufficient facts to put the defendant on notice of the plaintiff's cause of action.  Nowhere has Defendant stated that it is unaware of the claim at issue in this case.  Furthermore, Defendant has not specified any paragraph of the complaint that it is unable to admit, deny, or neither admit nor deny.

     7.     Instead of pointing to paragraphs of Plaintiff's Complaint that cause it uncertainty, Defendant has filed its Bill of Particulars, requesting that Plaintiff plead evidentiary facts that Plaintiff will undoubtedly provide during the discovery process.


     WHEREFORE, Plaintiff, MARIANN DUDECK, respectfully prays that this Honorable Court enter an Order Denying Defendant's Demand for a Bill of Particulars.


                                     DANIEL GOODMAN
                                     ATTORNEY FOR PLAINTIFF

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**1030 W. HIGGINS ROAD**
**SUITE #365**
**PARK RIDGE, IL  60068**
**847/ 292-6000**

ATTORNEY NO. 43629

COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                                )
            Plaintiff,                  )
vs.                                            )    No.    2007L008836
                                     )    CALENDAR/ROOM B
MARRIOTT INTERNATIONAL, INC.,                  )    TIME 00:00
individually and; MARRIOTT INTERNATIONAL,  )       PI Other
INC. d/b/a CHICAGO MARRIOTT O'HARE;             )
CHICAGO MARRIOTT O'HARE, individually.          )
            Defendants.                 )

### COMPLAINT

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who complain of the Defendants, MARRIOTT INTERNATIONAL, INC, individually; MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE; CHICAGO MARRIOTT O'HARE, individually, as follows:

1.    That on or about May 23, 2006 and for some time prior and subsequent thereto, the Defendant, MARRIOTT INTERNATIONAL, INC., individually, was a tenant pursuant to a lease, owned, operated, managed, maintained, controlled and/or possessed a building wherein a business commonly known as "Chicago Marriott O'Hare" was open to the public and a parking lot and the real estate and premises upon which that building and parking lot is located in what was commonly known as 8535 W. Higgins Road in the City of Chicago, County of Cook and State of Illinois.

2.    On the aforesaid date the Plaintiff, MARIANN DUDECK, was lawfully upon the parking lot referred to in Paragraph Number One.

3.    At the time and place aforesaid, the Plaintiff, MARIANN DUDECK, was caused bodily injury when she was walking upon the parking lot along and/or parallel to the curb when the Plaintiff's foot twisted upon buckled asphalt which was located in that area.

4.    It was the duty of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE to exercise ordinary care in the possession, ownership, management, operation, maintenance and control of the aforesaid premises for the safety of those persons lawfully thereon.

5.    That at the time and place aforesaid the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, breached its aforementioned duty in one or more of the following ways:

1



PLAINTIFF'S EXHIBIT

1

Bumberg No. 5113

a) Carelessly and negligently managed, maintained, controlled and operated said premises so that as a direct and proximate result thereof Plaintiff was injured;

b) Failed to make adequate and proper inspection of said premises to determine the dangerous condition thereof;

c) Carelessly and negligently allowed buckled cement to exist in the parking lot creating a dangerous condition;

d) Allowed the continued existence of the buckled asphalt which constituted a trip hazard in the parking lot;

e) Failed to paint, accent, alert or warn the public, including the Plaintiff, of the aforesaid buckled asphalt although Defendant knew or should have known that said failure was likely to result in injury to persons walking upon the parking lot with the buckled asphalt and sustaining injury including the Plaintiff;

f) Otherwise negligently managed, maintained, operated and controlled said premises.

6.      That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, the Plaintiff, MARIANN DUDECK, was injured, both internally and externally, and suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body, and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment; and her said injuries required hospitalization, all of which said injuries are permanent; and she has been kept from attending to her ordinary affairs and duties; and she has lost large gains, and has become obligated for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, MARIANN DUDECK, prays judgment against the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), as will fairly and adequately compensate her for injuries and damages together with her costs in bringing this suit.

DANIEL E GOODMAN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E GOODMAN
1030 W. HIGGINS ROAD, SUITE #365
PARK RIDGE, IL  60068
847/ 292-6000

2

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| MARIANN DUDECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) |
| individually and, **MARRIOTT** | ) |
| **INTERNATIONAL, INC.,** d/b/a | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## DEMAND FOR BILL OF PARTICULARS (IN LIEU OF ANSWER)

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and for its Demand for a Bill of Particulars, pursuant to ILCS 5/2-607, states the following:

1.    Plaintiff has filed a Complaint in the above captioned lawsuit alleging that she sustained certain personal injuries at the premises located 8535 West Higgins Road in the City of Chicago, County of Cook and the State of Illinois on May 23, 2006, and Plaintiff alleges that she was injured as a result of the negligent conduct of Defendant.

2.    While Plaintiff alleges that she was lawfully upon the parking lot at the aforesaid premises when she allegedly fell and sustained injuries, Plaintiff has failed to allege any facts whatsoever to explain her conclusory statement that she was "lawfully upon the parking lot".

3.    While Plaintiff has alleged, in conclusory fashion, that it was the Defendant's duty to exercise ordinary care in the possession, ownership,



PLAINTIFF'S
EXHIBIT
2
Blumberg No. 5513

management, operation, maintenance and control of the premises, Plaintiff has not alleged any factual basis to establish why a duty of ordinary care is owed under the circumstances.

    4.    Based upon the Plaintiff's Complaint herein, Defendant submits the following request for particular information:

    A.    State with particularity each and every factual basis to establish that Plaintiff, Mariann Dudeck, was "lawfully upon the parking lot" referred to in paragraph (1) of Plaintiff's Complaint.

    B.    State with particularity the nature and purpose of Plaintiff's being upon the premises referenced in Plaintiff's Complaint at the time of the occurrence, i.e., whether Plaintiff was on the premises for purposes of doing business at the Chicago Downtown Marriott and whether she ever received permission or an invitation by an employee or agent of the Chicago O'Hare Marriott Hotel to be upon the premises at the time of the occurrence alleged in Plaintiff's Complaint.

**WHEREFORE,** Defendant, **MARRIOTT INTERNATIONAL, INC.,** prays that Plaintiff answer Defendant's demand for Bill of Particulars within twenty-eight (28) days.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _Robert M Burke_

Robert M. Burke, one of the Attorneys for Marriott International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

Order                                                          CCG N002-300M-2/24/05 (          )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Dudeck

v.                                    }    No. 07 L 008836

Marriott                                   08cv1697        JH
                                           JUDGE ST. EVE
                                           MAGISTRATE JUDGE COX

## ORDER

This cause now coming before the court on Plaintiff's Motion, all parties having notice and the court fully advised in the premises, It is hereby ordered that Plaintiff's motion to Deny Bill of Particulars is granted in part and denied in part. Defendant's Demand for Bill of Particulars is granted as it relates to the location of Plaintiff on the Defendant's parking lot at the time of Plaintiff's injury. Defendant's request for leave to brief the issue is denied. Plaintiff will have 28 days to ~~use~~ provide its Bill of Particulars.

Atty. No.: 43629                          ENTERED:
Name: The Law office of Daniel E Goodman
Atty. for: Plaintiff                      Dated: _____
Address: 1030 W. Higgins Rd., Suite 365   ENTERED
City/State/Zip: Park Ridge IL 60068       JUDGE DIANE J. LARSEN-1771
Telephone: (847) 292-6000                 NOV 09 2007
                                          DOROTHY BROWN
                                          CLERK OF THE CIRCUIT COURT
                                          OF COOK COUNTY, IL

EXHIBIT
H

Judge                                     Judge's No.

DOROTHY BROWN, CLERK        COURT OF COOK COUNTY, ILLINOIS

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

MARIANN DUDECK,                              )
                                             )
      Plaintiff,                          )
                                             )
    -vs-                                    )
                                             ) Case No.: 07 L 008836
MARRIOTT INTERNATIONAL, INC.,                )
individually and, **MARRIOTT**               )   08cv1697      JH
**INTERNATIONAL, INC.,** d/b/a               )   JUDGE ST. EVE
**CHICAGO MARRIOTT O'HARE,**                 )   MAGISTRATE JUDGE COX
**CHICAGO MARRIOTT O'HARE,**                 )
individually,                                )
                                             )
      Defendants.                         )

## NOTICE OF MOTION

TO:   Daniel E. Goodman
      Law Office of Daniel E. Goodman
      1030 West Higgins Road
      Suite 365
      Park Ridge, Illinois 60068

On **December** 3 , 2007 at 10:00 a.m. I shall appear before the Honorable Judge Larsen in **Room 2203** of the Richard J. Daley Center, Chicago Illinois, and then and there present Defendant's **Motion to Strike and Deem Admitted,** a copy of which is attached hereto and hereby served upon you.

NAME:  JOHNSON & BELL, LTD.        ATTY. FOR: Defendant
ADDRESS: 33 West Monroe Street      CITY:  Chicago, IL 60603
PHONE: (312) 372-0770           ATTORNEY NO. 06347

## PROOF OF SERVICE BY MAIL

    The undersigned, an attorney, on oath states I served this notice by mailing a copy to the above mentioned attorneys at their respective addresses, by placing same in the U.S. Mail Facility, at 33 West Monroe Street, Chicago, Illinois, proper postage prepaid before 5:00 P.M., on this 21st day of November, 2007.

[x]    _____
        Under penalties as provided by law pursuant to ILL. REV.
        STAT. CHAP. 110. 1-109, I certify that the statements set
        forth herein are true and correct



**EXHIBIT**

I

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **MARIANN DUDECK,** | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) |
| individually and, **MARRIOTT** | ) |
| **INTERNATIONAL, INC.,** d/b/a | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

### MOTION TO STRIKE AND TO DEEM FACTS ADMITTED

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and moves this Honorable Court to strike Plaintiff's objection to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days. In support thereof, Defendants states as follows:

1. Plaintiff, Mariann Dudeck, has filed a Complaint in the above captioned lawsuit alleging that she sustained certain personal injuries at the premises located 8535 West Higgins Road in the City of Chicago, County of Cook and the State of Illinois on May 23, 2006, and Plaintiff alleges that she was injured as a result of the negligent conduct of Defendant. A copy of Plaintiff's Complaint is attached hereto, labeled Exhibit "A," and incorporated herein by reference.

2. Plaintiff's Complaint herein prays for judgment in an amount in excess of $30,000.00. *See* Exhibit A.

3.    On October 1, 2007, this Defendant, in part to ascertain whether or not the amount in controversy exceeds the jurisdictional minimum required to remove this matter to Federal Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, filed and served a Request to Admit Facts upon the Plaintiff herein.  A copy of the Defendant's Request to Admit Facts is attached hereto, labeled Exhibit "B," and incorporated herein by reference.  The Plaintiff was asked to agree and stipulate that any damages that may be awarded to her relative to the incident alleged in her complaint will, in no event, ever exceed $75,000.00, exclusive of interest and costs. *See* Exhibit B, par. 4.

4.    Plaintiff, in her response thereto, filed November 1, 2007, objected to the Defendant's request to admit whether the amount in controversy would ever exceed $75,000.00, exclusive of interest and costs, on the basis that said request "does not relate to a 'fact' but rather an opinion" and that the Plaintiff, therefore, could not admit or deny said request.  A copy of the Plaintiff's Response to Defendant's Request to Admit Facts is attached hereto, labeled Exhibit "C," and incorporated herein by reference. *See* Exhibit C, par. 4.

5.    Illinois Supreme Court Rule 216 states in relevant part:

(c) Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If good faith requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder. Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request.

6.    As a preliminary matter, the Plaintiff in this matter has failed to file her response to Defendant's Request to Admit Facts within the 28-day deadline. *See* Exhibits B and C. Therefore, pursuant to Illinois Supreme Court Rule 216(c)'s self-executing language, all facts referenced therein are now deemed admitted. *See also* Bright v. Dicke, 166 Ill.2d 204, 209-210 (1995).

7.    The matter of timeliness notwithstanding, Plaintiff's objection to Defendants' Request to Admit Facts is improper, as the amount in controversy is plainly a "fact," is a fact that Defendant may properly pose a request for admission for, is a fact whose veracity is within the knowledge of the Plaintiff, and a fact that she may therefore choose to admit or deny.

8.    Courts in Illinois have consistently held that a proponent of a request to admit may ask about any specified relevant issues of fact provided it does not ask for answers to issues of law. PRS Int'l v. Shred Pax Corp., 184 Ill. 2d 224, 236-237 (1998); *see also* Walker v. Valor Insurance, Co., 314 Ill. App. 3d 55, 61-62, 731 N.E.2d 363, 368-369 (1st Dist. 2000). This includes any "ultimate" issues of fact. Id.

9.    Furthermore, the propriety of a request such as the one at issue in the case at bar has been recognized by the District Courts of the Northern District of Illinois. For a Defendant to remove an action to Federal Court, the burden rests on it to prove that the amount in controversy is sufficient. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th 1993). In recognition of the unique conundrum facing Defendants who wanted to remove cases filed in the Circuit Court of Cook County to the U.S. District Court due to the rule prohibiting Plaintiff from stating the amount of damages

at issue[1], [2], the Northern District adopted Local Rule 81.2.  A copy of said rule is attached hereto, labeled Exhibit "D," and incorporated herein by reference.

Former Local Rule 81.2, since withdrawn, stated that before attempting to remove a case based upon diversity of citizenship where there was no express *ad damnum*, a Defendant must receive a denial by Plaintiff that the damages will not exceed the jurisdictional amount.  *See* Exhibit D. The purpose of the Rule was to end the need for Defendants to speculate as to the amount in controversy by allowing Defendants to force the Plaintiff, through state court discovery procedures, to disclose whether Plaintiff intended to seek damages in excess of the minimum jurisdictional limit of federal courts in diversity cases.  Sawisch v. Circuit City Stores, 960 F.Supp. 154 (N.D. Ill 1997).

The local rule was withdrawn because it created confusion as to whether a defendant could only remove a case by obtaining an admission from the Plaintiff as to the amount in controversy; not because the admission was improper or because it failed to support removal.  *See* Official Comments to N. D. Ill. L.R. 81.2, attached hereto, labeled Exhibit "E," and incorporated herein by reference.  The official comments, which are still quite current, state that the Defendant is free to use the Request for Admission procedure provided by Illinois rules in order to clarify the amount in controversy.  Id.

---

[1] Pursuant to 735 ILCS 5/2-604, no ad damnum may be pleaded in actions for injury to the person, except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed.
[2] Pursuant to the general orders regarding the organization of the Circuit Court of Cook County, the Law Division will hear civil actions at law if they are in excess of $30,000.00, as this matter is.  *See* Circuit Court of Cook County General Order No. 1.2, as well as Exhibit A.

8.    Based upon a plain reading and application of Illinois Supreme Court Rule 219, and both Illinois and Federal case law interpreting same, it is evident that the Defendant's Request to Admit which seeks to establish the amount in controversy in this matter is proper.  Therefore, Defendant respectfully strike Plaintiff's objection to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, prays that this Honorable Court enter an Order striking Plaintiff's objections to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _____

Paul Gamboa, one of the attorneys for
Marriott International, Inc.

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347

STATE OF ILLINOIS )
                  ) SS                    ATTORNEY NO. 43629
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                    )
                Plaintiff,         )
vs.                                )        No.
                                   )
MARRIOTT INTERNATIONAL, INC.,      )
individually and; MARRIOTT INTERNATIONAL, )      2007L008836
INC. d/b/a CHICAGO MARRIOTT O'HARE; )      CALENDAR/ROOM B
CHICAGO MARRIOTT O'HARE, individually, )      TIME 00:00
                Defendants.        )        PI Other

## COMPLAINT

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who complain of the Defendants, MARRIOTT INTERNATIONAL, INC, individually; MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE; CHICAGO MARRIOTT O'HARE, individually, as follows:

1.      That on or about May 23, 2006 and for some time prior and subsequent thereto, the Defendant, MARRIOTT INTERNATIONAL, INC., individually, was a tenant pursuant to a lease, owned, operated, managed, maintained, controlled and/or possessed a building wherein a business commonly known as "Chicago Marriott O'Hare" was open to the public and a parking lot and the real estate and premises upon which that building and parking lot is located in what was commonly known as 8535 W. Higgins Road in the City of Chicago, County of Cook and State of Illinois.

