IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARIANN DUDECK**, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Amy St. Eve |
| | ) | |
| -vs- | ) | Case No. 08 C 1697 |
| | ) | |
| **MARRIOTT INTERNATIONAL, INC.**, | ) | Magistrate Judge Susan E. Cox |
| individually and, **MARRIOTT** | ) | |
| **INTERNATIONAL, INC.**, d/b/a | ) | |
| **CHICAGO MARRIOTT O'HARE**, | ) | |
| **CHICAGO MARRIOTT O'HARE**, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## PARTIES' JOINT INTIAL STATUS REPORT

NOW COMES the parties hereto by their undersigned counsel, and for their Initial Status Report herein, state as follows:

(1) **The Nature of the Case.**

    A.    Plaintiff Mariann Dudeck is represented by Scott L. Spiegel of the Law Offices of Daniel E. Goodman, Ltd. Defendant Marriott International, Inc. is represented by Robert M. Burke, who will also be serving as lead counsel, as well as Michael J. Linneman and Paul Gamboa.

    B.    The matter was removed pursuant to 28 U.S.C. §1332 and §1441, on the basis of diversity of citizenship and amount in controversy.

    C.    Plaintiff, an Illinois resident, filed this case in the Circuit Court of Cook County on August 22, 2007 for injuries to the elbow of her dominant arm which she suffered as a result of a fall that occurred while she was traversing the parking lot of Defendant's hotel on May 23, 2006. The Plaintiff alleges that the Defendant negligently managed, maintained, controlled, and operated its premises; failed to make adequate inspection of its premises; carelessly and negligently allowed buckled cement to exist in its parking lot; allowed a trip hazard to exist in its lot; and failed to paint, accent, alert or otherwise warn the public of the existence of buckled asphalt.

    D.    The principles issues in the case will be discovering the legal status of the Plaintiff at the time of her fall at Defendant's premises; the exact location as to where Plaintiff fell; the extent of her injuries and whether or not those injuries may be permanent; and determining the respective negligence, if any, of the parties.

E. Pursuant to section 5/2-604 of the Illinois Code of Civil Procedure, Plaintiff alleged that she sought damages in excess of $30,000.00. Plaintiff has subsequently refused to stipulate that she will not seek damages in the amount of $75,000.00, exclusive of interest and costs. Plaintiff, at this time, could not admit or deny that she will in no event seek damages in excess of $75,000.00 at trial.

(2) **Pending Motion and Case Plan.**

A. The Plaintiff intends on filing a motion to remand this matter back to the Circuit Court of Cook County.

B. Proposed discovery plan:

a. The parties have already served each other with written discovery requests. The Plaintiff has already complied with the Defendant's written discovery requests, and the Defendant anticipates with complying with Plaintiff's requests shortly. In addition to depositions of the Plaintiff and Defendant's corporate representative, it is anticipated that depositions of several occurrence witnesses will need to be taken. Further, Defendant anticipates taking the deposition of some of Plaintiff's family members and all relevant medical providers. Depending on the testimony of Plaintiff and her medical providers, and depending on whether or not Plaintiff identifies any expert witnesses, Defendant may also identify experts.

b. Rule 26(a)(1) disclosures should be completed on or before May 17, 2008.

c. Defendant should have completed its responses to the Plaintiff's written discovery requests on or before May 5, 2008. Fact discovery should be completed on or before September 14, 2008.

d. The following schedule should apply to expert discovery:

  i. Plaintiff to identify experts and produce reports by October 30, 2008.
  ii. Plaintiff's experts to be deposed on or before December 14, 2008.
  iii. Defendant to identify experts and produce reports by February 5, 2009.
  iv. Defendant's experts to be deposed on or before March 16, 2009.

e. Dispositive motions shall be filed on or before April 30, 2009.

f. A final pretrial order in this matter shall be filed on or before August 31, 2009.

    C.    With respect to trial,

        a. A jury trial has been requested.

        b. At this point, it is tentatively estimated that the trial of this matter will take no more than five days.

        c. The case should be ready for trial by September 2009.

(3) **Consent to Proceed Before a Magistrate Judge.**

At this time, the parties do not consent to this matter being referred to the Magistrate Judge for trial/final disposition.

(4) **Status of Settlement Discussions.**

    A.    The Plaintiff has indicated that he would entertain a settlement offer, and Defendant feels that settlement may be appropriate after preliminary discovery has been concluded.

    B.    Not applicable.

    C.    It is anticipated that the court and the parties would be well-served by a settlement conference being held in this matter, most likely following the completion of fact discovery in this cause.

Respectfully submitted,

| JOHNSON & BELL, LTD., | LAW OFFICES OF DANIEL E. GOODMAN |
|---|---|
| By: /s/ Paul Gamboa<br>Paul Gamboa, one of the Attorneys for Marriott International, Inc. | By: /s/ Scott L. Spiegel<br>Scott L. Spiegel, one of the Attorneys for Plaintiff |
| Paul Gamboa (ARDC #6282923)<br>JOHNSON & BELL, LTD.,<br>33 West Monroe Street<br>Suite #2700<br>Chicago, Illinois 60603<br>Telephone: (312) 372-0770 | Scott L. Spiegel<br>LAW OFFICES OF<br>DANIEL E. GOODMAN<br>1030 West Higgins Road<br>Suite 365<br>Park Ridge, Illinois 60068<br>Telephone: (847) 292-6000 |

3