THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIANN DUDECK, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No.   08 C 1697 |
| | ) |
| MARRIOTT INTERNATIONAL, INC., | ) Judge: Honorable Amy J. St. Eve |
| individually and; MARRIOTT INTERNATIONAL, | ) |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) |
| CHICAGO MARRIOTT O'HARE, individually. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO REMAND**

NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICE OF DANIEL E GOODMAN, and move the court to remand this case to the Circuit Court of Cook County, Illinois for the following reasons:

1. On August 22, 2007, the Plaintiff commenced her action against the above captioned Defendants by filing a Complaint in the Circuit Court of Cook County, County Department, Law Division, Case No. 07 L 008836.

2. The Complaint was served on the above captioned Defendants on August 31, 2007.

3. On March 21, 2008, the Defendant, filed its Notice of Removal in this Court.

4. The Defendant bases its Notice of Removal on allegations of diversity jurisdiction and an amount in controversy exceeding $75,000.00.

5. Removal based upon an amount in controversy exceeding $75,000.00 is inappropriate because it is not clear that the damages sought exceed $75,000.00.

6. Per the Defendant's own admission, removal of this matter is inappropriate.  The Plaintiff served a request to admit on the Defendant which stated, "That the value of

Ms. Dudeck's claim for damages sustained in the slip and fall that occurred on May 23, 2006 meets or exceeds $75,000.00." See Defendant's Notice of Removal Exhibit U. The Defendant's Response was, "Deny." See Defendant's Notice of Removal. Therefore, the Defendant's removal of this matter from state court appears to be in direct conflict with the Defendant's own response to the aforementioned request to admit in which it states that the value of the Plaintiff's claim does not exceed $75,000.00.

6. The Plaintiff's Complaint at Law relative to this matter seeks damages in excess of $30,000.00. See Defendant's Notice of Removal Exhibit A. However, the Plaintiff cannot admit or deny that she will in no event seek damages in excess of $75,000.00 as that which she will seek at trial will be dependent upon how she heals and upon whether she will or will not require additional medical attention. The Plaintiff stated same in her Response to Defendant's Second Request to Admit Facts. See Defendant's Notice of Removal Exhibit X.

7. The Plaintiff suffered the following injuries as a result of the occurrence at issue: right elbow posterolateral dislocation and avulsion fracture of the tip of the olecranon. See Plaintiff's Answers to Defendant's Interrogatories- Defendant's Notice of Removal Exhibit O.

8. The Plaintiff's medical bills total $12,382.50 to date and are itemized as follows:

Chicago Fire Department (ambulance)
10 West 35th Street
Chicago, IL 60616
$441.00

Resurrection Medical Center (ER)
7495 W. Talcott Ave.
Chicago, IL 60631

$3,411.50

Kerry Fiala, M.S., OTR/L
Taizoon H. Baxamusa, M.D.
Illinois Bone and Joint Institute
9000 Waukegan Rd.
Morton Grove, IL 60053
$6,396.00

Richard J. Hayek, M.D.
Northwest Orthopaedic Association
7447 W. Talcott Ave., Ste. 500
Chicago, IL 60631
$1,470.00

RMC Emergency Physicians
Resurrection Medical Center
520 E. 22nd Street
Lombard, IL 60148
$435.00

Diagnostic Imaging Association
P.O. Box 68
Northbrook, IL 60065
$229.00

TOTAL MEDICAL TO DATE: $12,382.50

See Defendant's Notice of Removal Exhibit O.

9. In addition, the Plaintiff is claiming $16,382.08 in lost wages. The Plaintiff's lost wages claim is itemized below.

Kaercher Campbell & Associates (employer)
8725 W. Higgins Road Ste. 485
Chicago, IL 60631
dates missed: 05/23/06 – 10/03/06
10/09/06 – 11/09/06 (light duty)
Wage = $19.69 per hour (832 hours missed)
$16,382.08

See Defendant's Notice of Removal Exhibit O.

10. The Plaintiff has not received any treatment for her injuries sustained in the

occurrence at issue in the last year.  See Defendant's Notice of Removal Exhibit O.

11. The total specials relative to this matter to date are $28,764.58.

12. Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand.  Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993).  The burden of establishing federal jurisdiction falls on the party seeking removal.  Id.  Therefore, it is the removing defendant's obligation to establish that the $75,000.00 threshold set forth in 29 U.S.C. § 1332(a) has been exceeded.  In re Brand Name Prescription Drugs Antitrust Litigation, 248 F.3d 668, 669 (7th Cir. 2001).  A party's refusal to admit that the amount in controversy does not exceed the threshold set forth in 29 U.S.C. § 1332(a) does not automatically yield the conclusion that jurisdiction is proper.  Id.  Jurisdiction cannot be conferred by stipulation or silence.  Id.

13. The Plaintiff seeks to have this matter remanded to the Circuit Court of Cook County because the Defendant failed to sustain its burden in its attempt to establish that the $75,000.00 threshold set forth in 29 U.S.C. § 1332(a) has been exceeded. Further, the Defendant's attempt to remove this matter from state court is inappropriate because the Defendant itself admitted in its response to the Plaintiff's Request to Admit that it does not believe that the value of the Plaintiff's claim for damages meets or exceeds $75,000.00.  The Plaintiff's demand relative to this matter will be subject to the Plaintiff's ability to fully heel from the injuries sustained and dependent on whether or not she will require additional medical attention. Further, the true value of this case is a matter to be determined by the jury.  The sole basis for the Defendant's attempt to remove this matter from state court appears to

be the Plaintiff's refusal to stipulate that the amount in controversy will in no event exceed $75,000.00. See Defendant's Notice of Removal paragraph 27 (c). However, per <u>In re Brand Name Prescription Drugs Antitrust Litigation</u>, the Plaintiff's refusal to stipulate alone is insufficient to sustain the Defendant's burden. The Defendant failed to demonstrate sufficient facts to establish that the amount in controversy meets or exceeds: $75,000.00; therefore, removal of this matter from state court was improper.

WHEREFORE, the Plaintiff respectfully requests that this Court remand the above captioned case to the Circuit Court of Cook County, Illinois, County Department, Law Division.

>Respectfully submitted,
>LAW OFFICE OF DANIEL E. GOODMAN
>
>By: s/ Scott L. Spiegel
>    SCOTT L. SPIEGEL
>    ONE OF THE ATTORNEYS FOR PLAINITFF

LAW OFFICES OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000
(847) 292-0390- fax