**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIANN DUDECK,** | ) | |
| | ) | |
| Plaintiff, | ) | Judge Amy St. Eve |
| | ) | |
| -vs- | ) | Case No. 08 C 1697 |
| | ) | |
| **MARRIOTT INTERNATIONAL, INC.,** | ) | Magistrate Judge Susan E. Cox |
| individually and, **MARRIOTT** | ) | |
| **INTERNATIONAL, INC.,** d/b/a | ) | |
| **CHICAGO MARRIOTT O'HARE,** | ) | |
| **CHICAGO MARRIOTT O'HARE**, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, MARRIOTT INTERNATIONAL, INC.'S RESPONSE TO**
**PLAINTIFF'S MOTION TO REMAND**

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.**, also doing business as Chicago O'Hare Marriott Hotel, by and through one of its attorneys, PAUL GAMBOA of JOHNSON & BELL, LTD., and for its Response to Plaintiff's Motion to Remand the above-referenced matter to the Circuit Court of Cook County, states as follows:

**FACTUAL BACKGROUND**

1.    Plaintiff filed her Complaint in the Circuit Court of Cook County on August 22, 2007, alleging that on May 23, 2006, she was injured when she fell in the parking lot of the Defendant's Hotel. Plaintiff's Complaint specified that she was seeking damages from Marriott International, Inc. in an amount in excess of $30,000.00. A copy of the Plaintiff's Complaint is attached hereto, labeled "Exhibit A," and incorporated herein by reference.

2.     On October 1, 2007, Defendant served Plaintiff with a Request to Admit Facts to establish the diversity of the parties and the amount in controversy, as it had no information pertaining to the nature or extent of the Plaintiff's injury.

3.     On November 1, 2007, Plaintiff filed her responses to Defendant's Request to Admit Facts, admitting that at all relevant times she was a citizen of Illinois and has never been a citizen of Delaware or Maryland.  A copy of Plaintiff's Responses to Defendant's Request to Admit Facts is attached hereto, labeled "Exhibit B," and incorporated herein by reference.  The Plaintiff objected to the Request to Admit aimed at establishing the amount in controversy, refusing to provide a response.  *See* Exhibit B, no. 4.

4.     On December 21, 2007, Plaintiff filed a Request to Admit Facts, which in part sought an admission that Plaintiff's claim met or exceeded the jurisdictional minimum of $75,000.00.

5.     On January 17, 2008, Plaintiff served Defendant with her responses to interrogatories.  A copy of the Plaintiff's Responses to Defendant's Interrogatories is attached hereto, labeled "Exhibit C," and incorporated herein by reference.   The Plaintiff made a bald objection to the interrogatory aimed at establishing the amount in controversy, refusing to provide a response.  *See* Exhibit C, no. 23.

6.     After receiving an extension of time to respond to Plaintiff's Request to Admit Facts, Defendant filed its responses thereto on February 1, 2008.  A copy of Defendant's Responses to Plaintiff's Request to Admit Facts is attached hereto, labeled "Exhibit D," and incorporated herein by reference.  Asserted therein is a denial by the Defendant that the value of the Plaintiff's claim for damages meets or exceeds $75,000.00.  *See* Exhibit D, no. 5.

7.     On February 1, 2008, the Defendant filed a Second Request to Admit Fact, which sought an admission from the Plaintiff that she would, in no event, seek damages in excess of $75,000.00, exclusive of interests and costs.

8.     On March 5, 2008, in response to Defendant's request that Plaintiff clarify her objection with respect to its interrogatory aimed at discovering the amount in controversy, Defendant received correspondence from Plaintiff indicating she would not stipulate that the amount in controversy will in no event exceed $75,000.00, exclusive of interest or costs. A copy of said correspondence, dated February 22, 2008 is attached hereto, labeled "Exhibit E," and incorporated herein by reference.

9.     On March 6, 2008, Defendant received Plaintiff's responses to Defendant's Second Request to Admit Facts. A copy of Plaintiff's Responses to the Second Request to Admit Facts is attached hereto, labeled "Exhibit F," and incorporated herein by reference. Therein, Plaintiff refused to admit or deny that she would in no event seek damages in excess of $75,000.00, exclusive of interest and costs, as the amount of damages sought will be dependent upon how Plaintiff heals and whether she will or will not require additional medical attention. *See* Exhibit F.

10.    On March 25, 2008, Defendant filed a Notice of Removal, premised on diversity of citizenship and the good faith belief that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Defendant's belief as to the amount in controversy is supported by Plaintiff's Complaint, her answers to interrogatories, and her refusal to stipulate that she will, in no event, seek damages in excess of $75,000.00. Those documents establish that she has incurred over $28,000.00 in economic damages, that she will be seeking non-economic damages, and that she may have some kind of permanent injury. *See* Exhibit A; Exhibit C, nos. 5, 7, 17; *and also* Exhibits E and F.

