THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIANN DUDECK, | ) |
|       Plaintiff, | ) |
| vs. | ) No.  08 C 1697 |
| MARRIOTT INTERNATIONAL, INC., individually and; MARRIOTT INTERNATIONAL, INC. d/b/a CHICAGO MARRIOTT O'HARE; CHICAGO MARRIOTT O'HARE, individually. | ) Judge: Honorable Amy J. St. Eve |
|       Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT, MARRIOTT INTERNATIONAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

NOW COMES the Plaintiff, MARIANN DUDECK, by and through her attorneys, LAW OFFICE OF DANIEL E GOODMAN, and for its Reply to the Defendant, Marriott International, Inc.'s Response to Plaintiff's Motion to Remand, states as follows:

**ARGUMENT**

The Defendant failed to sustain its burden in proving that the amount in controversy exceeds the jurisdictional minimum. The Defendant states that it "has a good faith belief that the amount in controversy is clearly in excess of $75,000.00, exclusive of interest and costs." See Defendant's Response to Plaintiff's Motion to Remand p. 4. However, a "good faith belief" is not enough for the Defendant to sustain its burden relative to the amount in controversy requirement. The applicable standard of proof relative to the amount in controversy issue at hand is a preponderance of the evidence standard. Meridian Security Insurance Co. v. Sadowski, 441 F.3d 536, 543.

The factors relied upon by the Defendant in formulating its "good faith belief" that the amount in controversy exceeds $75,000.00 are insufficient. The Defendant cites the Plaintiff's Complaint as one factor in establishing an amount in controversy over $75,000.00. See Defendant's

Response to Plaintifff's Motion to Remand p. 6. However, the Plaintiff's Complaint merely alleges that she is seeking an amount in excess of $30,000.00. The Plaintiff's complaint does not make any reference to an amount in controversy greater than $75,000.00 nor does it infer this in any way. The Defendant also cites the Plaintiff's responses to the Defendant's discovery requests as other factors which establish an amount in controversy greater than $75,000.00. See Defendant's Response to Plaintiff's Motion to Remand p. 6. However, the Plaintiff never stated nor inferred that she sought an amount in excess of $75,000 in any of her discovery responses.

The Plaintiff's choice to refrain from admitting or denying at this time whether the amount in controversy exceeds $75,000.00 does not yield the conclusion, as the Defendant asserts, that the amount in controversy then automatically exceeds the jurisdictional threshold. The Defendant's use of Workman v. United States Parcel Service, Inc., 234 F.3d 998, 1000 (7th Cir. 2000) conflicts with the Court's opinion in In re Brand Name Prescription Drugs Antitrust Litigation, 248 F.3d 668, 671 (7th Cir. 2001). The In re Brand Name Prescription Drugs Antitrust Litigation Court stated specifically that "jurisdiction cannot be conferred by stipulation or silence." Id. Therefore, the Plaintiff's silence alone relative to the amount in controversy is not enough to establish an amount in controversy greater than $75,000.00.

The Defendant's assumption that the Plaintiff is seeking three times her special damages is unfounded. See Defendant's Response to Plaintiff's Motion to Remand p. 4. The Defendant failed to point to any letter or item of discovery in which the Plaintiff asserted such a demand. The only factor on which the Defendant relied in making its argument that amounts to more than an unfounded assumption is the fact that the Plaintiff's economic damages to date total approximately $28,000.00. However, it is a huge leap to assume that because the Plaintiff's lost wages and medical bills total approximately $28,000.00 the Plaintiff must be seeking damages in excess of

$75,000.00. Economic damages of $28,000.00 alone do not yield the conclusion that the amount in controversy exceeds $75,000.00. The Defendant failed to sustain its burden in its attempt to show that the amount in controversy relative to this matter exceeds $75,000.00. Therefore, the Plaintiff seeks to have this matter remanded to state court.

WHEREFORE, the Plaintiff respectfully requests that this Court remand the above captioned case to the Circuit Court of Cook County, Illinois, County Department, Law Division.

Respectfully submitted,
LAW OFFICE OF DANIEL E. GOODMAN

By: s/ Scott L. Spiegel_____
SCOTT L. SPIEGEL
ONE OF THE ATTORNEYS FOR PLAINITFF

LAW OFFICES OF DANIEL E. GOODMAN
1030 W. HIGGINS ROAD, SUITE 365
PARK RIDGE, ILLINOIS 60068
(847) 292-6000
(847) 292-0390- fax