## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1697 | **DATE** | 5/13/2008 |
| **CASE TITLE** | Dudeck vs. Marriott | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's Motion to Remand [12]. Defendants to answer or otherwise plead by Tuesday, 5/27/08.

■[ For further details see text below.]      Notices mailed by Judicial staff.

### STATEMENT

Plaintiff Mariann Dudeck filed a one-count personal injury Complaint in the Circuit Court of Cook County, Law Division, against Marriott International, Inc., Marriott International, Inc., d/b/a/ Chicago Marriott O'Hare, and Chicago Marriott O'Hare (collectively "Marriott"). On March 21, 2008, Marriott removed this matter to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1141. Before the Court is Dudeck's motion to remand pursuant to 28 U.S.C. § 1447(c) based on the amount-in-controversy in this matter. For the following reasons, the Court denies Dudeck's motion to remand.

### LEGAL STANDARD

"[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006). Because Marriott seeks federal jurisdiction, it has the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement was met on the day this lawsuit was removed from state court. *See Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). This is "easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* "A removing party need not show that the plaintiff will ***prevail*** or collect more than $75,000 ... the burden, rather, is to show what the plaintiff hopes to get out of the litigation." *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006) (emphasis in original). If Marriott establishes that the amount-in-controversy exceeds $75,000, Dudeck can defeat diversity jurisdiction only if "it appears to a legal certainty that the claim is really less than the jurisdictional amount." *Oshana,* 472 F.3d at 511 (citation omitted); *see also Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006).

**STATEMENT**

## BACKGROUND

On or about August 22, 2007, Dudeck filed the present one-count personal injury Complaint in the Circuit Court of Cook County alleging that she was injured when she fell in the parking lot of Marriott's O'Hare location and that she was seeking damages in excess of $30,000. Thereafter, Marriott filed its appearance and served a Request to Admit Facts upon Dudeck on October 1, 2007. On October 7, 2007, Marriott filed a Demand for a Bill of Particulars instead of an Answer to Dudeck's Complaint. On November 1, 2007, Dudeck admitted that during the relevant time period she was a citizen of Illinois and has never been a citizen of Delaware or Maryland, and thus diversity of citizenship is not at issue. Dudeck, however, objected to Marriott's Request to Admit that "any damages which may be awarded to her relative to the incident alleged in the complaint will in no event ever exceed $75,000, exclusive of interests and costs." (R. 1-7, Notice of Removal, Ex. F, Pl.'s Resp. No. 4.) On December 3, 2007, Marriott moved to strike Dudeck's objection to its request to admit and deem said facts as admitted, or in the alternative, to strike Dudeck's objection and compel her to answer the request within seven days. The state court denied Marriott's motion on January 28, 2008.

Meanwhile, on January 17, 2008, Dudeck answered Marriott's interrogatories and objected to the interrogatory aimed at establishing the amount-in-controversy. In a response to Marriott's request that Dudeck clarify her interrogatory objection, Dudeck indicated that she would not stipulate to the amount-in-controversy. In response to Marriott's Second Request to Admit Facts, Dudeck stated that she could not admit nor deny that she will in no event seek damages in excess of $75,000.

## ANALYSIS

The Seventh Circuit instructs that a removing defendant can establish that the amount-in-controversy exceeds $75,000 through interrogatories or admissions, calculating the amount from the complaint's allegations, or by introducing evidence in the form of affidavits. *See Meridian,* 441 F.3d at 541-42. Here, Marriott maintains that it has a good faith belief that the jurisdictional amount exceeds $75,000 based on the allegations in Dudeck's Complaint and her answers to interrogatories. Based on these documents, Marriott contends that Dudeck has already incurred over $28,000 in economic damages, that she is seeking non-economic damages, and that she may have a permanent injury.

In her Complaint, Dudeck alleges that she was injured, both internally and externally, and suffered severe shock to her nervous system due to Marriott's negligence. (R. 1-2, Compl., Ex. A, Compl. ¶ 6.) Dudeck further alleges that she suffered "bruises, contusions, and lacerations to her body and became sick and disabled, and will continue to suffer great pain, discomfort and physical impairment." (*Id*.) In addition, Dudeck alleges that her injuries required hospitalization and that her injuries are permanent. (*Id.*) In her response to Marriott's interrogatories, Dudeck stated that she was diagnosed with posterior elbow dislocation with a chip fracture and that she is constantly stiff and that her doctor says that this stiffness will never cease. (R. 16-1, Def.'s Resp., Ex. C, Answer 4, 17.)

Based on this information, Marriott contends that Dudeck's non-economic damages, such as pain and suffering and disability, in tandem with the $28,000 in economic damages already expended, exceed the jurisdictional amount. The Court agrees. *See Andrews v. E.I. Du Pont De Nemours & Co.,* 447 F.3d 510, 515 (7th Cir. 2006) (allegations of permanent injuries and disability support threshold amount); *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815 (7th Cir. 2006) ("modest allowance for pain, suffering, and future losses" and other damages totaling $45,000 "brings the total over the threshold"). Moreover, Dudeck's refusal to admit or deny that she would seek less than the jurisdictional amount creates an inference

**STATEMENT**

that she believes her claim may be worth more than $75,000. *See Oshana,* 472 F.3d at 512; *Workman v. UPS, Inc.,* 234 F.3d 998, 1000 (7th Cir. 2000).

Because Marriott presents a good-faith estimate that is plausible and supported by a preponderance of the evidence, Dudeck can defeat diversity jurisdiction only if "it appears to a legal certainty that the claim is really less than the jurisdictional amount." *Oshana,* 472 F.3d at 511. In response, Dudeck relies on *In re Brand Name Prescription Drugs Antitrust Litig.,* 248 F.3d 668, 670-71 (7th Cir. 2001), arguing that her silence as to the amount-in-controversy cannot establish the jurisdictional amount.

In *In re Brand Name Prescriptions,* the Seventh Circuit concluded that federal jurisdiction cannot be conferred by a plaintiff's silence as to the size of the stakes of the litigation. *Id.* at 670-71. Here, Dudeck has not been silent. In her Complaint, she alleges that she is seeking economic and non-economic damages. She also alleges that she has suffered a permanent injury and that she is disabled. As such, her refusal to admit or deny that the amount-in-controversy exceeds the jurisdictional minimum, along with the allegations in her Complaint and answers to interrogatories, does not amount to silence. As the Seventh Circuit instructs, "[r]emoval is proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum." *Rubel v. Pfizer Inc.,* 361 F.3d 1016, 1020 (7th Cir. 2004); *see also Oshana,* 472 F.3d at 512. As such, the Court denies Dudeck's motion to remand.