2.      On the aforesaid date the Plaintiff, MARIANN DUDECK, was lawfully upon the parking lot referred to in Paragraph Number One.

3.      At the time and place aforesaid, the Plaintiff, MARIANN DUDECK, was caused bodily injury when she was walking upon the parking lot along and/or parallel to the curb when the Plaintiff's foot twisted upon buckled asphalt which was located in that area.

4.      It was the duty of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE to exercise ordinary care in the possession, ownership, management, operation, maintenance and control of the aforesaid premises for the safety of those persons lawfully thereon.

5.      That at the time and place aforesaid the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, breached its aforementioned duty in one or more of the following ways:

1


DEFENDANT'S
EXHIBIT

a) Carelessly and negligently managed, maintained, controlled and operated said premises so that as a direct and proximate result thereof Plaintiff was injured;

b) Failed to make adequate and proper inspection of said premises to determine the dangerous condition thereof;

c) Carelessly and negligently allowed buckled cement to exist in the parking lot creating a dangerous condition;

d) Allowed the continued existence of the buckled asphalt which constituted a trip hazard in the parking lot;

e) Failed to paint, accent, alert or warn the public, including the Plaintiff, of the aforesaid buckled asphalt although Defendant knew or should have known that said failure was likely to result in injury to persons walking upon the parking lot with the buckled asphalt and sustaining injury including the Plaintiff;

f) Otherwise negligently managed, maintained, operated and controlled said premises.

6. That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, the Plaintiff, MARIANN DUDECK, was injured, both internally and externally, and suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body, and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment; and her said injuries required hospitalization, all of which said injuries are permanent; and she has been kept from attending to her ordinary affairs and duties; and she has lost large gains, and has become obligated for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, MARIANN DUDECK, prays judgment against the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), as will fairly and adequately compensate her for injuries and damages together with her costs in bringing this suit.

DANIEL E GOODMAN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E GOODMAN
1030 W. HIGGINS ROAD, SUITE #365
PARK RIDGE, IL 60068
847/ 292-6000

2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

MARIANN DUDECK,                      )
                                     )
              Plaintiff,             )
                                     )
       -vs-                          )
                                     )  Case No.: 07 L 008836
MARRIOTT INTERNATIONAL, INC.,        )
individually and, **MARRIOTT**       )
**INTERNATIONAL, INC.,** d/b/a       )
**CHICAGO MARRIOTT O'HARE,**         )
**CHICAGO MARRIOTT O'HARE,**         )
individually,                        )
                                     )
              Defendants.            )

### NOTICE OF FILING

TO:    Daniel E. Goodman
       Law Office of Daniel E. Goodman
       1030 West Higgins Road
       Suite 365
       Park Ridge, Illinois 60068

Please take notice that on the **1ˢᵗ** day of **October, 2007**, Defendant, **Marriott International, Inc.,** filed with the Clerk of the Circuit Court of Cook County Chicago, Illinois, its **Request to Admit, Appearance and Jury Demand** and **Demand for Bill of Particulars (In Lieu of Answer),** copies of which are attached hereto and served upon you.

JOHNSON & BELL, LTD.
33 West Monroe Street, #2700
Chicago, IL 60603
312/372-0770
Atty. No. 6347

### PROOF OF SERVICE

The undersigned, a non-attorney, on oath states she caused to be served the attached documents upon the above-named attorneys at their respective addresses on October 1, 2007, by depositing the same in the U.S. Mail located at 33 West Monroe Street, Chicago, Illinois 60603, proper postage prepaid and affixed thereon.

Under penalties as provided by law pursuant to ILL.REV. STAT. CHAP. 110 §1-109, certify that the statements set forth herein are true and correct.



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No.: 07 L 008836 |
| MARRIOTT INTERNATIONAL, INC., | ) |
| individually and, MARRIOTT | ) |
| INTERNATIONAL, INC., d/b/a | ) |
| CHICAGO MARRIOTT O'HARE, | ) |
| CHICAGO MARRIOTT O'HARE, | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## REQUEST TO ADMIT FACTS

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through its attorneys, JOHNSON & BELL, LTD., and request that Plaintiff, **MARIANN DUDECK**, admit or deny the truthfulness of the following facts within twenty-eight (28) days:

1. On May 23, 2006, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response**:

2. On August 22, 2007, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response**:

3. At no time since May 23, 2006, has the Plaintiff, Mariann Dudeck, been a citizen of the States of Delaware or Maryland.

**Response**:

4. Plaintiff, Mariann Dudeck, agrees and stipulates that any damages which may be awarded to her relative to the incident alleged in

Plaintiff's Complaint will in no event ever exceed $75,000.00, exclusive of interests and costs.

**Response**:

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _Robert M. Burke_

Robert M. Burke, one of the
Attorneys for Marriott
International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,

     Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.;
individually and; MARRIOTT INTERNATIONAL,
INC. d/b/a CHICAGO MARRIOTT O'HARE;
CHICAGO MARRIOTT O'HARE, individually.

     Defendants.

07 NOV -1 PM 3:32

No. 07 L 008836

### NOTICE OF FILING

TO: ROBERT M. BURKE
   JOHNSON & BELL, LTD.
   33 W. MONROE ST., SUITE 2700
   CHICAGO, IL 60603

   PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS** dated at Park Ridge, Illinois, this ____ day of November, 2007.

     THE LAW OFFICE OF DANIEL E. GOODMAN

     DANIEL E. GOODMAN

### CERTIFICATE OF SERVICE

I, Eric Messersmith, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this ____ day of November, 2007.

     Eric Messersmith

Subscribed and Sworn to before me
this ____ day of November, 2007.

NOTARY PUBLIC

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**



STATE OF ILLINOIS )
                  ) SS                FILED-4      ATTORNEY NO. 43629
COUNTY OF C O O K)        07 NOV -1 PM 3:54

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                     )
                                    )
            Plaintiff,              )
vs.                                 )        No.    07 L 008836
                                    )
MARRIOTT INTERNATIONAL, INC.,       )
individually and; MARRIOTT INTERNATIONAL, )
INC. d/b/a CHICAGO MARRIOTT O'HARE; )
CHICAGO MARRIOTT O'HARE, individually. )
                                    )
            Defendants.             )

## <u>PLAINTIFF'S REPSONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS</u>

NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys,

LAW OFFICE OF DANIEL E GOODMAN, and in response to Defendant's Request to

Admit Facts, states as follows:

1.      On May 23, 2006, Plaintiff, Mariann Dudeck, was a citizen of the State of

Illinois.

**Response:**      Admitted.

2.      On August 22, 2007, Plaintiff, Mariann Dudeck, was a citizen of the State of

Illinois.

**Response:**      Admitted.

3.      At no time since May 12, 2006, has the Plaintiff, Mariann Dudeck, been a

citizen of the States of Delaware or Maryland.

**Response:**      Admitted.

4,      Plaintiff, Mariann Dudeck, agrees and stipulates that any damages which

may be awarded to her relative to the incident alleged in the complaint will in no event ever exceed $75,000, exclusive of interests and costs.

**Response:**    Objection.  Paragraph number 4 of the Defendant's request does not relate to a "fact" but rather to an opinion and the Plaintiff, therefore, cannot admit or deny this request to admit.

Respectfully submitted,

THE LAW OFFICE OF DANIEL E. GOODMAN

By: _____
        Daniel E. Goodman
        Attorney for Mariann Dudeck

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

STATE OF ILLINOIS          )
                               ) SS
COUNTY OF COOK        )

## VERIFICATION

I, MARIANN DUDECK, being first duly sworn on oath, depose and state that I am the Plaintiff and that I have read the foregoing Requests to Admit, that I have full knowledge of the facts alleged in the above Responses, and that the same are true in substance and in fact.

MARIANN DUDECK

DATED: 10/31/2007

Subscribed and sworn to before me this 31 day of October 2007.

NOTARY PUBLIC

OFFICIAL SEAL
MICHAELA MENIW
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/01/08

(b) AVAILABILITY OF EXHIBITS.    Exhibits retained by counsel are subject to orders of the court. Upon request, counsel shall make the exhibits or copies thereof available to any other party to enable that party to designate or prepare the record on appeal.

(c) REMOVAL OF EXHIBITS.    Exhibits deposited with the clerk shall be removed by the party responsible for them—

(1)    90 days after a final decision is rendered if no appeal is taken from that decision, or

(2)    where an appeal is taken, within 30 days after the mandate of the reviewing court is filed.

A party failing to comply with this rule shall be notified by the clerk to remove the exhibits. If a party fails to remove the exhibits within 30 days following such notice, the material shall be sold by the marshal at public or private sale or disposed of as the court directs. The net proceeds of the sale shall be paid into the registry of the Court.

(d) WITHDRAWAL OF RECORDS.    Pleadings and records filed and exhibits deposited with the clerk shall not be withdrawn from the custody of the Court except as provided by these rules or upon order of court.    Parties withdrawing their exhibits from the court's custody and persons withdrawing items pursuant to an order of court shall give the clerk a signed receipt identifying the material taken, which receipt shall be filed.

## LR79.2.    Redemption from Judicial Sales

The clerk shall maintain a listing in which shall be recorded any certificate of purchase issued by the United States marshal, master in chancery or other officer of this court, together with any certificate of redemption from such sale, the costs thereof to be taxed in the cause in which the sale is made.

## LR80 is reserved.

## LR81.1.    Complaints Under the Civil Rights Act, 42 U.S.C. §1983, by Persons in Custody

*Pro se* complaints brought under the Civil Rights Act, 42 U.S.C. §1983, by persons in custody shall be in writing, signed and certified. Such complaints shall be on forms supplied by the Court.

## LR81.2.    Removals; Remands of Removals

(a)    REMOVALS.    Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy, exclusive of interest and costs, specified in 28 U.S.C § 1332 (the "jurisdictional amount") that is based on express allegations in that claim in conformity with that *ad damnum*, the notice of removal shall include in addition to any other matters required by law:

(1)    a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and

(2)    with respect to at least one plaintiff in the Illinois action, either—



(A)    a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or

(B)    an admission by such plaintiff in response to a request for admissions (*see* Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (*see* Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph (2)(A) or of the admission by a plaintiff referred to in paragraph (2)(B), or the occurrence of the event giving rise to a deemed admission by a plaintiff referred to in subparagraph (2)(B) shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. §1446(b). Where the defendant or defendants do not include the statement required by paragraph (1) of this rule, or do not comply with one of the alternatives described in paragraph (2) of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction.

(b)    REMANDS OF REMOVALS.    When an order is entered directing that a case be remanded to a state court pursuant to 28 U.S.C. §1447(c) the clerk shall delay mailing the certified copy of the remand order for 14 days following the date of docketing the order of transfer, provided that where the court directs that the copy be mailed forthwith, no such delay shall be made.

The filing of a petition for reconsideration of an order of remand shall not serve to stop the remand of the case. The court on its own motion or on motion of the party filing a petition for reconsideration may direct the clerk not to complete the remand process until a date certain or further order of court.

*Committee Comment.*    This rule outlines a procedure to be followed in cases where the complaint filed in state court does not, on its face, indicate that the amount in controversy exceeds the jurisdictional amount specified by 28 U.S.C. § 1332(a). The rule establishes a procedure consistent with 28 U.S.C. § 1446. The rule recognizes that responses to written discovery and requests for admissions under the Rules of the Illinois Supreme Court may constitute a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b).

## LR81.3.    Habeas Corpus Proceedings by Persons in Custody

(a)    APPROVED FORM.    Petitions for writs of habeas corpus filed pursuant to 28 U.S.C. §2241 and §2254 and motions filed pursuant to 28 U.S.C. §2255 shall, when filed by persons in custody, be submitted on forms approved by the Executive Committee. The clerk will supply copies of the approved forms to any person requesting them.

Contents   Index   <<   >>

# United States District Court

**Northern District Of Illinois**

**Local Rules**

**LR81.2. Removals; Remands of Removals**

*Committee Comment.* The rule is withdrawn. It imposes burdens on the manner in which lawyers practice in state courts without significant benefit and without clear authority to do so.

1. The Background of the Rule

"A local rule of a federal district court is written by and for district judges to deal with the special problems of their court." *Bell, Boyd, & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990).

LR 81.2 was adopted because the interaction of Illinois and federal rules creates uncertainty as to the removability of many cases filed in state courts. 735 ILCS 5/2-604 prohibits lawyers from specifying the amount of damages sought in personal injury cases "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed."

The assignment rules of various Illinois courts require plaintiffs to state (by pleading or affidavit) whether their damages meet thresholds to determine whether certain procedures apply or to what division a case is assigned. A sample of these rules is set out in the Appendices A and B. The amounts in these rules do not correspond to the diversity jurisdiction threshold set out in 28 U.S.C. § 1332 (a)

This restriction on pleading damages sometimes created difficulties for both defendants and plaintiffs in case that might be removable.

A defendant "interested in removal is forced to speculate . . . as to the amount of plaintiff's likely recovery – and if defendant does prefer a federal forum it must err on the side of seeking removal, lest the 30-day time limit for such removal under Section 1446(b) were to expire before defendant could gain any greater certainty in that respect." *Sawisch v. Circuit City Stores*, 960 F.Supp. 154, 155 (N.D. Ill. 1997).

A plaintiff is ordinarily entitled to choose a state forum and preclude a federal forum by limiting damages to amounts below the diversity jurisdiction minimum. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913). An Illinois personal injury plaintiff could achieve this only when circuit court rule allowed the plaintiff to specify a damages category entirely below the federal jurisdictional floor. *See, e.g., Tokarz v. Texaco Pipeline, Inc.*, 856 F.Supp. 403, 403-04 (N.D. Ill. 1993) (claims under $30,000 to enable filing in Cook County's Municipal Department).

DEFENDANT'S EXHIBIT

A plaintiff willing to restrict a claim to $75,000 has no way to plead this in the complaint. Whether removal is appropriate must be determined at the point at which the notice of removal is submitted. *See In re Shell Oil Co.*, 966 F.2d 1130 (7th Cir. 1992) and 970 F.2d 355 (7th Cir. 1992) (per curiam); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424 (7th Cir. 1997); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S.Ct. 1920 (2004).

The rule prohibiting specific money damage claims in personal injury cases has had an effect on other cases. It has become "custom" to avoid specific claims of damages in many other kinds of cases, and the many state court rules manifest the pervasive nature of this custom. *See, e.g.*, Eighteenth Judicial Circuit Rule 13.02(d) (provides different arbitration practice of cases above $30,000 in damages).

2. The Reconsideration of the Rule

The Court of Appeals noted, a short time ago, that the ambit of the Rule is, on its face, too broad. Complaints for equitable relief fall within the literal scope of the Rule but it is the defendant who is in the best position to assess the costs of compliance with the injunction requested by plaintiff. *Rubel v. Pfizer*, 361 F.3d 1016, 1017-20 (7th Cir. 2004).

While considering the remedy to this problem, the Court undertook to review L.R. 81.2 as a whole. The rule has not been uniformly applied. E.g. *Huntsman Chemical Corporation v. Whitehorse Technologies, Inc.* 1997 WL 548043 (N.D. Ill. 1997), *Campbell v. Bayou Steel Corp.*, 2004 WL 1125901 (N.D. Ill. 2004), *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill 2002).

The situation which precipitated the Rule exists only in a very narrow range of cases. All that is required for removal is "reasonable probability" that more than $75,000 is in controversy. *Shaw v. Dow Brands*, 994 F.2d 364, 366 n.2 (7th Cir. 1993), *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). The very nature of the harm alleged in the case will usually make it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. (E.g. *McCoy v. General Motors Corp.*), 226 F. Supp. 2d at 941-42 ("it is obvious from a common-sense reading of the complaint"). Cases for which remand is sought are not a large part of our docket. In 2003, 117 motions to remand were filed; only 22 of them were based, in whole or in part, on the failure to meet the jurisdictional amount (See Appendix C).

Only one class of plaintiffs is disadvantaged by cases in which common-sense reading of the complaint shows a reasonable probability that damages exceed $75,000–those whose claims exceed $75,000 but wish to remain in state court by capping damages. We think such plaintiffs will not be numerous. For the few who do exist there may be nothing to stop them from tendering to defense counsel a written admission under Illinois Supreme Court Rule 216 which binds them to seek damages of no more than $75,000. It is true that Rule 216 contemplates a request for admission prior to an admission but nothing in the structure of the Rule suggests that a pre-request admission would not be binding.