11.    The Plaintiff now seeks to remand this matter back to the Circuit Court of Cook County, arguing only that the Defendant has failed to bear its burden of establishing that the amount in controversy exceeds the jurisdictional minimum.[1]

## ARGUMENT

### DEFENDANT HAS SUPPORTED ITS BURDEN TO PROVE THAT THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

The Plaintiff's motion to remand asserts that, for proper removal of a case to Federal Court, it is incumbent upon the Defendant to establish that the Plaintiff's case is valued in excess of $75,000.00, exclusive of interest and costs.  What her motion to remand fails to appreciate is that it is *the amount in controversy* which governs the proper removal of a matter, not the amount that the Defendant can effectively prove Plaintiff's case is worth.

It is clear that the Plaintiff, who is in a far better position to assess the value of her case than the Defendant, is of the opinion that she might be suffering from permanent injuries and that, as a result, she might seek more than $75,000.00 in damages.  That alone establishes the jurisdictional minimum properly supporting removal of this action to Federal Court.  That the Defendant has denied Plaintiff's request to admit that her award will be in excess of that amount does not detract from the fact that the jurisdictional minimum has been established, instead, it serves to highlight that there is indeed a controversy between the parties as to the value of Plaintiff's claim.

---

[1] Plaintiff does not contest that Mariann Dudeck is a citizen of the State of Illinois, and does not contest that the Defendant a corporation incorporated under and pursuant to the laws of the State of Delaware with its headquarters and principal place of business located in Maryland.

To remove a case, a Defendant need only set out the basis of federal jurisdiction and prove any contested factual allegation. <u>Meridian Security Ins. Co. v. Sadowski</u>, 441 F.3d 536, 540 (7th Cir. 2006). Plaintiff's Complaint did not set forth the citizenship of the respective parties, nor did it specify the amount in controversy.[2] Plaintiff merely asserted, among other things, that she was caused to suffer injuries, has and will continue to suffer pain, and that she was seeking an amount in excess of $30,000.00.[3] *See* Exhibit A.

Thus, at the outset of this litigation, Defendant was uncertain of the citizenship of the Plaintiff and unsure of the amount in controversy, and therefore without a good faith basis to support its removal. In order to ascertain her citizenship and to quiet speculation as to the amount in controversy, Defendant propounded interrogatories and served Plaintiff with requests to admit facts. The use of such State Court discovery procedures to establish federal jurisdiction has been encouraged. *See, e.g.* <u>Sadowski</u>, 441 F.3d at 541-542 ("We have suggested several ways in which this [the removing Defendant's establishment of what the Plaintiff stands to recover] may be done - by contentions [sic] interrogatories or admissions in state court..."); *and* <u>Shaw v. Dow Brands, Inc.</u>, 994 F.2d 364, 367 (7th Cir. 1993)(Interrogatories requesting the specific amount in controversy, despite the generalized cap on damages claims in complaints, is eminently sensible and it is recommended that removal-minded Defendants in Illinois use it); *also* N. D. Ill. L.R. 81.2. (*Withdrawn 04/28/05*) (A notice of removal shall include a response by Plaintiff to an interrogatory or request to admit as to whether the amount in controversy exceeds the jurisdictional amount).

---

[2] The Illinois Code of Civil Procedure prohibits Plaintiffs from specifying the amount of damages sought in personal injury cases, except to the minimum extent necessary to comply with the circuit court rules of assignment where the claim is filed. 735 ILCS 5/2-604 (West 2008).

[3] Per Cook County General Order 1.2, Plaintiff's suit will be assigned to the Law Division should she allege that her claim has a value in excess of $30,000.00. Cir. Ct. Cook Co. Gen. Order No 1.2, § 2.1(a)(1)(i).

On January 17, 2008, Plaintiff served her answers to interrogatories on Defendant. *See* Exhibit C. Those responses indicated that the Plaintiff had suffered a posterior-lateral right elbow dislocation as well as a chip fracture, had at least $28,000.00 in economic damages, and was experiencing constant stiffness more than one year following her fall. *See* Exhibit C, nos. 4, 5, 7, and 17, respectively. The interrogatory requesting a stipulation that the total damages sought by Plaintiff will in no event ever exceed $75,000.00, exclusive of interests and costs, was objected to without specification as to the grounds of the objection. *See* Exhibit C, no. 23.

Defendant sought clarification from Plaintiff as to the grounds of the aforementioned objection, and on March 5, 2008, received a written response from Plaintiff wherein she refused to stipulate that the damages sought would not exceed $75,000.00, exclusive of interest and costs. *See* Exhibit E. The next day, Defendant received Plaintiff's response to the Defendant's second request to admit facts, wherein the Plaintiff refused to either admit or deny that she would in no event seek damages in excess of $75,000.00, as it would be dependent upon how she heals and dependent on whether or not she will require additional medical attention. *See* Exhibit F.