There is no inherent flaw in a rule simply because it governs an extremely small class of cases. But such a rule must be both useful and limited in its effect on other cases. L.R. 81.2 is not so limited. It affects every money damage case in which there is diversity among parties–even when the amount in controversy is obviously in excess of $75,000. It requires

lawyers to tender one of two forms of damage discovery in hundreds of cases each year. Rarely will the results of this practice have any bearing on the decision to remand. The cost of compliance with L.R. 81.2 far outweighs its benefit to a tiny subset of plaintiffs.

The legitimate benefit to defendants is small as well and its cost is not justified by any legitimate benefit. A defendant may well worry about meeting the 30-day deadline to seek removal if defendant is uncertain about whether the jurisdictional amount is present in the case. We reiterate that such uncertainty is not common. In any event, the defendant is free to use the interrogatory or request for admission procedure provided by Illinois rules in order to clarify the amount in controversy. We see no reason to require that all defendants do so.

A recent Appellate Court holding creates a dilemma for any defendant who asserts lack of personal jurisdiction in state courts. Under LR81.2, defendant must seek discovery of the damages to be claimed. To do so constitutes "a general appearance and a waiver of any objection to the circuit court's in personam jurisdiction . . . " *Haubner v. Abercrombie & Kent*, 812 N.E.2d 704 (Ill App 2004). It is difficult to defend a rule which requires a defendant to submit to personal jurisdiction in order to try to remove its case to this court.

The Rule confers an unintended benefit on defendants. L.R. 81.2 requires the defendant to proffer an interrogatory or a request for admission. It then provides that the 30-day deadline does not begin to run until there is a response or a failure to timely respond. This allows a defendant a useful gambit, unrelated to the interests of fairness. A defendant seeking delay may not want a prompt removal if it thinks that the case will linger in state court. When the absolute one-year limit for removal (28 U.S.C. § 1446 (b)) comes near, a defendant might only then submit the damage interrogatory and thereafter seeks removal. Defendant is able to do this because the 30-day deadline does not, under the Rule, begin to run as a practical matter until the defendant chooses to start it.

The final problem with the Rule arises from the fact that no Court of Appeals has spoken to the right of a District Court to establish by Local Rule that, as a matter of law, the 30-day time limit is tolled until a damage discovery procedure is completed. *Rubel v. Pfizer*, 361 F.3d at 1020 at least suggests that our power to do so is doubtful. The prudent defense lawyer may well conclude that the only safe course is to file for removal within 30 days of the receipt of the complaint. If the case is remanded, the defense lawyer will then invoke the procedures under L.R. 81.2 hoping that the judge will abide by the timing provisions of the rule. There is no law against filing multiple petitions for removal. *Benson v. SI Handling Syst., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999). So long as this Court *might* be able to control the onset of the 30-day time limit, the defense will be compelled to try removal without complying with L.R. 81.2 and try again under the Rule if the case is remanded after the first attempt. This practice cannot commend itself to anyone.

For these reasons, we conclude that the rule ought to be withdrawn.

## Appendix

A. Application of Special Procedures

Where damages are not in excess of $5,000 then the case is a small claim governed by special rules. Ill.S.Ct.R. 281-89. If damages range from $5,000 to $50,000 there is only

limited and simplified discovery. Ill.S.Ct.R. 222. When damages fall within ranges (that vary among the circuit courts), the case may be subject to mandatory arbitration under Illinois Supreme Court Rule 86. *See, e.g.,* Cir.Ct.Cook.Co.R.18.3 (all actions filed in Municipal Districts seeking damages not to exceed $30,000); 18th.Cir.Ct.R. 13.01(b) (all actions seeking damages exceeding $5,000 but not exceeding monetary limit authorized by Supreme Court); 12th.Cir.Ct.R. 22.02(a) (all actions seeking damages exceeding $5,000 but not exceeding $30,000); 19th.Cir.Ct.R. 17.01(c) (Amended) (all actions seeking damages exceeding $5,000 but not exceeding $50,000); 17th.Cir.Ct.R. 2.07(d)-Rule 1(b)(all actions seeking damages exceeding $5,000 but not exceeding $50,000).

## B. Assignment to Specific Division of the Court

In the Circuit Court of Cook County, a personal injury action may be filed in either the Law Division or one of six Municipal Districts. Municipal District One hears all personal injury actions seeking compensatory and money damages not in excess of $30,000, *see* Cir.Ct.Cook.Co.G.O. 1-2.3(b)(1); Municipal Districts Two, Three, Four, Five and Six hear cases for money damages not in excess of $100,000, see Cir.Ct.Cook.Co.G.O. 1-2.3(b)(2); and the Law Division hears all remaining actions, see Cir.Ct.Cook.Co.G.O. 1-2.1(a)(1)(i)-(ii). Plaintiffs must specify which division is the correct one.

Some circuits require personal injury plaintiffs to plead other categories of damages in their complaints. In Cook County's Municipal Department, the complaint must allege whether the amount of damages: (1) does not exceed $2,500; (2) are not less than $2,500 nor more than $30,000 for actions filed in Municipal District One nor more than $50,000 for actions filed in Municipal District Two, Three, Four, Five or Six; or (3) are not less than $50,000 nor more than $100,000 for actions filed in Municipal Districts Two, Three, Four, Five or Six. *See* Cir.Ct.Cook.Co.G.O. 1-2.3(b)(5)(i)-(iii). For all personal injury pleadings in the 18th Circuit, the complaint must allege whether the amount of damages is: (1) not greater than $5,000; (2) greater than $5,000 and not in excess of $15,000; (3) greater than $15,000 and not in excess of $30,000; (4) greater than $30,000 and not in excess of $50,000; or (5) greater than $50,000. *See* 18th.Cir.Ct.R. 6.03. Finally, for all personal injury pleadings in the 19th Circuit, the complaint must allege whether the amount of damages is: (1) greater than $5,000 but not exceeding $15,000; (2) greater than $15,000 but not exceeding $50,000; or (3) greater than $50,000. *See* 19th.Cir.Ct.R. 17.01(d)

## C. Motion to Remand

A total of 117 motions to remand to state court were filed during 2003. Fifty-six of these motions were granted, forty-seven were denied, and fourteen were disposed of in another manner, *e.g.*, withdrawn, administratively terminated.

Twenty-six of the 117 motions reviewed (22.2%) cited a lack of diversity as a reason for seeking remand of the case. Twenty-two motions (18.8%) argued for remand because the amount in controversy was insufficient to justify the case having been removed to federal court. Only five motions (4.3%) sought remand because of incomplete consent by the defendants in the state court proceeding.

Thirty of the motions (25.6%) cited other jurisdictional reasons for remanding the case. Most of the motions in this category argued that, because certain issues in the case at hand had been disposed of, there was no federal jurisdiction for the remaining issues in the case.

Finally, thirty-four motions (29.1%) cited a variety of other reasons for remanding the case, including the argument that the petition for removal was not filed in a timely manner, agreement by all of the parties for the return of the case to the state court, and, in one case, the observation that the removal petition was filed by the plaintiff in the state case.

**Effective April 25, 2005**

08cv1697    JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

*In the Circuit Court of Cook County, Illinois*
*Law Division Motion Call "B" – Room 2203*

Dubeck

Marriott Intl Inc -v-

No. 07 L 8836

## BRIEFING SCHEDULE ORDER

This matter has come before the Court on the Motion(s) of the

Marriott Intl Inc _____ for (to) Strike Responses/Objections
To Requests to Admit & Deem Facts Admitted _____ .

The Court being advised hereby sets the following briefing schedule:

(4231)  1)  **RESPONDENT** Dubeck _____ has 28 days
until December 31, 2007 _____ to **RESPOND**;

(4231)  2)  **MOVANT** Marriott _____ has 14 days
thereafter until January 15, 2008 _____ to **REPLY**.

(4374)  3)  **COURTESY COPIES** of all pleadings, motions, briefs, transcripts, or
other documents are to be furnished by the **MOVANT** to Room 2203
**SEVEN** days before the Hearing, by January 21, 2008 _____ .

X  4)  The **HEARING** on the Motion(s) BY Marriott _____ is set
for January 28 2008 _____ at 11:00 _____ a.m. without further notice.

(4619)  5)  **CASE MANAGEMENT** is set for the same time as the Hearing on the
Motion(s).  X YES  ///  NO _____ .

X  6)
**OTHER** The Case Management Conference of 20 December
2007 is Hereby Stricken _____

**NOTICE: ALL COURTESY COPIES SHOULD BE DELIEVERED <u>AT OR BEFORE</u>
12:00 O'CLOCK PM</u> ON THE DATE SET FORTH ABOVE (LINE 3).**

Atty. No.: 06347
Name: Johnson & Bell, Ltd
Atty. for: Defendant
Address: 33 W. Monroe
City: Chicago Illinois
Telephone: 312.372.0770

**ENTERED**

**ENTERED**
JUDGE DIANE J. LARSEN 1771
_____, 20___

DEC 0 2007

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**EXHIBIT**

STATE OF ILLINOIS )
                ) SS
COUNTY OF C O O K)

ATTORNEY NO. 43629

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

07 DEC -4 PM 3: 54

| | | |
|---|---|---|
| MARIANN DUDECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 L 008836 |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | 08cv1697    JH |
| individually and; MARRIOTT INTERNATIONAL, | ) | JUDGE ST. EVE |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) | MAGISTRATE JUDGE COX |
| CHICAGO MARRIOTT O'HARE, individually. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:    ROBERT M. BURKE
        JOHNSON & BELL, LTD.
        33 W. MONROE ST., SUITE 2700
        CHICAGO, IL 60603

        PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **PLAINTIFF'S RESPONSE TO DEFENDANT'S DEMAND FOR BILL OF PARTICULARS** dated at Park Ridge, Illinois, this _____ day of December, 2007.

                THE LAW OFFICE OF DANIEL E. GOODMAN

                DANIEL E. GOODMAN

### CERTIFICATE OF SERVICE

I, Eric Messersmith, an attorney, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this ___ day of December, 2007.

                Eric Messersmith

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**

**EXHIBIT**
1C

STATE OF ILLINOIS )
                 ) SS    FILED-4         ATTORNEY NO. 43629
COUNTY OF C O O K)
                 07 DEC -4 PM 3: 55

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No.   07 L 008836 |
| ) | |
| MARRIOTT INTERNATIONAL, INC., ) | |
| individually and; MARRIOTT INTERNATIONAL, ) | |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; ) | |
| CHICAGO MARRIOTT O'HARE, individually. ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S REPSONSE TO DEFENDANT'S DEMAND FOR BILL OF PARTICULARS

     NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICE OF DANIEL E GOODMAN, and in response to Defendant's Demand for Bill of Particulars, states as follows:

     1.     That Plaintiff fell on Defendant, MARRIOTT INTERNATIONAL, INC.'s, parking lot at the location alleged in Paragraph 1 of her Complaint and depicted in Exhibit 1 attached hereto.

                 Respectfully submitted,

                 THE LAW OFFICE OF DANIEL E. GOODMAN

                 By: _____
                       Daniel E. Goodman
                       Attorney for Mariann Dudeck

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000



PLAINTIFF'
EXHIBIT
1

Blumberg No. 5113

STATE OF ILLINOIS )
             ) SS                          ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION
2007 DEC 21  PM 12: 08

| | | |
|---|---|---|
| MARIANN DUDECK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 07 L 008836 |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | 08cv1697       JH |
| individually and; MARRIOTT INTERNATIONAL, | ) | JUDGE ST. EVE |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) | MAGISTRATE JUDGE COX |
| CHICAGO MARRIOTT O'HARE, individually. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:    ROBERT M. BURKE
        JOHNSON & BELL, LTD.
        33 W. MONROE ST., SUITE 2700
        CHICAGO, IL 60603

        PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **REQUEST TO ADMIT** dated at Park Ridge, Illinois, this 21 day of December, 2007.

                    THE LAW OFFICE OF DANIEL E. GOODMAN

                    DANIEL E. GOODMAN

### CERTIFICATE OF SERVICE

I, Daniel E. Goodman, an attorney, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this 21 day of December, 2007.

                    Daniel E. Goodman

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**

**EXHIBIT**
L

FILED 8 - 20

2007 DEC 21 PM 12: 09,
ATTORNEY NO. 43629
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

STATE OF ILLINOIS )
               ) SS
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,             )
                               )
          Plaintiff,       )
vs.                        )     No. 07 L 008836
                               )
MARRIOTT INTERNATIONAL, INC.,   )
individually and; MARRIOTT INTERNATIONAL, )
INC. d/b/a CHICAGO MARRIOTT O'HARE;  )
CHICAGO MARRIOTT O'HARE, individually.  )
                               )
         Defendants.     )

## REQUEST TO ADMIT

NOW COMES the Plaintiff, Mariann Dudeck, by and through her attorneys, LAW OFFICES OF DANIEL E. GOODMAN, who respectfully request pursuant to Illinois Supreme Court Rule 216 that the Defendant admit or deny the following allegations within twenty-eight (28) days.

1)    That on May 23, 2006 the parking lot upon which Plaintiff, Ms. Marian Dudeck fell was open to the public.

**ANSWER:**

2)    That on May 23, 2006 Plaintiff, Ms. Mariann Dudeck was a member of the public

**ANSWER:**

3)    That on May 23, 2006 Ms. Dudeck was not prohibited from walking on the parking lot at issue.

**ANSWER:**

4) That on May 23, 2006 there were no "No Trespassing" signs posted in the parking lot at issue.

**ANSWER:**

5) That the value of Ms. Dudeck's claim for damages sustained in the slip and fall that occurred on May 23, 2006 meets or exceeds $75,000.00

**ANSWER:**

DANIEL E. GOOMDAN
ATTORNEY FOR PLAINTIFF(S)

ATTORNEY NO. 43629
LAW OFFICES OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD
SUITE #365
PARK RIDGE, IL 60068
708/ 292-6000

STATE OF ILLINOIS )
                ) SS                         ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | | |
|---|---|---|
| MARIANN DUDECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.   07 L 008836 |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | `08cv1697`   `JH` |
| individually and; MARRIOTT INTERNATIONAL, | ) | `JUDGE ST. EVE` |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) | `MAGISTRATE JUDGE COX` |
| CHICAGO MARRIOTT O'HARE, individually. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPSONSE TO DEFENDANT'S MOTION TO STRIKE AND DEEM FACTS ADMITTED

NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICE OF DANIEL E GOODMAN, who respond to Defendant's Motion to Strike And To Deem Facts Admitted, states as follows:

1.    Plaintiff, Mariann Dudeck, filed a Complaint in the above captioned lawsuit alleging personal injuries as a result of Defendant's negligent conduct in maintaining the premises located at 8535 West Higgins Road, in the City of Chicago, County of Cook, and the state of Illinois. A copy of Plaintiff's Complaint is attached as Exhibit "A."

2.    On October 1, 2007 Defendant filed and served a Request to Admit Facts upon the Plaintiff by U.S. mail. Plaintiff was asked to "agree and stipulate that any damages which may be awarded to her relative to the incident alleged in Plaintiff's complaint will, in no event, ever exceed $75,000.00, exclusive of interests and costs. *See* Exhibit "B."

3.    Plaintiff filed her response on December 1, 2007 and objected to said



request, on the basis that "the Defendant's request does not relate to a 'fact' but rather to an opinion and the Plaintiff, therefore, cannot admit or deny this request to admit." *See* Exhibit "C."

4.      As an initial matter, the Defendant alleges that Plaintiff failed to file her response to Defendant's Request to Admit Facts within the 28-day deadline. This argument lacks merit. While the Defendant's Request to Admit Facts was filed on October 1, 2007, Plaintiff was served via U.S. mail. Illinois Supreme Court Rule 216 provides that a party must respond to a Request to Admit Facts within 28 days from the date on which the Request to Admit Facts was served upon a party. Illinois Supreme Court Rule 12(c) provides that "service by mail is complete four days after mailing." Thus, Plaintiff was not served until October 5, 2007. Plaintiff filed her Response on November 1, 2007, e.g. within the 28 days allotted. *See* Exhibits "B" and "C."