Based upon the Plaintiff's Complaint response to the former discovery request, Defendant has a good faith belief that the amount in controversy is clearly in excess of $75,000.00, exclusive of interest and costs. This belief is also supported by the economic damages specified by the Plaintiff in her answers to interrogatories, her continuing complaints of pain, as specified in those answers to interrogatories, and her intent to seek recovery for non-economic damages such as pain and suffering as set forth by her Complaint,.

The Plaintiff's response to the second request to admit facts also forms Defendant's good faith belief that the jurisdictional minimum to remove has been satisfied. Even though the Defendant refuses to admit or deny that she will seek damages in excess $75,000.00, exclusive of interest and costs, her refusal supports the inference that she will in fact seek such an amount. *See, e.g.* Workman v. United Parcel Service, Inc., 234 F.3d 998, 1000 (7th Cir. 2000)(Court recognized federal jurisdiction and noted that a Plaintiff's pre-removal refusal to stipulate that the amount in controversy is less than $75,000.00, exclusive of interest and costs, supports the inference that Plaintiff believes case is worth more).

The Plaintiff's reliance on In re Brand Name Prescription Drugs Antitrust Litigation, 248 F.3d 668 (7th Cir. 2001) for general legal principals is well-taken, but her reliance on it for precedential support requiring remand of this matter is misplaced. In that case, the class of consumer-Plaintiffs did not specify the amount of damages sought and did not otherwise suggest an amount in controversy. In re Brand Name Prescription Drugs Antitrust Litigation, 248 F.3d at 670. Nonetheless, the Defendants removed the matter to Federal Court. Id. Seven months later, the Plaintiffs sought to remand the case back to State Court. Id.

The Court of Appeals for the Seventh Circuit began its analysis by noting that the Plaintiffs never made an admission concerning the size of their stake in that litigation. Id. The Court then recognized that federal jurisdiction cannot be conferred by silence as to the amount of damages or by a post-removal stipulation as to damages sought. In re Brand Name Prescription Drugs Antitrust Litigation, 248 F.3d at 670-671. As the District Court had granted jurisdiction where none was ever shown to exist, the case was remanded. Id.

It should be noted that <u>In re Brand Name Prescription Drugs Antitrust Litigation</u> involved a claim for easily computable damages, and did not involve a claim seeking compensation for personal injuries, as does the instant case. Whereas the economic damages here may be easily ascertainable, the non-economic recovery to be sought, which must be considered in determining the amount in controversy, is not subject to an easy determination. To revert to an old maxim, it is unlikely that Plaintiff will ever seek less than three times special damages as being the value of her claim. Since Plaintiff is unwilling to stipulate that she will never seek total damages in excess of $75,000.00, it is apparent that she believes that the value of her non-economic damages is significant. Therefore, the involved amount in controversy in this matter satisfies the jurisdictional minimum. Certainly, based on defense counsel's experience, Defendant has a good faith belief that the gross value of the amount in controversy exceeds the jurisdictional minimum set forth by 28 U.S.C. §1332(a).

As noted above, the Plaintiff in this matter has not been silent as to the amount of damages sought, as she has twice refused to stipulate that she would seek less than $75,000.00. Plaintiff cannot now have her cake and eat it too - she either believes that her cause of action has a value in excess of $75,000.00, thus establishing the amount in controversy, or concedes that the case does not have value in excess of that amount. As jurisdiction is determined at the time of removal,[4] and at the time Defendant removed this matter the amount in controversy is in excess of the jurisdictional minimum, Plaintiff's motion to remand this matter to the Circuit Court of Cook County should be denied.

---

[4] <i>See, e.g.</i> <u>Shaw</u>, 994 F.2d 364, <i>citing</i> <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 293, 58 S. Ct. 586, 592 (1938).

## DEFENDANT REFUSAL TO ADMIT THAT PLAINTIFF'S AWARD WILL EXCEED $75,000.00 IS OF NO IMPORT WHEN ANALYZING THE PROPRIETY OF REMOVAL

Plaintiff, in her motion to remand, argues that this case should be remanded because the Defendant, in its Response to her Request to Admit, denied that the Plaintiff's claim for damages meets or exceeds $75,000.00.  *See* Exhibit D. Defendant's denial as to the amount of Plaintiff's damages does not alter the fact the amount in controversy exceeds the jurisdictional requirement.  A Defendant does not have to admit liability nor admit the value of the Plaintiff's case before removal would be appropriate, as that would be an absurd requirement indeed.  All Defendant need show is that the amount in controversy, the amount Plaintiff claims to be entitled to recover despite Defendant's contentions to the contrary, exceeds $75,000.00, exclusive of interest and costs.

Black's law dictionary defines "controversy" as a "disagreement or a dispute, esp. in public" or a "justiciable dispute."  Black's Law Dictionary 143 (2d Pocket Edition 2001).  In this matter, the Plaintiff has refused to stipulate that the damages sought would not exceed $75,000.00, exclusive of interest and costs.  The Defendant denies that such an amount will be awarded based upon the limited information currently available to it.  Even though the parties disagree and dispute the amount that the Plaintiff may be awarded, the amount *in controversy* exceeds the jurisdictional threshold, thus making removal proper.  Therefore, Plaintiff's motion to remand should be denied.