5.      Defendant cites generally to Illinois Supreme Court Rule 216, *PRS Int'l v. Shred Pax Corp.*, 184 Ill. 2d 224, 236-37 (1998), and *Walker v. Valor Insurance Co.*, 314 Ill. App. 3d 55, 61-62 (1st Dist. 2000) in support of Defendant's contention that the request regarding the amount in controversy seeks admission of a "fact," not an "opinion."

The aforementioned case law and Supreme Court Rule do not support the Defendant's contention. In fact, Defendant's case law fails to discuss the very question before the court. Indeed, both cases discuss whether Plaintiffs must answer requests that call for legal conclusions versus those that call for facts, not whether a request to admit that the Plaintiff's damages exceed a certain monetary figure is a request to admit a "fact" vs. an "opinion." *See generally*, *PRS Int'l v. Shred Pax Corp.*, 184 Ill. 2d 224 (1998); *Walker v. Valor Insurance Co.*, 314 Ill. App. 3d 55 (1st Dist. 2000).

6.     The Seventh Circuit has determined that requests specifically calling for Plaintiffs to admit whether their claims are worth more than $75,000.00 are not questions of fact. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006).

"Jurisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.'…Whether damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether 'to a legal certainty … the claim is really for less than the jurisdictional amount.'…This is not the province of Plaintiff's attorney. *Meridian Sec. Ins. Co.*, 441 F.3d at 541.

7.     Alternatively, Defendant relies on Local Rule 81.2, adopted by the Northern District, for the proposition that Plaintiff must admit or deny whether the amount in controversy exceeds $75,000.00, exclusive of interests and costs. However, this rule has no force as it has been withdrawn.  Defendant's Motion to Strike and Deem Facts Admitted is attached as Exhibit "D."

8.     Former Local Rule 81.2 permitted Defendants to submit to Plaintiffs, requests for admissions, which required Plaintiffs to either state the damages sought or agree that the damages would in no event exceed the jurisdictional amount. *See* Exhibit "E."

9.     However, Local Rule 81.2 was withdrawn for a multitude of reasons; one being that a Defendant receives an unintended benefit because its 30-day deadline to remove the action to federal court would not start to run until the Plaintiff responds to the request for admission. *See* Exhibit "F."

10.     Federal case law has addressed this issue without the use of former rules.  In *Pancotto v. Home Depot*, the Defendant attempted to remove the case to federal court based on Plaintiff's response to Defendant's request to admit No.1. In that request the Defendant

asked Plaintiff to admit that the amount in controversy did not exceed $75,000 and Plaintiff asserted in response that he was seeking in excess of $75,000.   2004 WL 1088231, *2 (N.D.Ill. May 14, 2004).

The Court found that "parties cannot confer federal subject matter jurisdiction upon themselves and thus even [Plaintiff's] admission is not determinative because his speculation as to the amount he seeks to recover is not sufficient to satisfy the amount in controversy requirement." *Pancotto*, 04 WL 1088231 at *2; *See also, Hill v. Jenkins*, 603 F.3d 1256, 1260 (7th Cir. 1979) ("it is axiomatic that parties cannot themselves confer subject matter jurisdiction."). Moreover, Plaintiff's attorney is placed in a precarious position if he is to give the appearance that his client's recovery should be limited. *Pancotto*, 04 WL 1088231 at *2.

11.    Based upon federal and state case law interpreting the difference between questions of fact, law and opinion, it is clear that a request for admission regarding the amount in controversy seeks an opinion, not a fact.

**Wherefore,** Plaintiff, MARIANN DUDECK, prays that this Honorable Court enter an Order Denying Defendant's Motion to Strike and Deem Facts Admitted.

Respectfully submitted,

THE LAW OFFICE OF DANIEL E. GOODMAN

By: _____
    Ryan M. Griffin
    Attorney for Mariann Dudeck

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

STATE OF ILLINOIS )
                  ) SS                              ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                        )
                    Plaintiff,         )
vs.                                    )     No.    2007L008836
                                       )            CALENDAR/ROOM B
MARRIOTT INTERNATIONAL, INC.,          )            TIME 00:00
individually and; MARRIOTT INTERNATIONAL, )         PI Other
INC. d/b/a CHICAGO MARRIOTT O'HARE;     )
CHICAGO MARRIOTT O'HARE, individually.  )
                    Defendants.        )

## COMPLAINT

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who complain of the Defendants, MARRIOTT INTERNATIONAL, INC, individually; MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE; CHICAGO MARRIOTT O'HARE, individually, as follows:

1.      That on or about May 23, 2006 and for some time prior and subsequent thereto, the Defendant, MARRIOTT INTERNATIONAL, INC., individually, was a tenant pursuant to a lease, owned, operated, managed, maintained, controlled and/or possessed a building wherein a business commonly known as "Chicago Marriott O'Hare" was open to the public and a parking lot and the real estate and premises upon which that building and parking lot is located in what was commonly known as 8535 W. Higgins Road in the City of Chicago, County of Cook and State of Illinois.

2.      On the aforesaid date the Plaintiff, MARIANN DUDECK, was lawfully upon the parking lot referred to in Paragraph Number One.

3.      At the time and place aforesaid, the Plaintiff, MARIANN DUDECK, was caused bodily injury when she was walking upon the parking lot along and/or parallel to the curb when the Plaintiff's foot twisted upon buckled asphalt which was located in that area.

4.      It was the duty of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE to exercise ordinary care in the possession, ownership, management, operation, maintenance and control of the aforesaid premises for the safety of those persons lawfully thereon.

5.      That at the time and place aforesaid the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, breached its aforementioned duty in one or more of the following ways:

1



PLAINTIFF'S
EXHIBIT
A

a) Carelessly and ...gligently managed, maintained, contro....d and operated said premises so that as a direct and proximate result thereof Plaintiff was injured;

b) Failed to make adequate and proper inspection of said premises to determine the dangerous condition thereof;

c) Carelessly and negligently allowed buckled cement to exist in the parking lot creating a dangerous condition;

d) Allowed the continued existence of the buckled asphalt which constituted a trip hazard in the parking lot;

e) Failed to paint, accent, alert or warn the public, including the Plaintiff, of the aforesaid buckled asphalt although Defendant knew or should have known that said failure was likely to result in injury to persons walking upon the parking lot with the buckled asphalt and sustaining injury including the Plaintiff;

f) Otherwise negligently managed, maintained, operated and controlled said premises.

6.    That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, the Plaintiff, MARIANN DUDECK, was injured, both internally and externally, and suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body, and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment; and her said injuries required hospitalization, all of which said injuries are permanent; and she has been kept from attending to her ordinary affairs and duties; and she has lost large gains, and has become obligated for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, MARIANN DUDECK, prays judgment against the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), as will fairly and adequately compensate her for injuries and damages together with her costs in bringing this suit.

DANIEL E GOODMAN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E GOODMAN
1030 W. HIGGINS ROAD, SUITE #365
PARK RIDGE, IL  60068
847/ 292-6000

2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

MARIANN DUDECK,

        Plaintiff,

      -vs-

MARRIOTT INTERNATIONAL, INC.,
individually and, **MARRIOTT
INTERNATIONAL, INC.,** d/b/a
**CHICAGO MARRIOTT O'HARE,
CHICAGO MARRIOTT O'HARE,**
individually,

        Defendants.

Case No.: 07 L 008836

### NOTICE OF FILING

TO:   Daniel E. Goodman
Law Office of Daniel E. Goodman
1030 West Higgins Road
Suite 365
Park Ridge, Illinois 60068

Please take notice that on the **1st** day of **October, 2007,** Defendant, **Marriott International, Inc.,** filed with the Clerk of the Circuit Court of Cook County Chicago, Illinois, its **Request to Admit, Appearance and Jury Demand** and **Demand for Bill of Particulars (In Lieu of Answer),** copies of which are attached hereto and served upon you.

JOHNSON & BELL, LTD.
33 West Monroe Street, #2700
Chicago, IL 60603
312/372-0770
Atty. No. 6347

### PROOF OF SERVICE

The undersigned, a non-attorney, on oath states she caused to be served the attached documents upon the above-named attorneys at their respective addresses on October 1, 2007, by depositing the same in the U.S. Mail located at 33 West Monroe Street, Chicago, Illinois 60603, proper postage prepaid and affixed thereon.

Under penalties as provided by law pursuant to ILL.REV. STAT. CHAP. 110 §1-109, certify that the statements set forth herein are true and correct.



PLAINTIFF'S
EXHIBIT
B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No.: 07 L 008836 |
| MARRIOTT INTERNATIONAL, INC., | ) |
| individually and, **MARRIOTT** | ) |
| **INTERNATIONAL, INC.**, d/b/a | ) |
| **CHICAGO MARRIOTT O'HARE**, | ) |
| **CHICAGO MARRIOTT O'HARE**, | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## REQUEST TO ADMIT FACTS

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, by and through its attorneys, JOHNSON & BELL, LTD., and request that Plaintiff, **MARIANN DUDECK**, admit or deny the truthfulness of the following facts within twenty-eight (28) days:

1.     On May 23, 2006, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response**:

2.     On August 22, 2007, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response**:

3.     At no time since May 23, 2006, has the Plaintiff, Mariann Dudeck, been a citizen of the States of Delaware or Maryland.

**Response**:

4.     Plaintiff, Mariann Dudeck, agrees and stipulates that any damages which may be awarded to her relative to the incident alleged in

Plaintiff's Complaint will in no event ever exceed $75,000.00, exclusive of interests and costs.

**Response**:

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _Robert M Burke_

Robert M. Burke, one of the
Attorneys for Marriott
International, Inc.

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                 07 NOV -1  PM 3: 34

           Plaintiff,                 )

vs.                             )      No.  07 L 008836

MARRIOTT INTERNATIONAL, INC.,    )
individually and; MARRIOTT INTERNATIONAL,   )
INC. d/b/a CHICAGO MARRIOTT O'HARE;   )
CHICAGO MARRIOTT O'HARE, individually.   )
                                   )
                Defendants.        )

### NOTICE OF FILING

TO:    ROBERT M. BURKE
        JOHNSON & BELL, LTD.
        33 W. MONROE ST., SUITE 2700
        CHICAGO, IL 60603

      PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS** dated at Park Ridge, Illinois, this ____ day of November, 2007.

                    THE LAW OFFICE OF DANIEL E. GOODMAN

                    DANIEL E. GOODMAN

### CERTIFICATE OF SERVICE

I, Eric Messersmith, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this ____ day of November, 2007.

Subscribed and Sworn to before me
this ____ day of November, 2007.

                          Eric Messersmith

NOTARY PUBLIC

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

PLAINTIFF'S
EXHIBIT

STATE OF ILLINOIS )
                  ) SS
COUNTY OF C O O K )                                    ATTORNEY NO. 43629

FILED
07 NOV -1 PH 3: 54

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                        )
                                       )
                  Plaintiff,           )
                                       )
vs.                                    )
                                       )        No.    07 L 008836
MARRIOTT INTERNATIONAL, INC.,          )
individually and; MARRIOTT INTERNATIONAL, )
INC. d/b/a CHICAGO MARRIOTT O'HARE;     )
CHICAGO MARRIOTT O'HARE, individually.  )
                                       )
                  Defendants.          )

## PLAINTIFF'S REPSONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS

NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICE OF DANIEL E GOODMAN, and in response to Defendant's Request to Admit Facts, states as follows:

1.     On May 23, 2006, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response:**    Admitted.

2.     On August 22, 2007, Plaintiff, Mariann Dudeck, was a citizen of the State of Illinois.

**Response:**    Admitted.

3.     At no time since May 12, 2006, has the Plaintiff, Mariann Dudeck, been a citizen of the States of Delaware or Maryland.

**Response:**    Admitted.

4,     Plaintiff, Mariann Dudeck, agrees and stipulates that any damages which

may be awarded to her relative to the incident alleged in the complaint will in no event ever exceed $75,000, exclusive of interests and costs.

**Response:** Objection. Paragraph number 4 of the Defendant's request does not relate to a "fact" but rather to an opinion and the Plaintiff, therefore, cannot admit or deny this request to admit.

Respectfully submitted,

THE LAW OFFICE OF DANIEL E. GOODMAN

By: _____
Daniel E. Goodman
Attorney for Mariann Dudeck

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

STATE OF ILLINOIS     )
                    ) SS
COUNTY OF COOK     )

## VERIFICATION

I, MARIANN DUDECK, being first duly sworn on oath, depose and state that I am the Plaintiff and that I have read the foregoing Requests to Admit, that I have full knowledge of the facts alleged in the above Responses, and that the same are true in substance and in fact.

_____
MARIANN DUDECK

DATED: ___10/31/2007___

Subscribed and sworn to before me
this 31 day of October 2007.

OFFICIAL SEAL
MICHAELA MENIW
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/01/08

_____
NOTARY PUBLIC

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| **MARIANN DUDECK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) |
| individually and, **MARRIOTT** | ) |
| **INTERNATIONAL, INC.,** d/b/a | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO STRIKE AND TO DEEM FACTS ADMITTED

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and moves this Honorable Court to strike Plaintiff's objection to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days. In support thereof, Defendants states as follows:

1.      Plaintiff, Mariann Dudeck, has filed a Complaint in the above captioned lawsuit alleging that she sustained certain personal injuries at the premises located 8535 West Higgins Road in the City of Chicago, County of Cook and the State of Illinois on May 23, 2006, and Plaintiff alleges that she was injured as a result of the negligent conduct of Defendant. A copy of Plaintiff's Complaint is attached hereto, labeled Exhibit "A," and incorporated herein by reference.

2.      Plaintiff's Complaint herein prays for judgment in an amount in excess of $30,000.00. *See* Exhibit A.



3.      On October 1, 2007, this Defendant, in part to ascertain whether or not the amount in controversy exceeds the jurisdictional minimum required to remove this matter to Federal Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, filed and served a Request to Admit Facts upon the Plaintiff herein.  A copy of the Defendant's Request to Admit Facts is attached hereto, labeled Exhibit "B," and incorporated herein by reference.  The Plaintiff was asked to agree and stipulate that any damages that may be awarded to her relative to the incident alleged in her complaint will, in no event, ever exceed $75,000.00, exclusive of interest and costs. *See* Exhibit B, par. 4.

4.      Plaintiff, in her response thereto, filed November 1, 2007, objected to the Defendant's request to admit whether the amount in controversy would ever exceed $75,000.00, exclusive of interest and costs, on the basis that said request "does not relate to a 'fact' but rather an opinion" and that the Plaintiff, therefore, could not admit or deny said request.  A copy of the Plaintiff's Response to Defendant's Request to Admit Facts is attached hereto, labeled Exhibit "C," and incorporated herein by reference.  *See* Exhibit C, par. 4.

5.      Illinois Supreme Court Rule 216 states in relevant part:

(c) Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If good faith requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder. Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request.

2

6.    As a preliminary matter, the Plaintiff in this matter has failed to file her response to Defendant's Request to Admit Facts within the 28-day deadline.  *See* Exhibits B and C.  Therefore, pursuant to Illinois Supreme Court Rule 216(c)'s self-executing language, all facts referenced therein are now deemed admitted.  *See also* Bright v. Dicke, 166 Ill.2d 204, 209-210 (1995).

7.    The matter of timeliness notwithstanding, Plaintiff's objection to Defendants' Request to Admit Facts is improper, as the amount in controversy is plainly a "fact," is a fact that Defendant may properly pose a request for admission for, is a fact whose veracity is within the knowledge of the Plaintiff, and a fact that she may therefore choose to admit or deny.

8.    Courts in Illinois have consistently held that a proponent of a request to admit may ask about any specified relevant issues of fact provided it does not ask for answers to issues of law.  PRS Int'l v. Shred Pax Corp., 184 Ill. 2d 224, 236-237 (1998); *see also* Walker v. Valor Insurance, Co., 314 Ill. App. 3d 55, 61-62, 731 N.E.2d 363, 368-369 (1st Dist. 2000).  This includes any "ultimate" issues of fact.  Id.

9.    Furthermore, the propriety of a request such as the one at issue in the case at bar has been recognized by the District Courts of the Northern District of Illinois.  For a Defendant to remove an action to Federal Court, the burden rests on it to prove that the amount in controversy is sufficient.  Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th 1993).  In recognition of the unique conundrum facing Defendants who wanted to remove cases filed in the Circuit Court of Cook County to the U.S. District Court due to the rule prohibiting Plaintiff from stating the amount of damages

at issue[1],[2], the Northern District adopted Local Rule 81.2. A copy of said rule is attached hereto, labeled Exhibit "D," and incorporated herein by reference.