**WHEREFORE,** Defendant, **MARRIOTT INTERNATIONAL, INC.**, respectfully moves this Honorable Court for entry of an Order denying Plaintiff's Motion to Remand the above-referenced matter to the Circuit Court of Cook County.

Respectfully submitted,

JOHNSON & BELL, LTD.,

By:    /s/ Paul Gamboa_____
       Paul Gamboa, one of the Attorneys for
       Marriott International, Inc.

Paul Gamboa (ARDC #6282923)
JOHNSON & BELL, LTD.,
33 West Monroe Street
Suite #2700
Chicago, Illinois 60603
Telephone:  (312) 0770
Attorney No. 06347

STATE OF ILLINOIS )
                  ) SS                          ATTORNEY NO. 43629
COUNTY OF C O O K)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT * LAW DIVISION

| | | |
|---|---|---|
| MARIANN DUDECK, | ) | |
| Plaintiff, | ) | No. |
| vs. | ) | |
| | ) | |
| MARRIOTT INTERNATIONAL, INC., | ) | 2007L008836 |
| individually and; MARRIOTT INTERNATIONAL, | ) | CALENDAR/ROOM B |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) | TIME 00:00 |
| CHICAGO MARRIOTT O'HARE, individually, | ) | PI Other |
| Defendants. | ) | |

### COMPLAINT

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who complain of the Defendants, MARRIOTT INTERNATIONAL, INC, individually; MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE; CHICAGO MARRIOTT O'HARE, individually, as follows:

1. That on or about May 23, 2006 and for some time prior and subsequent thereto, the Defendant, MARRIOTT INTERNATIONAL, INC., individually, was a tenant pursuant to a lease, owned, operated, managed, maintained, controlled and/or possessed a building wherein a business commonly known as "Chicago Marriott O'Hare" was open to the public and a parking lot and the real estate and premises upon which that building and parking lot is located in what was commonly known as 8535 W. Higgins Road in the City of Chicago, County of Cook and State of Illinois.

2. On the aforesaid date the Plaintiff, MARIANN DUDECK, was lawfully upon the parking lot referred to in Paragraph Number One.

3. At the time and place aforesaid, the Plaintiff, MARIANN DUDECK, was caused bodily injury when she was walking upon the parking lot along and/or parallel to the curb when the Plaintiff's foot twisted upon buckled asphalt which was located in that area.

4. It was the duty of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE to exercise ordinary care in the possession, ownership, management, operation, maintenance and control of the aforesaid premises for the safety of those persons lawfully thereon.

5. That at the time and place aforesaid the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, breached its aforementioned duty in one or more of the following ways:

1

**EXHIBIT**

_A_

a) Carelessly and negligently managed, maintained, controlled and operated said premises so that as a direct and proximate result thereof Plaintiff was injured;

b) Failed to make adequate and proper inspection of said premises to determine the dangerous condition thereof;

c) Carelessly and negligently allowed buckled cement to exist in the parking lot creating a dangerous condition;

d) Allowed the continued existence of the buckled asphalt which constituted a trip hazard in the parking lot;

e) Failed to paint, accent, alert or warn the public, including the Plaintiff, of the aforesaid buckled asphalt although Defendant knew or should have known that said failure was likely to result in injury to persons walking upon the parking lot with the buckled asphalt and sustaining injury including the Plaintiff;

f) Otherwise negligently managed, maintained, operated and controlled said premises.

6.     That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions of the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, the Plaintiff, MARIANN DUDECK, was injured, both internally and externally, and suffered a severe shock to her nervous system, and bruises, contusions, and lacerations to her body, and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment; and her said injuries required hospitalization, all of which said injuries are permanent; and she has been kept from attending to her ordinary affairs and duties; and she has lost large gains, and has become obligated for large sums of money for medical and hospital care and attention.

WHEREFORE, the Plaintiff, MARIANN DUDECK, prays judgment against the Defendant, MARRIOTT INTERNATIONAL, INC., individually and MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), as will fairly and adequately compensate her for injuries and damages together with her costs in bringing this suit.

DANIEL E GOODMAN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E GOODMAN
1030 W. HIGGINS ROAD, SUITE #365
PARK RIDGE, IL  60068
847/ 292-6000

2

STATE OF ILLINOIS )
                  ) SS                         ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, | ) 07 NOV -1 ⌐ 9:34 |
| Plaintiff, | ) |
| vs. | ) No. 07 L 008836 |
| MARRIOTT INTERNATIONAL, INC., | ) |
| individually and; MARRIOTT INTERNATIONAL, | ) |
| INC. d/b/a CHICAGO MARRIOTT O'HARE; | ) |
| CHICAGO MARRIOTT O'HARE, individually. | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF FILING

TO:    ROBERT M. BURKE
       JOHNSON & BELL, LTD.
       33 W. MONROE ST., SUITE 2700
       CHICAGO, IL 60603

PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS** dated at Park Ridge, Illinois, this ____ day of November, 2007.