Former Local Rule 81.2, since withdrawn, stated that before attempting to remove a case based upon diversity of citizenship where there was no express *ad damnum*, a Defendant must receive a denial by Plaintiff that the damages will not exceed the jurisdictional amount. *See* Exhibit D. The purpose of the Rule was to end the need for Defendants to speculate as to the amount in controversy by allowing Defendants to force the Plaintiff, through state court discovery procedures, to disclose whether Plaintiff intended to seek damages in excess of the minimum jurisdictional limit of federal courts in diversity cases. Sawisch v. Circuit City Stores, 960 F.Supp. 154 (N.D. Ill 1997).

The local rule was withdrawn because it created confusion as to whether a defendant could only remove a case by obtaining an admission from the Plaintiff as to the amount in controversy; not because the admission was improper or because it failed to support removal. *See* Official Comments to N. D. Ill. L.R. 81.2, attached hereto, labeled Exhibit "E," and incorporated herein by reference. The official comments, which are still quite current, state that the Defendant is free to use the Request for Admission procedure provided by Illinois rules in order to clarify the amount in controversy. Id.

---

[1] Pursuant to 735 ILCS 5/2-604, no ad damnum may be pleaded in actions for injury to the person, except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed.

[2] Pursuant to the general orders regarding the organization of the Circuit Court of Cook County, the Law Division will hear civil actions at law if they are in excess of $30,000.00, as this matter is. *See* Circuit Court of Cook County General Order No. 1.2, as well as Exhibit A.

8.    Based upon a plain reading and application of Illinois Supreme Court Rule 219, and both Illinois and Federal case law interpreting same, it is evident that the Defendant's Request to Admit which seeks to establish the amount in controversy in this matter is proper.  Therefore, Defendant respectfully strike Plaintiff's objection to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days.

    **WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, prays that this Honorable Court enter an Order striking Plaintiff's objections to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days.

                    Respectfully submitted,

                    JOHNSON & BELL, LTD.

    By:    _____
                    Paul Gamboa, one of the attorneys for
                    Marriott International, Inc.

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347

(b)  AVAILABILITY OF EXHIBITS.    Exhibits retained by counsel are subject to orders of the court. Upon request, counsel shall make the exhibits or copies thereof available to any other party to enable that party to designate or prepare the record on appeal.

(c)  REMOVAL OF EXHIBITS.    Exhibits deposited with the clerk shall be removed by the party responsible for them—

(1)  90 days after a final decision is rendered if no appeal is taken from that decision, or

(2)  where an appeal is taken, within 30 days after the mandate of the reviewing court is filed.

A party failing to comply with this rule shall be notified by the clerk to remove the exhibits. If a party fails to remove the exhibits within 30 days following such notice, the material shall be sold by the marshal at public or private sale or disposed of as the court directs. The net proceeds of the sale shall be paid into the registry of the Court.

(d)  WITHDRAWAL OF RECORDS.    Pleadings and records filed and exhibits deposited with the clerk shall not be withdrawn from the custody of the Court except as provided by these rules or upon order of court.  Parties withdrawing their exhibits from the court's custody and persons withdrawing items pursuant to an order of court shall give the clerk a signed receipt identifying the material taken, which receipt shall be filed.

## LR79.2.   Redemption from Judicial Sales

The clerk shall maintain a listing in which shall be recorded any certificate of purchase issued by the United States marshal, master in chancery or other officer of this court, together with any certificate of redemption from such sale, the costs thereof to be taxed in the cause in which the sale is made.

## LR80 is reserved.

## LR81.1.   Complaints Under the Civil Rights Act, 42 U.S.C. §1983, by Persons in Custody

*Pro se* complaints brought under the Civil Rights Act, 42 U.S.C. §1983, by persons in custody shall be in writing, signed and certified. Such complaints shall be on forms supplied by the Court.

## LR81.2.   Removals; Remands of Removals

(a)  REMOVALS.    Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy, exclusive of interest and costs, specified in 28 U.S.C § 1332 (the "jurisdictional amount") that is based on express allegations in that claim in conformity with that *ad damnum*, the notice of removal shall include in addition to any other matters required by law:

(1)  a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and

(2)  with respect to at least one plaintiff in the Illinois action, either—



PLAINTIFF'S
EXHIBIT

(A)   a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or

(B)   an admission by such plaintiff in response to a request for admissions (*see* Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (*see* Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph (2)(A) or of the admission by a plaintiff referred to in paragraph (2)(B), or the occurrence of the event giving rise to a deemed admission by a plaintiff referred to in subparagraph (2)(B) shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. §1446(b). Where the defendant or defendants do not include the statement required by paragraph (1) of this rule, or do not comply with one of the alternatives described in paragraph (2) of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction.

(b)   REMANDS OF REMOVALS.    When an order is entered directing that a case be remanded to a state court pursuant to 28 U.S.C. §1447(c) the clerk shall delay mailing the certified copy of the remand order for 14 days following the date of docketing the order of transfer, provided that where the court directs that the copy be mailed forthwith, no such delay shall be made.

The filing of a petition for reconsideration of an order of remand shall not serve to stop the remand of the case. The court on its own motion or on motion of the party filing a petition for reconsideration may direct the clerk not to complete the remand process until a date certain or further order of court.

*Committee Comment.*    This rule outlines a procedure to be followed in cases where the complaint filed in state court does not, on its face, indicate that the amount in controversy exceeds the jurisdictional amount specified by 28 U.S.C. § 1332(a). The rule establishes a procedure consistent with 28 U.S.C. § 1446. The rule recognizes that responses to written discovery and requests for admissions under the Rules of the Illinois Supreme Court may constitute a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b).

## LR81.3.   Habeas Corpus Proceedings by Persons in Custody

(a)   APPROVED FORM.    Petitions for writs of habeas corpus filed pursuant to 28 U.S.C. §2241 and §2254 and motions filed pursuant to 28 U.S.C. §2255 shall, when filed by persons in custody, be submitted on forms approved by the Executive Committee. The clerk will supply copies of the approved forms to any person requesting them.

Contents | Index | << | >>

# United States District Court

**Northern District Of Illinois**

**Local Rules**

**LR81.2. Removals; Remands of Removals**

*Committee Comment.* The rule is withdrawn. It imposes burdens on the manner in which lawyers practice in state courts without significant benefit and without clear authority to do so.

1. The Background of the Rule

"A local rule of a federal district court is written by and for district judges to deal with the special problems of their court." *Bell, Boyd, & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990).

LR 81.2 was adopted because the interaction of Illinois and federal rules creates uncertainty as to the removability of many cases filed in state courts. 735 ILCS 5/2-604 prohibits lawyers from specifying the amount of damages sought in personal injury cases "except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed."

The assignment rules of various Illinois courts require plaintiffs to state (by pleading or affidavit) whether their damages meet thresholds to determine whether certain procedures apply or to what division a case is assigned. A sample of these rules is set out in the Appendices A and B. The amounts in these rules do not correspond to the diversity jurisdiction threshold set out in 28 U.S.C. § 1332 (a)

This restriction on pleading damages sometimes created difficulties for both defendants and plaintiffs in case that might be removable.

A defendant "interested in removal is forced to speculate . . . as to the amount of plaintiff's likely recovery – and if defendant does prefer a federal forum it must err on the side of seeking removal, lest the 30-day time limit for such removal under Section 1446(b) were to expire before defendant could gain any greater certainty in that respect." *Sawisch v. Circuit City Stores*, 960 F.Supp. 154, 155 (N.D. Ill. 1997).

A plaintiff is ordinarily entitled to choose a state forum and preclude a federal forum by limiting damages to amounts below the diversity jurisdiction minimum. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913). An Illinois personal injury plaintiff could achieve this only when circuit court rule allowed the plaintiff to specify a damages category entirely below the federal jurisdictional floor. *See, e.g., Tokarz v. Texaco Pipeline, Inc.*, 856 F.Supp. 403, 403-04 (N.D. Ill. 1993) (claims under $30,000 to enable filing in Cook County's Municipal Department).

PLAINTIFF'S EXHIBIT F

A plaintiff willing to restrict a claim to $75,000 has no way to plead this in the complaint. Whether removal is appropriate must be determined at the point at which the notice of removal is submitted. *See In re Shell Oil Co.*, 966 F.2d 1130 (7th Cir. 1992) and 970 F.2d 355 (7th Cir. 1992) (per curiam); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424 (7th Cir. 1997); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S.Ct. 1920 (2004).

The rule prohibiting specific money damage claims in personal injury cases has had an effect on other cases. It has become "custom" to avoid specific claims of damages in many other kinds of cases, and the many state court rules manifest the pervasive nature of this custom. *See, e.g.*, Eighteenth Judicial Circuit Rule 13.02(d) (provides different arbitration practice of cases above $30,000 in damages).

2. The Reconsideration of the Rule

The Court of Appeals noted, a short time ago, that the ambit of the Rule is, on its face, too broad. Complaints for equitable relief fall within the literal scope of the Rule but it is the defendant who is in the best position to assess the costs of compliance with the injunction requested by plaintiff. *Rubel v. Pfizer*, 361 F.3d 1016, 1017-20 (7th Cir. 2004).

While considering the remedy to this problem, the Court undertook to review L.R. 81.2 as a whole. The rule has not been uniformly applied. E.g. *Huntsman Chemical Corporation v. Whitehorse Technologies, Inc.* 1997 WL 548043 (N.D. Ill. 1997), *Campbell v. Bayou Steel Corp.*, 2004 WL 1125901 (N.D. Ill. 2004), *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill 2002).

The situation which precipitated the Rule exists only in a very narrow range of cases. All that is required for removal is "reasonable probability" that more than $75,000 is in controversy. *Shaw v. Dow Brands*, 994 F.2d 364, 366 n.2 (7th Cir. 1993), *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). The very nature of the harm alleged in the case will usually make it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. (E.g. *McCoy v. General Motors Corp.*), 226 F. Supp. 2d at 941-42 ("it is obvious from a common-sense reading of the complaint"). Cases for which remand is sought are not a large part of our docket. In 2003, 117 motions to remand were filed; only 22 of them were based, in whole or in part, on the failure to meet the jurisdictional amount (See Appendix C).

Only one class of plaintiffs is disadvantaged by cases in which common-sense reading of the complaint shows a reasonable probability that damages exceed $75,000–those whose claims exceed $75,000 but wish to remain in state court by capping damages. We think such plaintiffs will not be numerous. For the few who do exist there may be nothing to stop them from tendering to defense counsel a written admission under Illinois Supreme Court Rule 216 which binds them to seek damages of no more than $75,000. It is true that Rule 216 contemplates a request for admission prior to an admission but nothing in the structure of the Rule suggests that a pre-request admission would not be binding.

There is no inherent flaw in a rule simply because it governs an extremely small class of cases. But such a rule must be both useful and limited in its effect on other cases. L.R. 81.2 is not so limited. It affects every money damage case in which there is diversity among parties–even when the amount in controversy is obviously in excess of $75,000. It requires

lawyers to tender one of two forms of damage discovery in hundreds of cases each year. Rarely will the results of this practice have any bearing on the decision to remand. The cost of compliance with L.R. 81.2 far outweighs its benefit to a tiny subset of plaintiffs.

The legitimate benefit to defendants is small as well and its cost is not justified by any legitimate benefit. A defendant may well worry about meeting the 30-day deadline to seek removal if defendant is uncertain about whether the jurisdictional amount is present in the case. We reiterate that such uncertainty is not common. In any event, the defendant is free to use the interrogatory or request for admission procedure provided by Illinois rules in order to clarify the amount in controversy. We see no reason to require that all defendants do so.

A recent Appellate Court holding creates a dilemma for any defendant who asserts lack of personal jurisdiction in state courts. Under LR81.2, defendant must seek discovery of the damages to be claimed. To do so constitutes "a general appearance and a waiver of any objection to the circuit court's in personam jurisdiction . . . " *Haubner v. Abercrombie & Kent*, 812 N.E.2d 704 (Ill App 2004). It is difficult to defend a rule which requires a defendant to submit to personal jurisdiction in order to try to remove its case to this court.

The Rule confers an unintended benefit on defendants. L.R. 81.2 requires the defendant to proffer an interrogatory or a request for admission. It then provides that the 30-day deadline does not begin to run until there is a response or a failure to timely respond. This allows a defendant a useful gambit, unrelated to the interests of fairness. A defendant seeking delay may not want a prompt removal if it thinks that the case will linger in state court. When the absolute one-year limit for removal (28 U.S.C. § 1446 (b)) comes near, a defendant might only then submit the damage interrogatory and thereafter seeks removal. Defendant is able to do this because the 30-day deadline does not, under the Rule, begin to run as a practical matter until the defendant chooses to start it.

The final problem with the Rule arises from the fact that no Court of Appeals has spoken to the right of a District Court to establish by Local Rule that, as a matter of law, the 30-day time limit is tolled until a damage discovery procedure is completed. *Rubel v. Pfizer*, 361 F.3d at 1020 at least suggests that our power to do so is doubtful. The prudent defense lawyer may well conclude that the only safe course is to file for removal within 30 days of the receipt of the complaint. If the case is remanded, the defense lawyer will then invoke the procedures under L.R. 81.2 hoping that the judge will abide by the timing provisions of the rule. There is no law against filing multiple petitions for removal. *Benson v. SI Handling Syst., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999). So long as this Court *might* be able to control the onset of the 30-day time limit, the defense will be compelled to try removal without complying with L.R. 81.2 and try again under the Rule if the case is remanded after the first attempt. This practice cannot commend itself to anyone.

For these reasons, we conclude that the rule ought to be withdrawn.

## Appendix

A. Application of Special Procedures

Where damages are not in excess of $5,000 then the case is a small claim governed by special rules. Ill.S.Ct.R. 281-89. If damages range from $5,000 to $50,000 there is only

limited and simplified discovery. Ill.S.Ct.R. 222. When damages fall within ranges (that vary among the circuit courts), the case may be subject to mandatory arbitration under Illinois Supreme Court Rule 86. *See, e.g.,* Cir.Ct.Cook.Co.R.18.3 (all actions filed in Municipal Districts seeking damages not to exceed $30,000); 18th.Cir.Ct.R. 13.01(b) (all actions seeking damages exceeding $5,000 but not exceeding monetary limit authorized by Supreme Court); 12th.Cir.Ct.R. 22.02(a) (all actions seeking damages exceeding $5,000 but not exceeding $30,000); 19th.Cir.Ct.R. 17.01(c) (Amended) (all actions seeking damages exceeding $5,000 but not exceeding $50,000); 17th.Cir.Ct.R. 2.07(d)-Rule 1(b)(all actions seeking damages exceeding $5,000 but not exceeding $50,000).

B. Assignment to Specific Division of the Court

In the Circuit Court of Cook County, a personal injury action may be filed in either the Law Division or one of six Municipal Districts. Municipal District One hears all personal injury actions seeking compensatory and money damages not in excess of $30,000, *see* Cir.Ct.Cook.Co.G.O. 1-2.3(b)(1); Municipal Districts Two, Three, Four, Five and Six hear cases for money damages not in excess of $100,000, see Cir.Ct.Cook.Co.G.O. 1-2.3(b)(2); and the Law Division hears all remaining actions, see Cir.Ct.Cook.Co.G.O. 1-2.1(a)(1)(i)-(ii). Plaintiffs must specify which division is the correct one.

Some circuits require personal injury plaintiffs to plead other categories of damages in their complaints. In Cook County's Municipal Department, the complaint must allege whether the amount of damages: (1) does not exceed $2,500; (2) are not less than $2,500 nor more than $30,000 for actions filed in Municipal District One nor more than $50,000 for actions filed in Municipal District Two, Three, Four, Five or Six; or (3) are not less than $50,000 nor more than $100,000 for actions filed in Municipal Districts Two, Three, Four, Five or Six. *See* Cir.Ct.Cook.Co.G.O. 1-2.3(b)(5)(i)-(iii). For all personal injury pleadings in the 18th Circuit, the complaint must allege whether the amount of damages is: (1) not greater than $5,000; (2) greater than $5,000 and not in excess of $15,000; (3) greater than $15,000 and not in excess of $30,000; (4) greater than $30,000 and not in excess of $50,000; or (5) greater than $50,000. *See* 18th.Cir.Ct.R. 6.03. Finally, for all personal injury pleadings in the 19th Circuit, the complaint must allege whether the amount of damages is: (1) greater than $5,000 but not exceeding $15,000; (2) greater than $15,000 but not exceeding $50,000; or (3) greater than $50,000. *See* 19th.Cir.Ct.R. 17.01(d)

C. Motion to Remand

A total of 117 motions to remand to state court were filed during 2003. Fifty-six of these motions were granted, forty-seven were denied, and fourteen were disposed of in another manner, *e.g.*, withdrawn, administratively terminated.