THE LAW OFFICE OF DANIEL E. GOODMAN

DANIEL E. GOODMAN

### CERTIFICATE OF SERVICE

I, Eric Messersmith, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this ____ day of November, 2007.

Subscribed and Sworn to before me
this ____ day of November, 2007.

Eric Messersmith

NOTARY PUBLIC

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**

EXHIBIT
B

STATE OF ILLINOIS )
                  ) SS                                    ATTORNEY NO. 43629
COUNTY OF C O O K)            07 NOV -1  PM 3: 34

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,                        )
                                       )
                Plaintiff,             )
                                       )
vs.                                    )        No.    07 L 008836
                                       )
MARRIOTT INTERNATIONAL, INC.,          )
individually and; MARRIOTT INTERNATIONAL, )
INC. d/b/a CHICAGO MARRIOTT O'HARE;    )
CHICAGO MARRIOTT O'HARE, individually. )
                                       )
                Defendants.            )

## PLAINTIFF'S REPSONSE TO DEFENDANT'S REQUEST TO ADMIT FACTS

NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys,

LAW OFFICE OF DANIEL E GOODMAN, and in response to Defendant's Request to

Admit Facts, states as follows:

1.    On May 23, 2006, Plaintiff, Mariann Dudeck, was a citizen of the State of

Illinois.

**Response:**    Admitted.

2.    On August 22, 2007, Plaintiff, Mariann Dudeck, was a citizen of the State of

Illinois.

**Response:**    Admitted.

3.    At no time since May 12, 2006, has the Plaintiff, Mariann Dudeck, been a

citizen of the States of Delaware or Maryland.

**Response:**    Admitted.

4,    Plaintiff, Mariann Dudeck, agrees and stipulates that any damages which

may be awarded to her relative to the incident alleged in the complaint will in no event ever exceed $75,000, exclusive of interests and costs.

   **Response:**    Objection.  Paragraph number 4 of the Defendant's request does not relate to a "fact" but rather to an opinion and the Plaintiff, therefore, cannot admit or deny this request to admit.

Respectfully submitted,

THE LAW OFFICE OF DANIEL E. GOODMAN

By:_____
   Daniel E. Goodman
   Attorney for Mariann Dudeck

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
ATTORNEY FOR PLAINTIFF
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

STATE OF ILLINOIS )
                   ) SS
COUNTY OF COOK )

## VERIFICATION

I, MARIANN DUDECK, being first duly sworn on oath, depose and state that I am the Plaintiff and that I have read the foregoing Requests to Admit, that I have full knowledge of the facts alleged in the above Responses, and that the same are true in substance and in fact.

MARIANN DUDECK

DATED: 10/31/2007

Subscribed and sworn to before me
this 31 day of October 2007.

OFFICIAL SEAL
MICHAELA MENIW
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/01/08

NOTARY PUBLIC

STATE OF ILLINOIS )
                 ) SS
COUNTY OF C O O K)

ATTORNEY NO. 43629

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK,<br><br>         Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC.,<br>individually and; MARRIOTT INTERNATIONAL,<br>INC. d/b/a CHICAGO MARRIOTT O'HARE;<br>CHICAGO MARRIOTT O'HARE, individually.<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 07 L 008836 |

### NOTICE OF FILING

TO:   ROBERT M. BURKE
        JOHNSON & BELL, LTD.
        33 W. MONROE ST., SUITE 2700
        CHICAGO, IL 60603

     PLEASE TAKE NOTICE that I have on this date filed or will file with the Clerk of the Circuit Court of Cook County: **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO ADMIT, PLAINTIFF'S ANSWERS TO INTERROGATORIES, AND PLAINTIFF'S ANSWERS TO DEFENDANT'S RULE 213(f) INTERROGATORIES**, dated at Park Ridge, Illinois, this ___ day of January, 2008.

                        THE LAW OFFICE OF DANIEL E. GOODMAN

                        RYAN M GRIFFIN

### CERTIFICATE OF SERVICE

I, Ryan M Griffin, an attorney, being first duly sworn on oath, depose and state that I served or will serve a copy of the above stated papers to all attorneys of record by placing a true and correct copy thereof, in a sealed envelope, first class postage prepaid, and deposited same in the U.S. mail chute at 1030 West Higgins Road, Park Ridge, Illinois on this _17_ day of January, 2008.