Twenty-six of the 117 motions reviewed (22.2%) cited a lack of diversity as a reason for seeking remand of the case. Twenty-two motions (18.8%) argued for remand because the amount in controversy was insufficient to justify the case having been removed to federal court. Only five motions (4.3%) sought remand because of incomplete consent by the defendants in the state court proceeding.

Thirty of the motions (25.6%) cited other jurisdictional reasons for remanding the case. Most of the motions in this category argued that, because certain issues in the case at hand had been disposed of, there was no federal jurisdiction for the remaining issues in the case.

Finally, thirty-four motions (29.1%) cited a variety of other reasons for remanding the case, including the argument that the petition for removal was not filed in a timely manner, agreement by all of the parties for the return of the case to the state court, and, in one case, the observation that the removal petition was filed by the plaintiff in the state case.

**Effective April 25, 2005**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| **MARIANN DUDECK,** | ) | 08cv1697        JH |
| | ) | JUDGE ST. EVE |
| Plaintiff, | ) | MAGISTRATE JUDGE COX |
| | ) | |
| -vs- | ) | |
| | ) | Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) | |
| individually and, **MARRIOTT** | ) | |
| **INTERNATIONAL, INC.,** d/b/a | ) | |
| **CHICAGO MARRIOTT O'HARE,** | ) | |
| **CHICAGO MARRIOTT O'HARE,** | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:    Daniel E. Goodman
       Law Office of Daniel E. Goodman
       1030 West Higgins Road
       Suite 365
       Park Ridge, Illinois 60068

Please take notice that on the **16th** day of **January, 2008**, Defendant **Marriott International, Inc.** filed with the Clerk of the Circuit Court of Cook County Chicago, Illinois, its **Reply to Plaintiff's Response to its Motion to Strike and Deem Admitted,** copies of which are attached hereto and served upon you.

JOHNSON & BELL, LTD.
33 West Monroe Street, #2700
Chicago, IL 60603
312/372-0770
Atty. No. 6347

### PROOF OF SERVICE

The undersigned, a non-attorney, on oath states she caused to be served the attached documents upon the above-named attorneys at their respective addresses on January 16, 2008, by depositing the same in the U.S. Mail located at 33 West Monroe Street, Chicago, Illinois 60603, proper postage prepaid and affixed thereon.

Under penalties as provided by law pursuant to ILL.REV. STAT. CHAP. 110 §1-109, certify that the statements set forth herein are true and correct.



**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | |
|---|---|
| MARIANN DUDECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| MARRIOTT INTERNATIONAL, INC., | )  Case No.: 07 L 008836 |
| individually and, MARRIOTT | ) |
| INTERNATIONAL, INC., d/b/a | ) |
| CHICAGO MARRIOTT O'HARE, | ) |
| CHICAGO MARRIOTT O'HARE, | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO STRIKE AND TO DEEM FACTS ADMITTED

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and for its Reply to the Plaintiff's Response to its Motion to strike an objection to its Request to Admit Facts and deem said facts admitted, or alternatively, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days, states as follows:

The pending contested motion is premised upon Defendant's contention that its use of Illinois discovery procedures to ascertain, among other things, whether or not the Plaintiff contends that the amount in controversy exceeds the jurisdictional minimum for removal to Federal Court pursuant to 28 U.S.C. §1332 was proper pursuant to Supreme Court Rule 216 and the case law interpreting same. Specifically, the Defendant argues that a request to admit that the amount in controversy will in no event exceed $75,000.00 is a proper "fact" for the purposes of Rule 216, whose admission or denial rests squarely within the purview of the Plaintiff. As such, the Defendant moved this Court to strike Plaintiff's objection thereto.

The Plaintiff argues that its response to Defendant's request was timely and essentially argues that its objections to the aforementioned request as to the amount in controversy are proper, as such a request constitutes an opinion rather than a fact. She further asserts that the Seventh Circuit Court of Appeals has determined that requests to admit an amount in controversy are not questions of fact. Plaintiff finally argues that the withdrawal of Local Rule 81.2 by the United States District Court for the Northern District of Illinois is tantamount to a holding that a request to admit an amount in controversy is improper.

While the timeliness of Plaintiff's response to its request to admit is certainly arguable, Defendant's main contention is that the contested request for admission of fact at issue here is most certainly proper. Illinois Courts have consistently held that a request to admit facts may ask about *any* specified relevant issue of fact, provided that it does not ask for an answer to an issue of law. Defendant clearly is not seeking the Plaintiff to admit or deny any kind of legal conclusion. As to her contention that the Seventh Circuit has determined that a request to admit an amount in controversy is not a question of fact but rather some kind of impermissible opinion; such an averment is simply not accurate. As to the withdrawal of Local Rule 81.2, and as noted in Defendant's initial motion, that rule was withdrawn insofar as it *required* admissions of fact as to the amount in controversy. It is clear from a review of the Comments published explaining the former rule's withdrawal that the propriety of such a request has never been questioned. For the foregoing reasons, discussed in greater detail below, Defendant moves this Honorable Court to strike the Plaintiff's objection to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days.

**PLAINTIFF HAS FAILED TO SERVE DEFENDANT WITH HER RESPONSES TO ITS REQUESTS TO ADMIT FACTS WITHIN THE 28 DAYS SET FORTH BY RULE 216**

In her responsive pleading, Plaintiff argues that it was not served with Defendant's Request to Admit until October 5, 2007, even though it was file-stamped October 1, 2007 and mailed the same date. As support for this argument, Plaintiff relies on Illinois Supreme Court Rule 12(c), which holds that service by mail is complete four days after mailing,

Such an argument, however, is circular and suffers from an inherent fatal flaw. According to the Plaintiff's own argument and an application of the plain language of Rule 12(c), the Defendant was not served with Plaintiff's Responses to the Request to Admit until November 5, 2007, as they were file-stamped and served by mail by the Plaintiff on November 1, 2007.

Therefore, the Plaintiff's responses are still non-compliant with Illinois Supreme Court Rule 216, which states in relevant part that "[e]ach of the matters of fact... of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed *serves* upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested... or (2) written objections..." (Emphasis added). Thus, pursuant to Rule 216(c)'s self-executing language, all facts referenced in Defendant's Request to Admit Facts, including the request regarding the amount in controversy, are now deemed admitted.

## NOTWITHSTANDING ISSUES OF TIMELINESS, A REQUEST TO ADMIT OR DENY AN AMOUNT IN CONTROVERSY IS CLEARLY PROPER

The Plaintiff argues that a request to admit an amount in controversy is impermissible insofar as it seeks the admission or denial of an opinion. Citing to no Illinois State case law for such a contention, it cites to Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536 (7th Cir 2006) as support for her position. Far from supporting her assertions, the Meridian Security Ins. Co. actually provides support for the use of Illinois discovery procedures to establish an amount in controversy.

The Meridian Security Ins. Co. decision sought, in part, to clarify issues surrounding the burden a party must meet to properly support its removal based upon diversity jurisdiction. Meridian Security Ins. Co., 441 F.3d at 539-543. The Seventh Circuit, in determining how a removing party may establish the amount in controversy, never held that a Request to Admit in that regard was impermissible. Rather, it specifically condoned the use such an avenue. It writes that the proponent of federal jurisdiction may establish an amount in controversy "by contentions [sic] *interrogatories or admissions in state court;* [or] by calculations from the complaint's allegations (as in Brill)..." Meridian Security Ins. Co., 441 F.3d at 541. (Emphasis added).

The Court in Meridian Security Ins. Co. cited to the Shaw v. Dow Brands, Inc. decision in an appreciation for the conundrum facing a State Court Defendant seeking to determine an amount in controversy when such a specification is prohibited by State Court rules. Meridian Security Ins. Co., 441 F.3d at 541. In Shaw, the Seventh Circuit noted that normally, the Federal Court in a removal action determines the amount in controversy by merely looking at Plaintiff's state court complaint, along with the record as a whole. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993).

4

Recognizing that Illinois law precludes tort claimants from specifying exact damages in their Complaint beyond those limits set by local circuit court rules, the Court expressly supported the use of interrogatories by parties seeking to remove the case to determine those damages. <u>Shaw</u>, 994 F.2d at 366-367. In so doing, it recognized that the Plaintiff is in the best position to know how much her claim is worth. <u>Shaw</u>, 994 F.2d at 366. Contrary to the Plaintiff's assertions, it can thus be seen that federal courts *do* support the use of requests to admit, as well as other discovery tools, to establish the jurisdictional minimum required to remove a matter based upon diversity.

The Northern District of Illinois adopted its Local Rule 81.2 in an effort to ameliorate the difficulties faced by such a Defendant as the Marriott Hotel herein, allowing Defendants to force a Plaintiff, through state court discovery procedures, to disclose whether Plaintiff intended to seek damages in excess of the minimum jurisdictional limit. See N. D. Ill. L.R. 81.2. (*Withdrawn April 25, 2005); see also* <u>Sawisch v. Circuit City Stores</u>, 960 F.Supp. 154 (N.D. Ill 1997). As noted in Defendant Marriott's initial motion, the rule was withdrawn because it created confusion as to whether a Defendant could *only* remove a case by obtaining such an admission from the Plaintiff as to the amount in controversy. *See* Pl's Mtn., Par. 9; *and also* Official Comments to N. D. Ill. L.R. 81.2; <u>Rubel v. Pfizer, Inc.</u>, 361 F.3d 1016 (7th Cir. 2004).

Referencing the <u>Rubel</u> decision, the Official Comments state that "The Court of Appeals noted, a short time ago, that the ambit of the rule is too broad...The situation which precipitated the Rule exists only in a very narrow range of cases...The very nature of the harm alleged in the case will usually make it simple for a judge to determine whether it is more likely true than not that amount in controversy exceeds the jurisdictional requirement." *See* Official Comments to N. D. Ill. L.R. 81.2. Here, it

5

is not apparent from the face of the Complaint, as it would be, for example, in a Wrongful Death Case, that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.   Therefore, in accordance with the procedure still recognized as being valid by the Local Rules Committee, Defendant tendered a Request to Admit Facts to determine the potential value of the case and the amount in controversy.

The Official Comments to N. D. Ill. L.R. 81.2 state:

> A defendant may well worry about meeting the 30-day deadline to seek removal if defendant is uncertain about whether the jurisdictional amount is present in the case. We reiterate that such uncertainty is not common. **In any event, the defendant is free to use the interrogatory or request for admission procedure provided by Illinois rules in order to clarify the amount in controversy.** We see no reason to require that all defendants do so.

Official Comments to N. D. Ill. L.R. 81.2.   (Emphasis added).   In the case at bar, Defendant proceeded in accordance with the directive contained in the Official Comments to Local Rule 81.2 by seeking an admission as to the amount in controversy. It did not propound its request to admit seeking the unintended benefit, as Plaintiff suggests, of waiting for the one-year absolute limit on removal to come near and then propound such a discovery request in the hopes of buying additional time and allowing the case to languish in State court.   The Request to Admit in this matter was propounded on the very same day that the Defendant's appearance was filed, and was propounded in an effort to determine whether or not adequate grounds existed to support the immediate removal of this matter to Federal court pursuant to 28 U.S.C. §§ 1442 and 1332.

6

Plaintiff has improperly objected to Defendant's request that she admit or deny that the amount in controversy will in no event ever exceed $75,000.00, exclusive of interest and costs, contrary to the clear precedential authority holding that such a request is permissible.  Therefore, Defendant respectfully requests that this Honorable Court strike the Plaintiff's objection thereto and deem said fact admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.**, prays that this Honorable Court enter an Order striking Plaintiff's objections to Defendant's Request to Admit Facts and deem said facts admitted, or in the alternative, to strike Plaintiff's objection and compel her to answer the Request within seven (7) days.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _____

Paul Gamboa, one of the attorneys for
Marriott International, Inc.

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | | |
|---|---|---|
| MARIANN DUDECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 07 L 008836 |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | |
| individually and; MARRIOTT INTERNATIONAL, | ) | 08cv1697      JH |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) | JUDGE ST. EVE |
| CHICAGO MARRIOTT O'HARE, individually. | ) | MAGISTRATE JUDGE COX |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING

TO:   ROBERT M. BURKE
      JOHNSON & BELL, LTD.
      33 W. MONROE ST., SUITE 2700
      CHICAGO, IL 60603

PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO ADMIT, PLAINTIFF'S ANSWERS TO INTERROGATORIES, AND PLAINTIFF'S ANSWERS TO DEFENDANT'S RULE 213(f) INTERROGATORIES**, dated at Park Ridge, Illinois, this ___ day of January, 2008.

THE LAW OFFICE OF DANIEL E. GOODMAN

RYAN M GRIFFIN

### CERTIFICATE OF SERVICE

I, Ryan M Griffin, an attorney, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this _17_ day of January, 2008.

Ryan M Griffin

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**

**EXHIBIT**

tabbies

_O_

STATE OF ILLINOIS )
                   ) SS                       ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, )<br><br>           Plaintiff, )<br>vs. )<br>)<br>MARRIOTT INTERNATIONAL, INC., )<br>individually and; MARRIOTT INTERNATIONAL, )<br>INC. d/b/a CHICAGO MARRIOTT O'HARE; )<br>CHICAGO MARRIOTT O'HARE, individually. )<br>)<br>          Defendants. ) | No. 07 L 008836 |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES

**NOW COMES** the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICES OF DANIEL E. GOODMAN, who answers the Interrogatories under oath propounded by Defendants, MARRIOTT INTERNATIONAL, INC., individually and; MARRIOTT INTERNATIONAL, INC., d/b/a CHICAGO MARRIOTT O'HARE, and CHICAGO MARRIOTT O'HARE, individually, by Counsel as follows:

     1.     State your full name and present address, your date of birth, social security number, and all other names by which you have been known.

**ANSWER:**

     Mariann Dudeck        SS: 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
     1714 Howard Ave     DOB: 06/30/1947
     Des Plaines, IL 60018

     2.     State the full name and address of each person who witnessed or claims to have witnessed the occurrence alleged in your complaint.

**ANSWER:**

Stephanie Thompson                Chris Amato
8342 N. Osceola Ave               80 S. Brighton Place
Niles, IL 60714                   Arlington Heights, IL 60004

Fran Fonseca
3741 N. Osceola Ave
Chicago, IL 60634

3.     State the full name and current residence address of each person not named in No. 2 above, who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence.

**ANSWER:**

None

4.     Describe in general the personal injuries sustained by you as a result of said occurrence.

**ANSWER:**

Per the ambulance, Plaintiff complained of right arm pain and elbow pain, and was treated with Morphine. Per the emergency room, Plaintiff was diagnosed with posterior elbow dislocation with chip fracture (open fracture with closed reduction). Per Dr. Jimenez, Plaintiff was diagnosed with posterior-lateral right elbow dislocation.

5.     With regard to your injuries, state:

(a)    The name and address of each attending/consulting physician;
(b)    The name and address of each person or laboratory taking an x-ray of you;
(c)    The date or inclusive dates on which each of them rendered you service;
(d)    The amounts to date of their respective bills.

**ANSWER:**

L. Gilbert (paramedic)
C. Kulinski (paramedic)
Chicago Fire Department
10 West 35th Street
Chicago, IL 60616
05/23/06

Dr. Mark Switzer, M.D.
Resurrection Health Care- ER
7495 W. Talcott Ave.
Chicago, IL 60631

05/23/06
$3,411.50

Kerry Fiala, M.S., OTR/L
Taizoon H. Baxamusa, M.D.
Illinois Bone and Joint Institute
9000 Waukegan Rd.
Morton Grove, IL 60053
05/25/06, 06/01/06, 06/12/06, 06/13/06, 07/10/06, 07/31/06, 08/31/06, 09/28/06, 11/09/06,
$6,396.00

Richard J. Hayek, M.D.
Northwest Orthopaedic Association
7447 W. Talcott Ave., Ste. 500
Chicago, IL 60631
05/23/06
$1,470.00

RMC Emergency Physicians
Resurrection Medical Center
520 E. 22nd Street
Lombard, IL 60148
05/23/06
$467.00
Investigation Continues

Diagnostic Imaging Association
P.O. Box 68
Northbrook, IL 60065
Investigation Continues

Med Source, LLC
P.O. Box 1248
Bloomington, IL 61702
09/07/06
Investigation Continues

        6.      As the result of your personal injuries, were you a patient or outpatient in any
hospital and/or clinic?  If so, state the names and addresses of all hospitals and/or clinics, the
amounts of their respective bills and the date or inclusive dates of their services.