                        Ryan M Griffin

**ATTORNEY NO. 43629**
**LAW OFFICE OF DANIEL E. GOODMAN**
**ATTORNEY FOR PLAINTIFF**
**1030 W. HIGGINS ROAD, SUITE 365**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-6000**

**EXHIBIT**
C

STATE OF ILLINOIS )
                ) SS                      ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

MARIANN DUDECK,              )
                                     )
            Plaintiff,       )
vs.                            )     No.  07 L 008836
                                     )
MARRIOTT INTERNATIONAL, INC.,  )
individually and; MARRIOTT INTERNATIONAL, )
INC. d/b/a CHICAGO MARRIOTT O'HARE; )
CHICAGO MARRIOTT O'HARE, individually. )
                                     )
          Defendants.    )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES

**NOW COMES** the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICES OF DANIEL E. GOODMAN, who answers the Interrogatories under oath propounded by Defendants, MARRIOTT INTERNATIONAL, INC., individually and; MARRIOTT INTERNATIONAL, INC., d/b/a CHICAGO MARRIOTT O'HARE, and CHICAGO MARRIOTT O'HARE, individually, by Counsel as follows:

    1.    State your full name and present address, your date of birth, social security number, and all other names by which you have been known.

**ANSWER:**

    Mariann Dudeck        SS: 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
    1714 Howard Ave      DOB: 06/30/1947
    Des Plaines, IL 60018

    2.    State the full name and address of each person who witnessed or claims to have witnessed the occurrence alleged in your complaint.

**ANSWER:**

Stephanie Thompson
8342 N. Osceola Ave
Niles, IL 60714

Chris Amato
80 S. Brighton Place
Arlington Heights, IL 60004

Fran Fonseca
3741 N. Osceola Ave
Chicago, IL 60634

3.    State the full name and current residence address of each person not named in No. 2 above, who was present and/or claims to have been present at the scene immediately before, at the time of, and/or immediately after the occurrence.

**ANSWER:**

None

4.    Describe in general the personal injuries sustained by you as a result of said occurrence.

**ANSWER:**

Per the ambulance, Plaintiff complained of right arm pain and elbow pain, and was treated with Morphine.  Per the emergency room, Plaintiff was diagnosed with posterior elbow dislocation with chip fracture (open fracture with closed reduction).  Per Dr. Jimenez, Plaintiff was diagnosed with posterior-lateral right elbow dislocation.

5.    With regard to your injuries, state:

(a)    The name and address of each attending/consulting physician;
(b)    The name and address of each person or laboratory taking an x-ray of you;
(c)    The date or inclusive dates on which each of them rendered you service;
(d)    The amounts to date of their respective bills.

**ANSWER:**

L. Gilbert (paramedic)
C. Kulinski (paramedic)
Chicago Fire Department
10 West 35th Street
Chicago, IL 60616
05/23/06

Dr. Mark Switzer, M.D.
Resurrection Health Care- ER
7495 W. Talcott Ave.
Chicago, IL 60631

05/23/06
$3,411.50

Kerry Fiala, M.S., OTR/L
Taizoon H. Baxamusa, M.D.
Illinois Bone and Joint Institute
9000 Waukegan Rd.
Morton Grove, IL 60053
05/25/06, 06/01/06, 06/12/06, 06/13/06, 07/10/06, 07/31/06, 08/31/06, 09/28/06, 11/09/06,
$6,396.00

Richard J. Hayek, M.D.
Northwest Orthopaedic Association
7447 W. Talcott Ave., Ste. 500
Chicago, IL 60631
05/23/06
$1,470.00

RMC Emergency Physicians
Resurrection Medical Center
520 E. 22nd Street
Lombard, IL 60148
05/23/06
$467.00
Investigation Continues

Diagnostic Imaging Association
P.O. Box 68
Northbrook, IL 60065
Investigation Continues

Med Source, LLC
P.O. Box 1248
Bloomington, IL 61702
09/07/06
Investigation Continues


6.      As the result of your personal injuries, were you a patient or outpatient in any
hospital and/or clinic?  If so, state the names and addresses of all hospitals and/or clinics, the
amounts of their respective bills and the date or inclusive dates of their services.

**ANSWER:**

See Answer to Interrogatory #5.

7.    As the result of your personal injuries, were you unable to work?  If so, state:

(a)    The name and address of your employer
(b)    The date on which you were unable to work;
(c)    The amount of wage and/or income loss claimed by you;
(d)    The name and address of your present employer; and
(e)    The names and addresses of all employers for whom you have worked since the date of said occurrence (excluding those already identified) and the dates you worked for such employers.

**ANSWER:**

Kaercher Campbell & Associates
8725 W. Higgins Road Ste. 485
Chicago, IL 60631
05/23/06 – 10/03/06
10/09/06 – 11/09/06 (light duty)
$16,382.08

8.    State any and all other expenses and/or losses you claim as a result of the occurrence.

**ANSWER:**

None.

9.    During the ten (10) years immediately prior to the date of said occurrence, had you suffered any personal injury, been confined in a hospital, been treated by a physician, or been x-rayed for any reason? Is so, give the name and address of each such hospital, physician, technician, or clinic, the approximate date of such confinement or service and state, in general, the reason for such confinement or service.