**ANSWER:**

        See Answer to Interrogatory #5.

7.      As the result of your personal injuries, were you unable to work?  If so, state:

(a)     The name and address of your employer
(b)     The date on which you were unable to work;
(c)     The amount of wage and/or income loss claimed by you;
(d)     The name and address of your present employer; and
(e)     The names and addresses of all employers for whom you have worked since the date of said occurrence (excluding those already identified) and the dates you worked for such employers.

**ANSWER:**

Kaercher Campbell & Associates
8725 W. Higgins Road Ste. 485
Chicago, IL 60631
05/23/06 – 10/03/06
10/09/06 – 11/09/06 (light duty)
$16,382.08

8.      State any and all other expenses and/or losses you claim as a result of the occurrence.

**ANSWER:**

None.

9.      During the ten (10) years immediately prior to the date of said occurrence, had you suffered any personal injury, been confined in a hospital, been treated by a physician, or been x-rayed for any reason? Is so, give the name and address of each such hospital, physician, technician, or clinic, the approximate date of such confinement or service and state, in general, the reason for such confinement or service.

**ANSWER:**

None.

10.     Since the date of said occurrence, have you suffered (a) any personal injury that required the care of a doctor, or (b) illness that required the care of a doctor? If so, for (a) state when, where and, in general, how you were injured and describe in general the injuries suffered; and for (b) state when you were ill and describe in general the illness.

**ANSWER:**

Fractured Ankle
Illinois Bone and Joint Institute
St. Patties Day '07

11.    State the name and address of you family physician for the last ten years.

**ANSWER:**

Dr. Ferber

12.    If you were insured under a policy of insurance providing for payment of your medical expense, or any part thereof, as a result of the occurrence alleged in the Complaint, and if you presented a claim under said policy of insurance, what is the name and address of the insurance carrier, the name of the insured, and the policy number.

**ANSWER:**

Blue Cross of California                Identification Number: XDP764A51045
BC Life & Health Insurance Co.          Group Number: 151398M003
P.O. Box 70000
Van Nuys. CA 91470

13.    Have you ever filed any other suit for your own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

Case No. 96 L 12156
This action was against Home Depot in Niles, Illinois.

14.    Were any photographs taken of the scene of the occurrence or of the persons and/or objects involved?  If so, state the date or dates on which such photographs were taken, the subject thereof and who now has custody of them,

**ANSWER:**

Yes. Photographs of the scene where the incident occurred were taken.
07/31/07
Law Office of Daniel E. Goodman

15.    Do you have statements from any witness other than yourself and, if so, state the name and address of each such witness, the date of said statement and state whether such statement was oral or written.

**ANSWER:**

None.

16.    List the names and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

Doctors, Attorneys, Friends and Family.

17.    State whether you have fully recovered from the effects of any injury, illness or disability sustained by you as a result of the alleged occurrence. If so, state the date when you were fully recovered.

**ANSWER:**

I am constantly stiff and my doctor says this will never cease.

18.    Did you consume any drugs, medication, or alcoholic beverages within 24 hours prior to the occurrence? If so, list the type and quantity of the drug, medication or beverage consumed and the time period during which each was consumed.

**ANSWER:**

No.

19.    Were you carrying anything at the time of the occurrence? If so, please identify the nature of the material you were carrying, its size and shape.

**ANSWER:**

No.

20.    Did the Plaintiff file a worker's compensation claim as a result of the incident alleged in the Plaintiff's Complaint at Law? If so, please list the following:

(a)    The venue in which the action was filed;
(b)    The docket number;
(c)    Whether the action remains pending or has been settled;
(d)    The total amount of medical bills paid by the worker's compensation carrier;
(e)    The total amount of total temporary disability benefits paid by the worker's compensation carrier as a result of the incident alleged in Plaintiff's Complaint at Law;
(f)    If the action has been resolved, list the amount of the permanent partial disability benefits paid to the Plaintiff as a result of the incident alleged in Plaintiff's Complaint at Law.

**ANSWER:**

No.

21.    What was the purpose of Plaintiff's presence on the premises referenced in the Complaint at the time of the incident alleged in Plaintiff's Complaint.

**ANSWER:**

I was walking with friends to work.

22.    Did any employee or agent of the Marriot O'Hare Hotel ever give Plaintiff the permission to enter upon the premises? If so, list the name and job title of each such individual and the date that such permission was given.

**ANSWER:**

No.

23.    Does Plaintiff stipulate and admit that the damages she will recover in this action will in no event ever exceed the sum of $75,000.00, exclusive of interests and costs?

**ANSWER:**

Objection.

24.    Was Plaintiff upon the premises referenced in the Complaint, at the time of the incident referenced in the Complaint, for the purpose of doing business with Marriot International, Inc.? If so, describe the nature of the business Plaintiff intended to do with the subject hotel at the time and place referenced in the Complaint.

**ANSWER:**

No.


RYAN M GRIFFIN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | | |
|---|---|---|
| **MARIANN DUDECK,** | ) | 08cv1697      JH |
| Plaintiff, | ) | JUDGE ST. EVE |
| | ) | MAGISTRATE JUDGE COX |
| -vs- | ) | |
| | ) Case No.: 07 L 008836 | |
| **MARRIOTT INTERNATIONAL, INC.,** | ) | |
| individually and, **MARRIOTT** | ) | |
| **INTERNATIONAL, INC.,** d/b/a | ) | |
| **CHICAGO MARRIOTT O'HARE,** | ) | |
| **CHICAGO MARRIOTT O'HARE,** | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
Law Div.-2203

JAN 2 5 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### NOTICE OF ROUTINE MOTION

TO:    Daniel E. Goodman
       Law Office of Daniel E. Goodman
       1030 West Higgins Road
       Suite 365
       Park Ridge, Illinois 60068

On **January 25, 2008** at **8:45 a.m.,** I shall appear before the Honorable Judge **Diane Larsen** in **Room 2203** of the Richard J. Daley Center, Chicago Illinois, and then and there present Defendant's **Routine Motion for Extension of Time to Respond to Plaintiff's Requests to Admit,** a copy of which is attached hereto and hereby served upon you.

NAME:  JOHNSON & BELL, LTD.                 ATTY. FOR:  Defendants
ADDRESS: 33 West Monroe Street               CITY:  Chicago, IL  60603
PHONE:  (312) 372-0770                       ATTORNEY NO.  06347

### PROOF OF SERVICE BY MAIL

The undersigned, a non-attorney, on oath states I served this notice by mailing a copy to the above mentioned attorneys at their respective addresses, by placing same in the U.S. Mail Facility, at 33 West Monroe Street, Chicago, Illinois, proper postage prepaid before 5:00 P.M., on this 17th day of January, 2008.

*Heather G. Chmiel*

[x]    Under penalties as provided by law pursuant
       to ILL. REV. STAT. CHAP. 110 □1-109, I
       certify that the statements set forth herein are
       true and correct.



EXHIBIT
P

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

**MARIANN DUDECK,**                )
                                   )
           **Plaintiff,**           )
                                   )
      -vs-                      )
                                   )   Case No.: 07 L 008836
**MARRIOTT INTERNATIONAL, INC.,**   )
individually and, **MARRIOTT**       )
**INTERNATIONAL, INC.,** d/b/a       )
**CHICAGO MARRIOTT O'HARE,**         )
**CHICAGO MARRIOTT O'HARE,**         )
individually,                       )
                                   )
         **Defendants.**         )



## MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSES TO PLAINTIFF'S REQUESTS TO ADMIT BEYOND 28-DAY DEADLINE

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and moves this Honorable Court, pursuant to Supreme Court Rule 183, for an extension of time to file responses to Plaintiff's Requests to Admit beyond the 28-day deadline. In support thereof, Defendant states as follows:

1.    Plaintiff, Mariann Dudeck, has filed a Complaint in the above captioned lawsuit alleging that she sustained certain personal injuries at the premises located 8535 West Higgins Road in the City of Chicago, County of Cook and the State of Illinois on May 23, 2006, and Plaintiff alleges that she was injured as a result of the negligent conduct of Defendant.

2.    On January 15, 2008, Defense counsel learned during a telephone call with Plaintiff's counsel that Plaintiff had served upon it Requests to Admit Facts. Defense counsel, not having yet received said Request to Admit Facts, requested that Plaintiff send a copy via facsimile, which Plaintiff's counsel kindly did. A copy of Plaintiff's faxed Request to Admit is attached hereto, labeled "Exhibit A," and is incorporated herein by reference.

3. Plaintiff's Requests to Admit indicates that it was sent via first class mail on December 18, 2007. *See* Exhibit A. As indicated above, Defense counsel did not receive a copy of Plaintiff's Request to Admit via mail.

4. Defendant moves now, pursuant to Illinois Supreme Court Rule 183, for an extension of time to its file answers to Plaintiff's Requests to Admit beyond that of the 28-day deadline specified in the Requests. Rule 183, states that: "[t]he court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

5. On January 17, 2008, Defense counsel spoke to Plaintiff's counsel regarding this motion, and its planned request to respond to her Request to Admit within 14 days thereof, and Plaintiff voiced no objection.

WHEREFORE, Defendant, **MARRIOTT INTERNATIONAL, INC.**, also doing business as Chicago O'Hare Marriott Hotel, moves this Honorable Court pursuant to Supreme Court Rule 183 for an extension of time to file responses to Plaintiff's Requests to Admit beyond the 28-day deadline. Defendant respectfully requests an additional 14 days from the presentment of this motion to properly respond to Plaintiff's Request to Admit.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: _____

Paul Gamboa, one of the attorneys for
Marriott International, Inc.

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

2

# Law Office of
# Daniel E Goodman

### ATTORNEYS AT LAW

1030 W. HIGGINS RD.
SUITE #365
PARK RIDGE, ILLINOIS 60068
TELEPHONE 847/292-6000
FAX 847/292-0390

DANIEL E GOODMAN

SCOTT SPIEGEL

| | |
|---|---|
| FAX NUMBER: | (312) 372 9818 |
| DATE: | 1/15/08 |
| TO: | Robert M Burke |
| FROM: | Ryan Griffin / Daniel E Goodman |
| RE: | Dudeck v. Marriot International et. al. |

NUMBER OF PAGES INCLUDING COVER PAGE __4__

Mr. Burke,

Attached please find Plaintiff's Request to Admit and Notice of Filing.

Sincerely,

Ryan M Griffin



STATE OF ILLINOIS )
              ) SS                         ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

2007 DEC 21 PM 12: 08

| | |
|---|---|
| MARIANN DUDECK, | ) |
| | ) |
| Plaintiff | ) |
| | )     No. 07 L 008836 |
| vs. | ) |
| | ) |
| MARRIOTT INTERNATIONAL, INC., | ) |
| individually and; MARRIOTT INTERNATIONAL, | ) |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) |
| CHICAGO MARRIOTT O'HARE, individually. | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF FILING

TO:    ROBERT M. BURKE
          JOHNSON & BELL, LTD.
          33 W. MONROE ST., SUITE 2700
          CHICAGO, IL 60603

       PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: REQUEST TO ADMIT dated at Park Ridge, Illinois, this 21 day of December, 2007.

                        THE LAW OFFICE OF DANIEL E. GOODMAN

                        DANIEL E. GOODMAN

### CERTIFICATE OF SERVICE

I, Daniel E. Goodman, an attorney, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this 21 day of December, 2007.

                        Daniel E. Goodman

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**

FILED B - 20

2007 DEC 21 PM 12: 09
ATTORNEY NO. 43629
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

STATE OF ILLINOIS )
　　　　　　　　　　) SS
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 07 L 008836 |
| | ) |
| MARRIOTT INTERNATIONAL, INC., | ) |
| individually and; MARRIOTT INTERNATIONAL, | ) |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) |
| CHICAGO MARRIOTT O'HARE, individually. | ) |
| | ) |
| Defendants. | ) |

### REQUEST TO ADMIT

NOW COMES the Plaintiff, Mariann Dudeck, by and through her attorneys, LAW OFFICES OF DANIEL E. GOODMAN, who respectfully request pursuant to Illinois Supreme Court Rule 216 that the Defendant admit or deny the following allegations within twenty-eight (28) days.

1)   That on May 23, 2006 the parking lot upon which Plaintiff, Ms. Marian Dudeck fell was open to the public.

**ANSWER:**

2)   That on May 23, 2006 Plaintiff, Ms. Mariann Dudeck was a member of the public

**ANSWER:**

3)   That on May 23, 2006 Ms. Dudeck was not prohibited from walking on the parking lot at issue.

**ANSWER:**

4) That on May 23, 2006 there were no "No Trespassing" signs posted in the parking lot at issue.

**ANSWER:**

5) That the value of Ms. Dudeck's claim for damages sustained in the slip and fall that occurred on May 23, 2006 meets or exceeds $75,000.00

**ANSWER:**

DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF(S)

ATTORNEY NO. 43629
LAW OFFICES OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD
SUITE #365
PARK RIDGE, IL 60068
708/ 292-6000

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **MARIANN DUDECK,** | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) |
| individually and, **MARRIOTT** | )     08cv1697     JH |
| **INTERNATIONAL, INC.,** d/b/a | )     JUDGE ST. EVE |
| **CHICAGO MARRIOTT O'HARE,** | )     MAGISTRATE JUDGE COX |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

### ROUTINE ORDER

**THIS CAUSE** coming to be heard upon Routine Motion of Defendant, **MARRIOTT INTERNATIONAL, INC.,** due notice having been given, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's motion for an extension of time to file its Response to Plaintiff's Request to Admit is granted;

**IT IS HEREBY ORDERED** that Defendant is granted an additional fourteen days (14) days to serve Plaintiff with its Response to Plaintiff's Request to Admit.

Dated: _____



ENTER:

_____
JUDGE

PAUL GAMBOA
JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Duncan_

v.

_Monsanto Intl, Inc._

}

08cv1697     JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

No. _07 L 0136_

## ORDER

_This Attorney, upon the filed on defendant's motion to strike Plaintiff's opposition to strike Plaintiff's motion, all matters said had recorded on the account to compel Plaintiff's answer to give her these documents, and Court being advised;_

_IT IS HEREBY ORDERED That:_

_(1) Defendant's motion to strike is, the Court finds that Defendant filed the Plaintiff's part of, or shall be, is improper;_

_(2) This matter is set for future case management on February 29, 2008 at 9:00 a. in Room 2703 for status on written discovery._

Atty. No.: _06941_

Name: _Johnson, Bell, Ltd._

Atty. for: _Defendant_

Address: _33 N. Monroe_

City/State/Zip: _Chicago IL 60603_

Telephone: _312.372.0770_

ENTERED:

Dated: _____

ENTERED
JUDGE DIANE J. LARSEN·1771

JAN 2 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge _____    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



EXHIBIT

_R_



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

**MARIANN DUDECK,**                  )
                                     )
       Plaintiff,                )
                                     )
    -vs-                         )
                                     )  Case No.: 07 L 008836
**MARRIOTT INTERNATIONAL, INC.,**    )
individually and, **MARRIOTT**       )  08cv1697    JH
**INTERNATIONAL, INC.,** d/b/a       )  JUDGE ST. EVE
**CHICAGO MARRIOTT O'HARE,**         )  MAGISTRATE JUDGE COX
**CHICAGO MARRIOTT O'HARE,**         )
individually,                        )
                                     )
       Defendants.               )

## ANSWER TO COMPLAINT AT LAW

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and for its Answer to Plaintiff's Complaint at Law states the following:

1.    That on or about May 23, 2006 and for some time prior and subsequent thereto, the Defendant, MARRIOTT INTERNATIONAL, INC., individually, was a tenant pursuant to a lease, owned, operated, managed, maintained, controlled, and/or possessed a building wherein a business commonly known as "Chicago Marriott O'Hare" was open to the public and a parking lot and the real estate and premises upon which that building and parking lot is located in what was commonly known as 8535 W. Higgins Road in the City of Chicago, County of Cook and State of Illinois.