**ANSWER:**

None.

10.    Since the date of said occurrence, have you suffered (a) any personal injury that required the care of a doctor, or (b) illness that required the care of a doctor? If so, for (a) state when, where and, in general, how you were injured and describe in general the injuries suffered; and for (b) state when you were ill and describe in general the illness.

**ANSWER:**

Fractured Ankle
Illinois Bone and Joint Institute
St. Patties Day '07

11.    State the name and address of you family physician for the last ten years.

**ANSWER:**

Dr. Ferber

12.    If you were insured under a policy of insurance providing for payment of your medical expense, or any part thereof, as a result of the occurrence alleged in the Complaint, and if you presented a claim under said policy of insurance, what is the name and address of the insurance carrier, the name of the insured, and the policy number.

**ANSWER:**

Blue Cross of California               Identification Number: XDP764A51045
BC Life & Health Insurance Co.        Group Number: 151398M003
P.O. Box 70000
Van Nuys. CA 91470

13.    Have you ever filed any other suit for your own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

Case No. 96 L 12156
This action was against Home Depot in Niles, Illinois.

14.    Were any photographs taken of the scene of the occurrence or of the persons and/or objects involved? If so, state the date or dates on which such photographs were taken, the subject thereof and who now has custody of them,

**ANSWER:**

Yes. Photographs of the scene where the incident occurred were taken.
07/31/07
Law Office of Daniel E. Goodman

15.    Do you have statements from any witness other than yourself and, if so, state the name and address of each such witness, the date of said statement and state whether such statement was oral or written.

**ANSWER:**

None.

16.    List the names and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

Doctors, Attorneys, Friends and Family.

17.    State whether you have fully recovered from the effects of any injury, illness or disability sustained by you as a result of the alleged occurrence. If so, state the date when you were fully recovered.

**ANSWER:**

I am constantly stiff and my doctor says this will never cease.

18.    Did you consume any drugs, medication, or alcoholic beverages within 24 hours prior to the occurrence? If so, list the type and quantity of the drug, medication or beverage consumed and the time period during which each was consumed.

**ANSWER:**

No.

19.    Were you carrying anything at the time of the occurrence? If so, please identify the nature of the material you were carrying, its size and shape.

**ANSWER:**

No.

20.    Did the Plaintiff file a worker's compensation claim as a result of the incident alleged in the Plaintiff's Complaint at Law? If so, please list the following:

(a)    The venue in which the action was filed;
(b)    The docket number;
(c)    Whether the action remains pending or has been settled;
(d)    The total amount of medical bills paid by the worker's compensation carrier;
(e)    The total amount of total temporary disability benefits paid by the worker's compensation carrier as a result of the incident alleged in Plaintiff's Complaint at Law;
(f)    If the action has been resolved, list the amount of the permanent partial disability benefits paid to the Plaintiff as a result of the incident alleged in Plaintiff's Complaint at Law.

**ANSWER:**

No.

21.    What was the purpose of Plaintiff's presence on the premises referenced in the Complaint at the time of the incident alleged in Plaintiff's Complaint.

**ANSWER:**

I was walking with friends to work.

22.    Did any employee or agent of the Marriot O'Hare Hotel ever give Plaintiff the permission to enter upon the premises? If so, list the name and job title of each such individual and the date that such permission was given.

**ANSWER:**

No.

23.    Does Plaintiff stipulate and admit that the damages she will recover in this action will in no event ever exceed the sum of $75,000.00, exclusive of interests and costs?

**ANSWER:**

Objection.

24.    Was Plaintiff upon the premises referenced in the Complaint, at the time of the incident referenced in the Complaint, for the purpose of doing business with Marriot International, Inc.? If so, describe the nature of the business Plaintiff intended to do with the subject hotel at the time and place referenced in the Complaint.

**ANSWER:**

No.

RYAN M GRIFFIN
ATTORNEY FOR PLAINTIFF

ATTORNEY NO. 43629
LAW OFFICE OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**



|  |  |
|---|---|
| MARIANN DUDECK, | ) |
| Plaintiff, | ) |
| -vs- | ) |
| MARRIOTT INTERNATIONAL, INC., individually and, **MARRIOTT INTERNATIONAL, INC.,** d/b/a **CHICAGO MARRIOTT O'HARE, CHICAGO MARRIOTT O'HARE,** individually, | ) Case No.: 07 L 008836 |
| Defendants. | ) |

## RESPONSES TO PLAINTIFF'S REQUEST TO ADMIT FACTS

**NOW COMES** Defendant, **MARRIOTT INTERNATIONAL, INC.,** also doing business as Chicago O'Hare Marriott Hotel, and for its responses to Plaintiff's Request to Admit Facts, states as follows:

1.     That on May 23, 2006, the parking lot upon which Plaintiff, Ms. Marian Dudeck fell was open to the public.

**Response:**    Objection, argumentative.  The Marriott Hotel, including its parking lot facility was open to its guests and invitees, not to people who were not on the premises for doing business with it or visiting its guests.