**Answer:**   Marriott International, Inc. admits that at the time and place alleged, it managed and operated the hotel, including the parking lot located at said hotel, but denies the remaining allegations, including the improperly alleged legal conclusions, contained in paragraph 1 of Plaintiff's Complaint at Law.



**EXHIBIT**

_____ S _____

2.    On the aforesaid date, Plaintiff, MARIANN DUDECK, was lawfully upon the parking lot referred to in Paragraph Number One.

**Answer:**    Marriott International, Inc. has insufficient knowledge regarding the truthfulness of the allegations contained in paragraph 2 of Plaintiff's Complaint at Law, and therefore, denies said allegations and requires strict proof thereof.

3.    At the time and place aforesaid, the Plaintiff, MARIANN DUDECK, was caused bodily injury when she was walking upon the parking lot along and/or parallel to the curb when the Plaintiff's foot twisted upon buckled asphalt which was located in that area.

**Answer:**    Marriott International, Inc. has insufficient knowledge regarding the truthfulness of the allegations contained in paragraph 3 of Plaintiff's Complaint at Law, and therefore, denies said allegations and requires strict proof thereof.

4.    It was the duty of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE to exercise ordinary care in the possession, ownership, management, operation and control of the aforesaid premises for the safety of those persons lawfully thereon.

**Answer:**    Marriott International, Inc., states that its duty was that prescribed by the laws of the State of Illinois and not otherwise and denies that Plaintiff has properly alleged the duty then and there owed by it.

5.    That at the time and place aforesaid, the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, breached its aforementioned duties in one or more of the following ways:

2

(a)    Carelessly and negligently managed, maintained, controlled and operated said premises so that as a direct and proximate result thereof Plaintiff was injured;

(b)    Failed to make adequate and proper inspection of said premises to determine the dangerous condition thereof;

(c)    Carelessly and negligently allowed buckled cement to exist in the parking lot creating a dangerous condition;

(d)    Allowed the continued existence of the buckled asphalt which constituted a trip hazard in the parking lot;

(e)    Failed to paint, accent, alert or warn the public, including the Plaintiff, of the aforesaid buckled asphalt although Defendant knew or should have known that said failure was likely to result in injury to persons walking upon the parking lot with the buckled asphalt and sustaining injury including the Plaintiff;

(f)    Otherwise negligently managed, maintained, operated and controlled said premises.

**Answer:**    Marriott International, Inc., denies the allegations contained in paragraph 5 of Plaintiff's Complaint at Law, including each and every allegation contained in subparagraphs (a) through (f) of said Complaint.

6.    That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, the Plaintiff, MARIANN DUDECK, was injured, both internally and externally, and suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body, and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment; and her said injuries required hospitalization, all of which said injuries are permanent; and she has been kept from attending to her ordinary affairs and duties; and she has lost large gains, and has become obligated for large sums of money for medical and hospital care and attention.

3

**Answer**: Marriott International, Inc. denies the allegations contained in paragraph 5 of Plaintiff's Complaint at Law.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, denies that Plaintiff is entitled to judgment in the amount sought or in any sum whatsoever and further prays that judgment and costs be entered in its favor and against the Plaintiff.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, by and through its attorneys, JOHNSON & BELL, LTD., and in the alternative to the denials contained in its Answer, and for its First Affirmative Defense to Plaintiff's cause of action, states that the Plaintiff, **MARIANN DUDECK**, was careless and negligent in one or more or all of the following respects, which proximately caused the injuries and damages of which she complains:

(a)    Carelessly and negligently failed to keep a proper lookout for her own safety;

(b)    Carelessly and negligently failed to observe where she was walking;

(c)    Was otherwise careless and negligent.

**WHEREFORE**, Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel prays for judgment and costs in the event that the Plaintiff, **MARIANN DUDECK**, is found to be more than fifty (50%) percent at fault for causing her own injuries and damages, or in the alternative, prays for a reduction of any damages awarded to the Plaintiff in proportion to the percentage of Plaintiff's own contributory fault.

Respectfully submitted,

JOHNSON & BELL, LTD.,

By: _____

Paul Gamboa, one of the attorneys for
Marriott International, Inc.


JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **MARIANN DUDECK**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Case No.: 07 L 008836 |
| **MARRIOTT INTERNATIONAL, INC.,** | ) |
| individually and, **MARRIOTT** | ) |
| **INTERNATIONAL, INC.,** d/b/a | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| **CHICAGO MARRIOTT O'HARE,** | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT

Paul Gamboa, being first duly sworn upon oath, deposes and states that he is one of the attorneys for Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, in the above-captioned matter, that he is informed as to the statements of insufficient knowledge to form a belief as to the truthfulness of certain allegations contained in the Complaint at Law, and that on the basis thereof, Defendant denies said allegations and require strict proof thereof.

By: _____

Paul Gamboa, one of the attorneys for
Marriott International, Inc.

SUBSCRIBED AND SWORN TO
before me this _____ day of
February, 2008.

_____
Notary Public

"OFFICIAL SEAL"
LOUISE FREITAG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-19-11

JOHNSON & BELL, LTD.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| **MARIANN DUDECK,** | ) |
| Plaintiff, | ) |
| -vs- | ) |
| **MARRIOTT INTERNATIONAL, INC.,** individually and, **MARRIOTT INTERNATIONAL, INC.,** d/b/a **CHICAGO MARRIOTT O'HARE, CHICAGO MARRIOTT O'HARE,** individually, | ) Case No.: 07 L 008836 |
| Defendants. | ) |

08cv1697      JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

### SECOND REQUEST TO ADMIT FACTS

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** by and through its attorneys, JOHNSON & BELL, LTD., and request that Plaintiff, **MARIANN DUDECK,** admit or deny the truthfulness of the following within twenty-eight (28) days:

1.     Plaintiff, Mariann Dudeck, agrees and stipulates that she will, in no event, ever seek any damages in excess of $75,000.00, exclusive of interests and costs, relative to the incident alleged in Plaintiff's Complaint.

**Response**:

Respectfully submitted,

JOHNSON & BELL, LTD.

By:  _____
Paul Gamboa, one of the attorneys for
Marriott International, Inc.

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone:  (312) 372-0770
Attorney No.: 06347

**EXHIBIT**
T



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

MARIANN DUDECK,                    )
                                   )
        Plaintiff,                 )
                                   )
    -vs-                           )
                                   )  Case No.: 07 L 008836
MARRIOTT INTERNATIONAL, INC.,      )
individually and, **MARRIOTT**     )      08cv1697    JH
**INTERNATIONAL, INC.,** d/b/a     )      JUDGE ST. EVE
**CHICAGO MARRIOTT O'HARE,**       )      MAGISTRATE JUDGE COX
**CHICAGO MARRIOTT O'HARE,**       )
individually,                      )
                                   )
        Defendants.                )

## RESPONSES TO PLAINTIFF'S REQUEST TO ADMIT FACTS

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, and for its responses to Plaintiff's Request to Admit Facts, states as follows:

1.    That on May 23, 2006, the parking lot upon which Plaintiff, Ms. Marian Dudeck fell was open to the public.

**Response:**    Objection, argumentative.  The Marriott Hotel, including its parking lot facility was open to its guests and invitees, not to people who were not on the premises for doing business with it or visiting its guests.

2.    That on May 23, 2006, Plaintiff, Ms. Marian Dudeck was a member of the public.

**Response:**    Admit.

3.    That on May 23, 2006, Ms. Dudeck was not prohibited from walking on the parking lot at issue.

**Response:**    Deny.



EXHIBIT
U

4.    That on May 23, 2006, there were no "No Trespassing" signs posted in the parking lot at issue.

**Response:**    Admit.

5.    That the value of Ms. Dudeck's claim for damages sustained in the slip and fall that occurred on May 23, 2006 meets or exceeds $75,000.00.

**Response:**    Deny.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief and as to such matters the undersigned certifies aforesaid that she verily believes the same to be true.

By: _____
Armando Limon
On Behalf of Marriott International, Inc.

By: _____
Paul Gamboa, one of the attorneys for
Marriott International, Inc.

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

*Dudeck*,

08cv1697    **Plaintiff(s)**

v.

*Marriott Intl, Inc.*    JUDGE ST. EVE
MAGISTRATE JUDGE COX

**Defendant(s)**

Case No. 07 L 8836

Motion Call " *B* " Line #: *A/0*

## MASTER CALENDAR MOTION COURTROOMS CASE MANAGEMENT ORDER
(Please check off all pertinent paragraphs and circle proper party name.)

(8230) ____ 1. Category #1 (18 Month Discovery)  (8232) ____ 1a. Category #2 (28 Month Discovery)

(4296) ✓ 2. Written discovery & 213(f)(1) and (2) disclosures to be completed by *04/15/08* ;

(4218) ____ 3. Oral Discovery & 213(f)(1) and (2) depositions to be completed by _____ ;

(4218) ____ 4. Treating physicians depositions to be completed by _____ ;

(4288) ____ 5. Subpoenas for treating physicians depositions to be issued by _____ ;

(4296) ____ 6. _____ shall complete outstanding written discovery by _____ ;

(4218) ____ 7. _____ shall be presented for deposition by _____ ;

(4206) ____ 8. Plaintiff/Defendant/Add. Party shall answer 213 (f)(3) interrogatories by _____ ;

(4218) ____ 9. Plaintiff's 213(f)(3) witnesses to be deposed by _____ ;

(4218) ____ 10. Defendant's 213(f)(3) witnesses to be deposed by _____ ;

(4218) ✓ 11. Additional party's 213(f)(3) witnesses to be deposed by _____ ;

(4619) ✓ 12. The matter is continued for subsequent Case Management Conference on *04/15/08* at *10:30* AM/PM in Room *2203* for:

(A) ___ Proper Service   (B) ___ Appearance of Defendants   (C) ___ Case Value

(D) ___ Pleading Status   (E) ___ Discovery Status   (F) ___ Pre-Trial/Settlement

(G) ✓ Other: *Plaintiff shall have until March 7, 2008 to file her response to Defendant's second request to admit facts*

(4005) ____ 13. Case is dismissed for want of prosecution.(4040) ____ The case is voluntarily dismissed under 735 ILCS 5/2-1009.

**NOTICE:**
* Failure of any party to comply with this Case Management Order will be a basis for Rule 219(c) sanctions.
* Failure of any party to enforce this Case Management Order will constitute a waiver of such discovery by that party.
* All cases arriving on the Trial Call in Courtroom 2005 must have all discovery in Lines 2 through 11 completed.
* A copy of this order is to be sent to each party by his/her counsel within 10 (ten) days of the initial Case Management Date.

ENTERED
JUDGE DIANE J. LARSEN - 1771
DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL DEPUTY CLERK

**Judge's Stamp**

Atty. No.: *06347*
Name: *Johnson & Bell Ltd*
Atty for: *Defendant*
Address: *33 W. Monroe*
City/State/Zip: *Chicago IL 60603*
Telephone: *312.372.0770*

ENTERED:
**EXHIBIT** ✓

**Judge's No.**

**DOROTHY BROWN, CLERK OF ... T OF COOK COUNTY, ILLINOIS**

# Law Office of
# Daniel E Goodman

### ATTORNEYS AT LAW

**1030 W. HIGGINS RD.**
**SUITE #365**
**PARK RIDGE, ILLINOIS 60068**
**TELEPHONE 847/292-6000**
**FAX 847/292-0390**

08cv1697     JH
JUDGE ST. EVE
MAGISTRATE JUDGE COX

DANIEL E GOODMAN

SCOTT SPIEGEL                              February 22, 2008

Johnson & Bell, Ltd.
Mr. Paul Gamboa
33 West Monroe Street, Ste. 2700
Chicago, IL 60603

**Re:**    *Dudeck v. Marriott International, Inc., et. al.*

Dear Mr. Gamboa:

This correspondence will supplement Plaintiff's answers to Interrogatories and Plaintiff's response to Defendant's request to produce. Regarding item 31 of Defendant's production request, enclosed please find copies of Ms. Dudeck's W2's for 2005, 2006 and 2007, which includes Plaintiff's income over said years. Plaintiff objects to the disclosure of her full tax returns as they contain information she does not wish to make open to the public. However, at trial Plaintiff would have no objection to the judge making an in camera inspection of her tax returns. In the alternative, if you so desire Plaintiff has no objection to the judge making an in camera inspection of her tax returns prior to the date of trial. Please advise.

Regarding Plaintiff's answer to Interrogatory No. 11, Ms. Dudeck's primary physician is Dr. Stuart Ferber, North Suburban Internists, 201 E. Strong Street, Suite 2, Wheeling, Illinois 60090.

Regarding Plaintiff's answer to Interrogatory No. 23, Plaintiff withdraws her objection and answers that she does not stipulate and admit that the damages she will recover in this action will in no event exceed $75,000.00, exclusive of interests and costs.

If you have any questions, please do not hesitate to contact my office.

Sincerely,

LAW OFFICE OF DANIEL E GOODMAN

Ryan M Griffin

RMG
Enclosure


EXHIBIT

W

STATE OF ILLINOIS )
                 ) SS                          ATTORNEY NO. 43629
COUNTY OF C O O K)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                        )
                                       )
              Plaintiff,               )
vs.                                    )    No.    07 L 008836
                                       )
MARRIOTT INTERNATIONAL, INC.,          )    08cv1697      JH
individually and; MARRIOTT INTERNATIONAL, )  JUDGE ST. EVE
INC. d/b/a CHICAGO MARRIOTT O'HARE;    )    MAGISTRATE JUDGE COX
CHICAGO MARRIOTT O'HARE, individually. )
                                       )
              Defendants.              )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND
### REQUEST TO ADMIT FACTS

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who responds to the Second Request to Admit Facts propounded by Defendant, MARRIOT INTERNATIONAL, INC., as follows:

1.     Plaintiff, Mariann Dudeck, agrees and stipulates that she will, in no event, seek any damages in excess of $75,000.00, exclusive of interests and costs, relative to the incident alleged in Plaintiff's Complaint.

**RESPONSE:**

Plaintiff cannot admit or deny that she will in no event seek damages in excess of $75,000.00 as that which she will seek at trial will be dependent upon how Mariann Dudeck heals and upon whether she will or will not require additional medical attention.



**EXHIBIT**

X

Respectfully submitted,

By:_____
RYAN M GRIFFIN
-ONE OF PLAINTIFF'S ATTORNEYS

ATTORNEY NO. 43629
LAW OFFICES OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068

STATE OF ILLINOIS                )
                                 ) SS
COUNTY OF COOK                    )


    I, MARIANN DUDECK, being first duly sworn on oath, depose and state that I am the Plaintiff and that I have read the foregoing Response to Request to Admit, that I have full knowledge of the facts alleged in the above Response, and that the same is true in substance and in fact.


_Mariann Dudeck_
MARIANN DUDECK


DATED: _2/26/2006_


SUBSCRIBED AND SWORN to
before me this 26
of _February_

_Michael B. Menuw_
Notary Public

OFFICIAL SEAL
MICHAEL B MENUW
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/01/08

STATE OF ILLINOIS )
                 ) SS                           ATTORNEY NO. 43629
COUNTY OF C O O K)

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No.   07 L 008836 |
| ) | 08cv1697     JH |
| MARRIOTT INTERNATIONAL, INC., ) | JUDGE ST. EVE |
| individually and; MARRIOTT INTERNATIONAL, ) | MAGISTRATE JUDGE COX |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; ) | |
| CHICAGO MARRIOTT O'HARE, individually. ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S ANSWERS TO DEFENDANT'S
### FIRST AFFIRMATIVE DEFENSES

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who responds to the Affirmative Defenses propounded by Defendant, MARRIOT INTERNATIONAL, INC., as follows:

1.     The Plaintiff denies each and every allegation contained within the Defendant's First Affirmative Defenses.

WHEREFORE, the Plaintiff, MARIANN DUDECK prays that Defendant, MARRIOT INTERNATIONAL, INC.'S Affirmative Defenses be denied.

                                     RYAN M GRIFFIN
                                     ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICES OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068

EXHIBIT
tabbies
1