2.     That on May 23, 2006, Plaintiff, Ms. Marian Dudeck was a member of the public.

**Response:**    Admit.

3.     That on May 23, 2006, Ms. Dudeck was not prohibited from walking on the parking lot at issue.

**Response:**    Deny.



EXHIBIT

2

4.    That on May 23, 2006, there were no "No Trespassing" signs posted in the parking lot at issue.

**Response:**    Admit.

5.    That the value of Ms. Dudeck's claim for damages sustained in the slip and fall that occurred on May 23, 2006 meets or exceeds $75,000.00.

**Response:**    Deny.

> Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement set forth in this instrument are true and correct, except as to the matters therein stated to be on information and belief and as to such matters the undersigned certifies aforesaid that she verily believes the same to be true.

By: _____
    Armando Limon
    On Behalf of Marriott International, Inc.


By: _____
    Paul Gamboa, one of the attorneys for
    Marriott International, Inc.

JOHNSON & BELL, LTD.
Attorney for Defendant
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347

# Law Office of
# Daniel E Goodman

### ATTORNEYS AT LAW

**1030 W. Higgins Rd.**
**Suite #365**
**Park Ridge, Illinois 60068**
**Telephone 847/292-6000**
**Fax 847/292-0390**

DANIEL E GOODMAN

SCOTT SPIEGEL                                  February 22, 2008

Johnson & Bell, Ltd.
Mr. Paul Gamboa
33 West Monroe Street, Ste. 2700
Chicago, IL 60603

**Re:**     *Dudeck v. Marriott International, Inc., et. al.*

Dear Mr. Gamboa:

This correspondence will supplement Plaintiff's answers to Interrogatories and Plaintiff's response to Defendant's request to produce. Regarding item 31 of Defendant's production request, enclosed please find copies of Ms. Dudeck's W2's for 2005, 2006 and 2007, which includes Plaintiff's income over said years. Plaintiff objects to the disclosure of her full tax returns as they contain information she does not wish to make open to the public. However, at trial Plaintiff would have no objection to the judge making an in camera inspection of her tax returns. In the alternative, if you so desire Plaintiff has no objection to the judge making an in camera inspection of her tax returns prior to the date of trial. Please advise.

Regarding Plaintiff's answer to Interrogatory No. 11, Ms. Dudeck's primary physician is Dr. Stuart Ferber, North Suburban Internists, 201 E. Strong Street, Suite 2, Wheeling, Illinois 60090.

Regarding Plaintiff's answer to Interrogatory No. 23, Plaintiff withdraws her objection and answers that she does not stipulate and admit that the damages she will recover in this action will in no event exceed $75,000.00, exclusive of interests and costs.

If you have any questions, please do not hesitate to contact my office.

Sincerely,

LAW OFFICE OF DANIEL E GOODMAN

Ryan M Griffin

RMG
Enclosure

**EXHIBIT**
E

STATE OF ILLINOIS )
                   ) SS          ATTORNEY NO. 43629
COUNTY OF C O O K)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT * LAW DIVISION

| | |
|---|---|
| MARIANN DUDECK, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MARRIOTT INTERNATIONAL, INC., )<br>individually and; MARRIOTT INTERNATIONAL, )<br>INC. d/b/a CHICAGO MARRIOTT O'HARE; )<br>CHICAGO MARRIOTT O'HARE, individually. )<br>)<br>Defendants. ) | No.    07 L 008836 |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND
## REQUEST TO ADMIT FACTS

NOW COMES the Plaintiff, MARIANN DUDECK, by and through their attorneys, LAW OFFICE OF DANIEL E GOODMAN, who responds to the Second Request to Admit Facts propounded by Defendant, MARRIOT INTERNATIONAL., INC., as follows:

1.    Plaintiff, Mariann Dudeck, agrees and stipulates that she will, in no event, seek any damages in excess of $75,000.00, exclusive of interests and costs, relative to the incident alleged in Plaintiff's Complaint.

**RESPONSE:**

Plaintiff cannot admit or deny that she will in no event seek damages in excess of $75,000.00 as that which she will seek at trial will be dependent upon how Mariann Dudeck heals and upon whether she will or will not require additional medical attention.



EXHIBIT

F

Respectfully submitted,

By: _____
RYAN M GRIFFIN
-ONE OF PLAINTIFF'S ATTORNEYS

ATTORNEY NO. 43629
LAW OFFICES OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068

STATE OF ILLINOIS      )
                        ) SS

COUNTY OF COOK      )

     I, MARIANN DUDECK, being first duly sworn on oath, depose and state that I am the Plaintiff and that I have read the foregoing Response to Request to Admit, that I have full knowledge of the facts alleged in the above Response, and that the same is true in substance and in fact.

MARIANN DUDECK

DATED: 2/26/2008

SUBSCRIBED AND SWORN to
before me this
of

Notary Public